UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL,<br><br>      Plaintiff,<br><br>v.<br><br>LIONEL BISSOON, M.D.<br>d/b/a MESOTHERAPIE & ESTETIK,<br>MERIDIAN AMERICA MEDICALS, INC.,<br>MERIDIAN MEDICAL, INC., and<br>MERIDIAN CO., LTD.,<br><br>      Defendants. | Civil Action No. 07 Civ. 8696 (DLC) |

## ANSWER TO COMPLAINT

Defendant Meridian Medical Inc. ("Meridian Medical") answers the corresponding numbered paragraphs in the complaint filed by plaintiff Therapy Products, Inc., d/b/a Erchonia Medical ("Erchonia"), as follows:

### JURISDICTION AND VENUE

1. Meridian Medical admits that Erchonia bases jurisdiction for its purported causes of action on 15 U.S.C. §1121, 28 U.S.C. §1338(a), §1338(b), §1331, §1332, §1367(a), and 15 U.S.C. §1051 et seq., and admits that this Court has original jurisdiction over claims falling under the Lanham Act, Title 15 of the United States Code pursuant to 15 U.S.C. § 1121, as well as related unfair competition claims pursuant to 26 U.S.C. §1338, but denies that that the Complaint states a valid cause of action. Meridian Medical denies that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Meridian Medical admits that venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

2.      Meridian Medical is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and on that basis, denies the same.

3.      Meridian Medical is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and on that basis, denies the same, except Meridian Medical admits that Lionel Bissoon is an individual who is an osteopathic physician, who maintains an office at 10 West 74th Street, Suite 1E, New York, NY 10023.

4.      Meridian Medical denies the allegations of Paragraph 4 except admits that Meridian America Medical, Co., Ltd. is a corporation existing under the laws of the State of California, that has conducted business in this district, and that has a registered agent, Mr. Hee Y. Park who had an office, along with the president of Meridian America, at Meridian America's former place of business located at 11075 Knott Avenue, Cypress, CA 90630. Meridian America's proper name is Meridian America Medical Inc.

5.      Admitted.

6.      Admitted.

7.      Denied.

## FACTUAL BACKGROUND

8.      Meridian Medical is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and therefore denies the same, except Meridian Medical admits that Erchonia manufactures and markets laser devices.

9.      Meridian Medical is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and on that basis, denies the same. Meridian Medical denies the third sentence of Paragraph 9.

10. Meridian Medical admits that it has used the descriptive term lipolaser in some of its marketing materials, brochures, websites and/or public presentations to describe its laser devices used with "lipo" "fat" or "fatty tissue" but denies that use of such term was trademark use and further denies that it has used "Erchonia's mark." Meridian Medical is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10, and therefore denies the same.

11. Meridian Medical denies the allegations of Paragraph 11, except admits that it was forwarded a copy of a letter sent from counsel for Erchonia to Meridian Co., Ltd., regarding Meridian Co., Ltd.'s use of the descriptive term lipolaser, and admits that counsel responding on behalf of both Meridian Medical and Meridian Co., Ltd., informed counsel for Erchonia that it would continue to use the term lipolaser in a descriptive sense as others in the marketplace do.

12. Meridian Medical denies the allegations of Paragraph 12.

13. Meridian Medical denies the allegations of Paragraph 13, except admits that on June 19, 2007, Meridian Medical and Dr. Lionel Bissoon announced an endorsement contract to promote a laser used to laser "lipolysis," or "lipo", or "fat" described as a lipolaser, and Meridian Medical admits that it supplied Dr. Bissoon with such laser device for the treatment of one patient.

14. Meridian Medical admits the first sentence of Paragraph 14. Meridian Medical admits that there is a pending US trademark application of lipolaser for "[l]asers for surgical, medical, and chiropractic therapy" but denies the validity of the same. Meridian Medical also admits that such application has been published and that on July 18, 2007 Meridian Medical Inc., and Meridian Co, Ltd. filed an opposition of such application with the Trademark Trial and Appeal Board in Washington, D.C. seeking refusal of such application on the grounds that the

term lipolaser is descriptive without secondary meaning and/or generic in relation to the recited goods.  With respect to the remaining allegations of Paragraph 14, Meridian Medical denies such allegations as it is without knowledge or information sufficient to admit or deny the same.

15. Meridian Medical denies the allegations of Paragraph 15.

16. Meridian Medical denies the allegations of Paragraph 16.

17. Meridian Medical denies that it has used misleading materials or that it has illegally used "Erchonia's Mark".  Meridian Medical is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 17 and therefore denies the same.

18. Meridian Medical denies the allegations of Paragraph 18.

### AS AND FOR AN ANSWER TO COUNT 1

19. Meridian Medical repeats and realleges its answers to Paragraphs 1-18.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

### AS AND FOR AN ANSWER TO COUNT II

24. Meridian Medical repeats and realleges its answers to Paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### AS AND FOR AN ANSWER TO COUNT III

29. Meridian Medical repeats and realleges its answers to Paragraphs 1-28.

30. Denied.

31. Denied.

## AS AND FOR AN ANSWER TO COUNT IV

32. Meridian Medical repeats and realleges its answers to Paragraphs 1-31.

33. Meridian Medical admits that the term lipolaser is descriptive or generic of the goods with which Erchonia claims to use the term, and the term does not qualify for trademark protection, and that Plaintiff contends otherwise, but Meridian Medical otherwise denies the remaining allegations of Paragraph 33.

34. The allegations in Paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, Meridian Medical denies the allegations of Paragraph 34.

35. Meridian Medical prays this Court deny Erchonia the relief it seeks.

## JURY DEMAND

Defendants hereby demand trial by jury of all issues of fact so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Meridian Medical asserts the following affirmative defenses:

1. The term lipolaser is merely descriptive of the laser devices used with the removal of "lipo" "fat" or "fatty tissue" without secondary meaning.

2. The term lipolaser is generic for the laser devices used with the removal of "lipo" "fat" or "fatty tissue".

3. Meridian Medical has not infringed upon any rights of Erchonia.

4. Erchonia has not sustained any injury or damage as a result of any act or conduct by Meridian Medical.

5.   Meridian Medical's challenged use of the term lipolaser is a use other than as a trademark of a term that is either generic or descriptive and is used fairly and in good faith to describe the laser devices that are sold and distributed by Meridian Medical.

Meridian Medical reserves its right to amend its Answer and affirmative defenses with any further defense it may discover over the course of this litigation as further information is obtained.

WHEREFORE, Meridian Medical respectfully request judgment as follows:

(a)   That the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendants;

(b)   Award Meridian Medical its reasonable attorney's fees, costs and disbursements;

(c)   Award Meridian Medical such other and further relief the Court deems just, equitable, and proper.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: November 27, 2007

By: _____
Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)
FISH & RICHARDSON P.C.
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

Attorneys for Defendant
MERIDIAN MEDICAL INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ANSWER TO COMPLAINT was served on the Plaintiff by sending copies by first class mail, postage prepaid:

Michael A. Cornman, Esq.
Elliot W. Lipins, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue
New York, New York 10017

Attorneys for Plaintiff

on November 27, 2007.

Luke Sheldon