UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERAPY PRODUCTS, INC.
d/b/a ERCHONIA MEDICAL,

          Plaintiff,

v.

LIONEL BISSOON, M.D.
d/b/a MESOTHERAPIE & ESTETIK,
MERIDIAN AMERICA MEDICALS, INC.,
MERIDIAN MEDICAL, INC., and
MERIDIAN CO., LTD.,

          Defendants.

Civil Action No. 07 Civ. 8696 (DLC)

## ANSWER TO COMPLAINT

Defendant Meridian America Medical Inc. ("Meridian America") answers the corresponding numbered paragraphs in the complaint filed by plaintiff Therapy Products, Inc., d/b/a Erchonia Medical ("Erchonia"), as follows:

### JURISDICTION AND VENUE

1.    Meridian America admits that Erchonia bases jurisdiction for its purported causes of action on 15 U.S.C. §1121, 28 U.S.C. §1338(a), §1338(b), §1331, §1332, §1367(a), and 15 U.S.C. §1051 et seq., and admits that this Court has original jurisdiction over claims falling under the Lanham Act , Title 15 of the United States Code pursuant to 15 U.S.C. § 1121, as well as related unfair competition claims pursuant to 26 U.S.C. §1338, but denies that that the Complaint states a valid cause of action. Meridian America denies that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Meridian America admits that venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

2.  Meridian America is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and on that basis, denies the same.

3.  Meridian America is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and on that basis, denies the same.

4.  Meridian America denies the allegations of Paragraph 4 except admits that it is a corporation existing under the laws of the State of California, that has conducted business in this district, and that has a registered agent, Mr. Hee Y. Park who had an office, along with the president of Meridian America, at Meridian America's former place of business located at 11075 Knott Avenue, Cypress, CA 90630. Meridian America's proper name is Meridian America Medical Inc.

5.  Admitted.

6.  Admitted.

7.  Denied.

## FACTUAL BACKGROUND

8.  Meridian America is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and therefore denies the same.

9.  Meridian America is without knowledge or information sufficient to admit or deny the allegations of the first and second sentences of Paragraph 9 and therefore denies the same. Meridian America denies the third sentence of Paragraph 9.

10. Meridian America admits that it has used the descriptive term lipolaser in some of its marketing materials, brochures, websites and/or public presentations to describe its laser devices used with "lipo", "fat" or "fatty tissue" but denies that use of such term was trademark

use and further denies that it has used "Erchonia's mark." Meridian America is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10, and therefore denies the same.

11. Meridian America denies the allegations of Paragraph 11.

12. Meridian America denies the allegations of Paragraph 12.

13. Meridian America denies the allegations of Paragraph 13, except Meridian America admits that Meridian Medical Inc., and Dr. Lionel Bissoon, announced an endorsement contract to promote a laser device used to laser "lipolysis," or "lipo," or "fat" described as a lipolaser, and Meridian America admits that Meridian Medical Inc., supplied such laser device to Dr. Bissoon, for the treatment of one patient.

14. Meridian America admits that there is a pending US trademark application for the lipolaser for "[l]asers for surgical, medical, and chiropractic therapy" but denies the validity of the same. Meridian America also admits that Meridian Medical Inc., and Meridian Co, Ltd., have filed an opposition of such application with the Trademark Trial and Appeal Board in Washington, D.C. With respect to the remaining allegations of Paragraph 14, Meridian America denies such allegations, as it is without knowledge or information sufficient to admit or deny the same.

15. Meridian America denies the allegations of Paragraph 15.

16. Meridian America denies the allegations of Paragraph 16.

17. Meridian America denies that it has used misleading materials or that it has illegally used "Erchonia's Mark". Meridian America is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 17 and therefore denies the same.

18.     Meridian America denies the allegations of Paragraph 18.

## AS AND FOR AN ANSWER TO COUNT I

19.     Meridian America repeats and realleges its answers to Paragraphs 1-18.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

## AS AND FOR AN ANSWER TO COUNT II

24.     Meridian America repeats and realleges its answers to Paragraphs 1-23.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

## AS AND FOR AN ANSWER TO COUNT III

29.     Meridian America repeats and realleges its answers to Paragraphs 1-28.

30.     Denied.

31.     Denied.

## AS AND FOR AN ANSWER TO COUNT IV

32.     Meridian America repeats and realleges its answers to Paragraphs 1-31.

33.     Meridian America admits that the term lipolaser is descriptive or generic of the goods with which Erchonia claims to use the term, and the term does not qualify for trademark protection, and that Plaintiff contends otherwise, but Meridian America otherwise denies the remaining allegations of Paragraph 33.

34. The allegations in Paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, Meridian America denies the allegations of Paragraph 34.

35. Meridian America prays this Court deny Erchonia the relief it seeks.

## JURY DEMAND

Defendants hereby demand trial by jury of all issues of fact so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the complaint, Meridian America asserts the following affirmative defenses:

1. The term lipolaser is merely descriptive of the laser devices used with the removal of "lipo", "fat" or "fatty tissue" without secondary meaning.

2. The term lipolaser is generic for the laser devices used with the removal of "lipo", "fat" or "fatty tissue".

3. Meridian America has not infringed upon any rights of Erchonia.

4. Erchonia has not sustained any injury or damage as a result of any act or conduct by Meridian America.

5. Meridian America's challenged use of the term lipolaser is a use other than as a trademark of a term that is either generic or descriptive and is used fairly and in good faith to describe the laser devices that are sold, distributed and serviced by Meridian America.

Meridian America reserves its right to amend its Answer and affirmative defenses with any further defense it may discover over the course of this litigation as further information is obtained.

WHEREFORE, Meridian America respectfully requests judgment as follows:

(a) That the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendants;

(b) Award Meridian America its reasonable attorney's fees, costs and disbursements;

(c) Award Meridian America such other and further relief the Court deems just, equitable, and proper.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: November 27, 2007

By: _____
Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)
FISH & RICHARDSON P.C.
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

Attorneys for Defendant
MERIDIAN AMERICA MEDICAL INC.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing ANSWER TO COMPLAINT was served on the Plaintiff by sending copies by first class mail, postage prepaid:

Michael A. Cornman, Esq.
Elliot W. Lipins, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue
New York, New York  10017

Attorneys for Plaintiff

on November 27, 2007.

_____
Luke Sheldon