UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL,<br><br>               Plaintiff,<br><br>     v.<br><br>LIONEL BISSOON, M.D.<br>d/b/a MESOTHERAPIE & ESTETIK,<br>MERIDIAN AMERICA MEDICALS, INC.,<br>MERIDIAN MEDICAL, INC., and<br>MERIDIAN CO., LTD.,<br><br>               Defendants. | ECF Case<br><br>Civil Action No. 07 Civ. 8696 (DLC) |

## ANSWER TO COMPLAINT

Defendant Lionel Bissoon ("Bissoon") answers the corresponding numbered paragraphs in the complaint filed by plaintiff Therapy Products, Inc., d/b/a Erchonia Medical ("Erchonia"), as follows:

### JURISDICTION AND VENUE

1.     Bissoon admits that Erchonia bases jurisdiction for its purported causes of action on 15 U.S.C. §1121, 28 U.S.C. §1338(a), §1338(b), §1331, §1332, §1367(a), and 15 U.S.C. §1051 et seq., and admits that this Court has original jurisdiction over claims falling under the Lanham Act, Title 15 of the United States Code pursuant to 15 U.S.C. § 1121, as well as related unfair competition claims pursuant to 26 U.S.C. §1338, but denies that that the Complaint states a valid cause of action. Bissoon denies that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Bissoon admits that venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

2. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and on that basis, denies the same.

3. Bissoon denies the allegations of the first sentence of Paragraph 3 except admits that he is an individual. Bissoon admits the second and third sentences of Paragraph 3. Bissoon denies the allegations of the fourth sentence of Paragraph 3.

4. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 and on that basis, denies the same.

5. Bisson admits the allegations of the first sentence of Paragraph 5. Bissoon is without knowledge or information sufficient to admit or deny the allegations of the second sentence of Paragraph 5 and on that basis, denies the same.

6. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6 and on that basis, denies the same.

7. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6 and on that basis, denies the same.

## FACTUAL BACKGROUND

8. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and therefore denies the same, except Bissoon admits that Erchonia markets laser devices for medical use.

9. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and therefore denies the same.

10. Bissoon admits that defendant Meridian Medical Inc. used the descriptive term lipolaser in some of its marketing materials, brochures, websites and/or public presentations to

describe its laser devices used with "lipo", "fat" or "fatty tissue" but denies that use of such term was trademark use and further denies that Meridian Medical Inc. has used "Erchonia's mark." Bissoon is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10, and therefore denies the same.

11. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11 and therefore denies the same.

12. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 12 and therefore denies the same.

13. Bissoon denies the first sentence of Paragraph 13 except admits that he and defendant Meridian Co. Ltd., announced an endorsement contract to promote a laser device used to laser "lipolysis," or "lipo," or "fat" described as a lipolaser. Bissoon denies the remaining allegations of Paragraph 13, except admits that Meridian Medical Inc., supplied him with one such laser device.

14. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14 and therefore denies the same.

15. Bissoon denies the allegations of Paragraph 15.

16. Bissoon denies the allegations of Paragraph 16.

17. Bissoon denies that he has promoted low level lasers offered by Meridian, used misleading materials, or that he has illegally used "Erchonia's Mark". Bissoon is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 17 and therefore denies the same.

18. Bissoon denies the allegations of Paragraph 18.

**AS AND FOR AN ANSWER TO COUNT 1**

19. Bissoon repeats and realleges its answers to Paragraphs 1-18.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

### AS AND FOR AN ANSWER TO COUNT II

24. Bissoon repeats and realleges its answers to Paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### AS AND FOR AN ANSWER TO COUNT III

29. Bissoon repeats and realleges its answers to Paragraphs 1-28.

30. Denied.

31. Denied.

### AS AND FOR AN ANSWER TO COUNT IV

32. Bissoon repeats and realleges its answers to Paragraphs 1-31.

33. Bissoon is without knowledge or information sufficient to admit or deny the allegations of Paragraph 33 and therefore denies the same.

34. The allegations in Paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, Bissoon denies the allegations of Paragraph 34.

35. Bissoon prays this Court deny Erchonia the relief it seeks.

## JURY DEMAND

Defendants hereby demand trial by jury of all issues of fact so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the complaint, Bissoon asserts the following affirmative defenses:

1. Bissoon has not infringed upon any rights of Erchonia.

2. Erchonia has not sustained any injury or damage as a result of any act or conduct by Bissoon.

3. Bissoon's challenged use of the term lipolaser is a use other than as a trademark of a term that is either generic or descriptive and is used fairly and in good faith to describe a laser device that was provided to Bissoon by defendant Meridian Medical Inc.

4. Erchonia has failed to state a claim against Bissoon upon which relief can be granted.

Bissoon reserves his right to amend his Answer and affirmative defenses with any further defense he may discover over the course of this litigation as further information is obtained.

WHEREFORE, Bissoon respectfully requests judgment as follows:

(a) That the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendants;

(b) Award Bissoon his reasonable attorney's fees, costs and disbursements;

    (c)    Award Bissoon such other and further relief the Court deems just, equitable, and proper.

Dated: December 27, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____
Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)
FISH & RICHARDSON P.C.
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

Attorneys for Defendant
LIONEL BISSOON, D.O.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing ANSWER TO COMPLAINT was served on the Plaintiff by sending a copy by first class mail, postage prepaid:

Michael A. Cornman, Esq.
Elliot W. Lipins, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue
New York, New York  10017

Attorneys for Plaintiff

on December 27, 2007.

_____
Luke Sheldon