*cures,*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC. <br> d/b/a ERCHONIA MEDICAL <br><br> Plaintiff, <br><br> v. <br><br> LIONEL BISSOON, M.D., <br> d/b/a MESOTHERAPIE & ESTETIK, <br> MERIDIAN AMERICA MEDICALS, INC. <br> MERIDIAN MEDICAL INC, and <br> MERIDIAN CO., LTD. <br><br> Defendants. | § <br> § <br> § <br> § Civil Action No.: 07 CV 8696 (DLC) <br> § <br> § <br> § <br> § <br> § USDC SDNY <br> § DOCUMENT <br> § ELECTRONICALLY FILED <br> § DOC #: _____ <br> § DATE FILED: 5/5/08 <br> § |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

### Proceedings and Information Governed

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, including any non-parties who receive a subpoena in connection with this action or who otherwise respond to discovery requests made in this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents (including electronic data and documents), deposition transcripts and videotapes, deposition

exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorneys Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information

2. For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document or information is comprised of commercial information which is not publicly known and may be of a technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorneys Eyes Only" designation shall mean that the document or information comprises all or a significant part of any formula, process, device, or other trade secret and/or business information that is kept confidential to maintain an advantage over competitors, and which information: (which may include one or more formulae, patterns, compilations, programs, devices, methods, techniques, processes, research or development) (1) derives independent economic value, actual or potential, from not being known or generally ascertainable by others who can obtain economic value from its disclosure or use, and (2) is the subject of reasonable efforts, under the circumstances, to maintain its secrecy. Confidential Information and Confidential Attorneys Eyes Only Information does not include, and this Protective Order shall not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL. INFORMATION SUBJECT TO PROTECTIVE ORDER**

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorneys Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEYS EYES ONLY. INFORMATION SUBJECT TO PROTECTIVE ORDER**

5. Documents to be inspected shall be treated as Confidential Attorneys Eyes Only Information during inspection and until such time as documents selected for copying and production are received. Prior to producing copies of such inspected documents, the producing party shall mark confidential documents with the appropriate Confidential Information or Confidential Attorneys Eyes Only Information designation.

6. In the case of information stored on electronic media, the parties shall, if practical, place the applicable designation on each page of each electronic file or document. If, despite the use of best efforts, such marking cannot be accomplished, it shall be sufficient if the applicable designation appears physically on the electronic medium or its encasement (for example, a compact disc may be so marked by marking the label on the compact disc or the plastic encasement of the compact disc).

7. A designating party who wishes to designate deposition testimony as confidential shall state on the record when questions posed require the disclosure of

Confidential Information or Confidential Attorneys Eyes Only Information covered by the terms of this Order or shall notify the other parties in writing of the portions of such testimony to be so designated within fourteen (14) days of the receipt of the transcript. Until the end of this fourteen (14) day period, the entire transcript is deemed to contain Confidential Attorneys Eyes Only Information and may only be viewed by the witness and those permitted in paragraph 13. Any deposition transcript or testimony that is designated as Confidential Information should be labeled in a visible manner as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER and any deposition transcript or testimony that is designated as Confidential Attorneys Eyes Only Information should be labeled in a visible manner as CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

8. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate

9. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as

PROTECTIVE ORDER

confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as Confidential, privileged or Confidential Attorney's Eyes Only, as the case may be, from the time the receiving party is notified in writing of the change in the designation. Upon notification, the receiving party promptly shall use reasonable efforts to collect and/or destroy, if applicable, any unlegended or mislegended copies.

(a) Inadvertent failure to designate information as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure and no later than 15 (fifteen) days after the close of discovery. At such time, all inadvertently produced information shall be considered Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order and the designating party shall make arrangements to appropriately legend the material in accordance with this Order. The receiving party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the receiving party was placed on notice of the designating party's claims of confidentiality of any information therein. The receiving parties promptly shall use reasonable efforts to collect and destroy any unlegended or mislegened copies.

(b) The inadvertent production of privileged material shall not be deemed a waiver of any applicable privilege, including but not limited to the attorney-client privilege or attorney-work product doctrine, concerning any such material or the subject matter thereof if a request for return of such material is made within (15) fifteen days after a party learns of its inadvertent production and no later than 15 (fifteen) days after close of discovery. Upon written request by the inadvertently producing party, the recipient party shall (even if the recipient party disagrees that the document is privileged) return or destroy all copies of the document(s) or file a motion to obtain a ruling from the Court regarding the claim of privilege within (30) thirty days of the request to return. While the motion is pending, the recipient party shall not use the document or the information contained therein for any purpose except the motion until further order of the Court. The receiving party shall have no liability, under this Order or otherwise, for any disclosure

PROTECTIVE ORDER

of information contained in unlegended or mislegended documents or things occurring before the receiving party was placed on notice of the designating party's claims of attorney-client privilege or work product doctrine of any information therein with respect to such documents or subject matter.

(c) Nothing in the preceding paragraph shall preclude a receiving party from thereafter challenging a producing party's designation of a returned document as protected by the attorney-client privilege or the attorney work-product doctrine and seeking an order compelling the document's production. In the event of a challenge, the receiving party may use the substantive content of the allegedly inadvertently produced document to dispute its status as privileged or exempt from production.

### Challenge to Designations

10. A party may challenge a producing party's confidentiality designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party(ies) whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect, and the information shall continue to be accorded the confidential treatment required by this Protective Order.

### Disclosure and Use of Confidential Information

11. Documents and/or information designated as Confidential Information or Confidential Attorneys Eyes Only Information, as well as information derived therefrom,

PROTECTIVE ORDER

Page 6

may only be used for purposes of preparation, trial and appeal of this action. Confidential Information, Confidential Attorneys Eyes Only Information, as well as information derived therefrom, may not be used under any circumstances for prosecuting any patent application, for patent licensing, for product design or for any other purpose.

12. Subject to the terms and conditions herein, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as:

(i) Plaintiff, THERAPY PRODUCTS, INC.
d/b/a ERCHONIA MEDICAL: <u>Steven Shanks and Mark Shanks</u>;

(ii) Defendant, LIONEL BISSOON, M.D.: <u>Dr. Lionel Bissoon</u>;

(iii) Defendant, MERIDIAN AMERICA MEDICAL INC.: <u>Hee Yo Park</u>;

(iv) Defendant, MERIDIAN MEDICAL INC.: <u>Anna Brazier and Scott Lee</u>;

(b) outside counsel for the receiving party; (c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (d) independent experts or consultants who are not regularly employed by the receiving party, but are specially employed for purposes of this litigation; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) those individuals designated in paragraph 17; and (g) the Court and Court personnel. Prior to providing any Confidential Information to the persons identified in this paragraph, counsel for the receiving party shall ensure that such persons

PROTECTIVE ORDER

are informed of the terms of this Protective Order and shall provide a copy of this Protective Order to such persons.

13. Subject to paragraphs 14, 17 and 19, Confidential Attorneys Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) independent experts or consultants who are not regularly employed by the receiving party, but are specially employed for purposes of this litigation; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (e) those individuals designated in paragraph 17; and (f) the Court and Court personnel. Prior to providing any Confidential Attorneys Eyes Only Information to the persons identified in this paragraph, counsel for the receiving party shall ensure that such persons are informed of the terms of this Protective Order and shall provide a copy of this Protective Order to such persons.

14. Further, prior to disclosing Confidential Information or Confidential Attorneys Eyes Only Information to a proposed expert or consultant under paragraph 12(d) or paragraph 13(c) the receiving party shall provide to the producing party, and any other party named as a plaintiff or defendant in this action, the following information:

    (a) a signed Confidentiality Agreement in the form attached as Exhibit A;

    (b)    the curriculum vitae of the proposed expert or consultant;

    (c)    a current resume for the proposed expert or consultant;

    (d)    any previous or current relationship (personal or professional) with any of the parties; and

    (e)    any current relationship (personal or professional) with other companies in the industry.

15.    The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to the disclosure of confidential information to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection, the producing party may apply to the presiding judge to resolve the matter. There shall be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party or, if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion. Nothing herein shall limit a party's ability to challenge the qualifications of any testifying expert.

16.    Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

17.    Confidential Information or Confidential Attorneys Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, only if:

    (a)    the information was previously received or authored by the person;

PROTECTIVE ORDER

(b)   the information was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(c)   the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(d)   counsel for the designating party agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information and/or Confidential Attorneys Eyes Only Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

### Non-Party Information

18.   The existence of this Protective Order shall be disclosed to any non-party or other person or entity producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony, by the party requesting the disclosure or production. Any such person or entity may designate documents, tangible things or testimony as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order.

### Filing Documents With the Court

19.   In the event that any party wishes to submit Confidential Information or Confidential Attorneys Eyes Only Information to the Court, such a submission shall be



filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

[caption]
This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

**No Prejudice**

20. Designating or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information or Confidential Attorneys Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

21. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing or

disclosing party all materials and documents containing Confidential Information or Confidential Attorneys Eyes Only Information, and to certify to the producing or disclosing party (upon written request by the producing or disclosing party) that all such materials have been destroyed or returned. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

22.   The Court shall retain jurisdiction to enforce this Stipulation and Protective Order after the conclusion of the Litigation.

**Other Proceedings**

23.   By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another action. Any person or party subject to this Protective Order that may be subject, in another action, to a subpoena, motion to compel, or other discovery obligation regarding information of another that has been designated as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order, shall promptly notify that other person or party of the motion so that he/she/it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

24.   It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such

PROTECTIVE ORDER

other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) or party(ies) injured by a violation of this Protective Order are fully reserved.

25. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

MASON & PETRUZZI

By: _____
James D. Petruzzi (JP4944)
Attorneys for Plaintiff
Therapy Products, Inc. d/b/a Erchonia Medical
4900 Woodway, Suite 745
Houston Texas 77056
Phone (713-840-9993)

FISH & RICHARDSON P.C.

By: _____
Raymond R. Castello (RC-2106)
Kristen McCallion (KM 5593)
Attorneys for Defendants
Lionel Bissoon, Meridian
Medical Inc. and Meridian
America Medicals, Inc.
153 East 53d Street, 52nd Floor
New York, NY 10022
Phone (212-641-2250)

SO ORDERED

Dated: _____, 2008

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does NOT so order ¶ 19_____, which purports to authorize the parties to file documents under seal without a prior court order.

The Honorable Denise L. Cote
U.S. District Judge

/s/ Denise Cote
May 5, 2008

PROTECTIVE ORDER                    Page 13

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC. <br> d/b/a ERCHONIA MEDICAL <br><br> Plaintiff, <br><br> v. <br><br> LIONEL BISSOON, M.D., <br> d/b/a MESOTHERAPIE & ESTETIK, <br> MERIDIAN AMERICA MEDICALS, INC. <br> MERIDIAN MEDICAL INC, and <br> MERIDIAN CO., LTD. <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No.: 07 CV 8696 (DLC) |

CONFIDENTIALITY AGREEMENT FOR EXPERT or
CONSULTANT OF ANY PARTY

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorneys Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

PROTECTIVE ORDER
Page 1

5.  I agree not to use any Confidential Information or Confidential Attorneys Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6.  I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorneys Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

Date: _____

Printed Name: _____

Signature _____

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC. <br> d/b/a ERCHONIA MEDICAL <br><br> Plaintiff, <br><br> v. <br><br> LIONEL BISSOON, M.D., <br> d/b/a MESOTHERAPIE & ESTETIK, <br> MERIDIAN AMERICA MEDICALS, INC. <br> MERIDIAN MEDICAL INC, and <br> MERIDIAN CO., LTD. <br><br> Defendants. | § <br> § <br> § <br> § Civil Action No.: 07 CV 8696 (DLC) <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

1. Information, including documents and/or things, designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

3. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

1

I agree not to use any Confidential Information or Confidential Attorneys Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

Date: _____    Printed Name: _____

Company Name: _____    Signature: _____