UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERAPY PRODUCTS, INC.
d/b/a ERCHONIA MEDICAL,

                Plaintiff,

    v.

LIONEL BISSOON, M.D.
d/b/a MESOTHERAPIE & ESTETIK,
MERIDIAN AMERICA MEDICALS, INC.,
MERIDIAN MEDICAL, INC., and
MERIDIAN CO., LTD.,

                Defendants.

Civil Action No. 07 Civ. 8696 (DLC)

## ANSWER TO COMPLAINT

Defendant Meridian Co. Ltd. ("Meridian Co.") answers the corresponding numbered paragraphs in the complaint filed by plaintiff Therapy Products, Inc., d/b/a Erchonia Medical ("Erchonia"), as follows:

## JURISDICTION AND VENUE

1.      Meridian Co. admits that Erchonia bases jurisdiction for its purported causes of action on 15 U.S.C. §1121, 28 U.S.C. §1338(a), §1338(b), §1331, §1332, §1367(a), and 15 U.S.C. §1051 et seq., and admits that this Court has original jurisdiction over claims falling under the Lanham Act , Title 15 of the United States Code pursuant to 15 U.S.C. § 1121, as well as related unfair competition claims pursuant to 26 U.S.C. §1338, but denies that that the Complaint states a valid cause of action. Meridian Co. denies that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Meridian Co. admits that venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

2.      Meridian Co. is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and on that basis, denies the same.

3.      Meridian Co. is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and on that basis, denies the same, except Meridian Co. admits that Lionel Bissoon is an individual who is an osteopathic physician, who maintains an office at 10 West 74th Street, Suite 1E, New York, NY 10023.

4.      Meridian Co. denies the allegations of Paragraph 4 except admits that Meridian America Medical Inc. ("Meridian America") is a corporation existing under the laws of the State of California, that has conducted business in this district, and that has a registered agent, Mr. Hee Y. Park who had an office, along with the president of Meridian America, at Meridian America's former place of business located at 11075 Knott Avenue, Cypress, CA 90630.  Meridian America's proper name is Meridian America Medical Inc.

5.      Admitted.

6.      Meridian Co. denies the allegations of Paragraph 6 except admits that Meridian Co. is a corporation existing under the laws of the country of Korea that has conducted business in this district.

7.      Denied.

## FACTUAL BACKGROUND

8.      Meridian Co. is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and therefore denies the same, except Meridian Co. admits that Erchonia manufactures and markets laser devices.

9.      Meridian Co. is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and on that basis, denies the same. Meridian Co. denies the third sentence of Paragraph 9.

10.      Meridian Co. admits that it has used the descriptive term lipolaser in some of its marketing materials, brochures, websites and/or public presentations to describe its laser devices used with "lipo" "fat" or "fatty tissue" but denies that use of such term was trademark use and further denies that it has used "Erchonia's mark." Meridian Co. is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10, and therefore denies the same.

11.      Meridian Co. denies the allegations of Paragraph 11, except admits that it was mailed a letter dated December 21, 2006 by counsel for Erchonia, regarding Meridian Co.'s use of the descriptive term lipolaser, and admits that counsel, responding on behalf of both Meridian Co. and Meridian Medical Inc. ("Meridian Medical"), informed counsel for Erchonia that Meridian Co. and Meridian Medical would continue to use the term lipolaser in a descriptive sense as others in the marketplace do.

12.      Meridian Co. denies the allegations of Paragraph 12.

13.      Meridian Co. denies the allegations of Paragraph 13, except admits that on June 19, 2007, Meridian Co. and Dr. Lionel Bissoon announced an endorsement contract to promote a laser used to laser "lipolysis," or "lipo", or "fat" described as a lipolaser, and Meridian Co. admits that it supplied Dr. Bissoon with such laser device for the treatment of one patient.

14.      Meridian Co. admits the first sentence of Paragraph 14. Meridian Co. admits that there is a pending US trademark application of lipolaser for "[l]asers for surgical, medical, and chiropractic therapy" but denies the validity of the same. Meridian Co. also admits that such

application has been published and that on July 18, 2007, Meridian Medical and Meridian Co. filed an opposition of such application with the Trademark Trial and Appeal Board in Washington, D.C. seeking refusal of such application on the grounds that the term lipolaser is descriptive without secondary meaning and/or generic in relation to the recited goods. With respect to the remaining allegations of Paragraph 14, Meridian Co. denies such allegations as it is without knowledge or information sufficient to admit or deny the same.

15.    Meridian Co. denies the allegations of Paragraph 15.

16.    Meridian Co. denies the allegations of Paragraph 16.

17.    Meridian Co. denies that it has used misleading materials or that it has illegally used Erchonia's "Mark". Meridian Co. is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 17 and therefore denies the same.

18.    Meridian Co.  denies the allegations of Paragraph 18.

### AS AND FOR AN ANSWER TO COUNT 1

19.    Meridian Co. repeats and realleges its answers to Paragraphs 1-18.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

### AS AND FOR AN ANSWER TO COUNT II

24.    Meridian Co. repeats and realleges its answers to Paragraphs 1-23.

25.    Denied.

26.    Denied.

27.    Denied.

28.     Denied.

### AS AND FOR AN ANSWER TO COUNT III

29.     Meridian Co. repeats and realleges its answers to Paragraphs 1-28.

30.     Denied.

31.     Denied.

### AS AND FOR AN ANSWER TO COUNT IV

32.     Meridian Co. repeats and realleges its answers to Paragraphs 1-31.

33.     Meridian Co. admits that the term lipolaser is descriptive or generic of the goods with which Erchonia claims to use the term, and the term does not qualify for trademark protection, and that Plaintiff contends otherwise, but Meridian Co. otherwise denies the remaining allegations of Paragraph 33.

34.     The allegations in Paragraph 34 are conclusions of law to which no response is required.  To the extent a response is required, Meridian Co. denies the allegations of Paragraph 34.

35.     Meridian Co. prays this Court deny Erchonia the relief it seeks.

### JURY DEMAND

Defendants hereby demand trial by jury of all issues of fact so triable.

### AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Meridian Co. asserts the following affirmative defenses:

1.     The term lipolaser is merely descriptive of laser devices used in connection with the removal of "lipo" "fat" or "fatty tissue" and is without secondary meaning.

2.     The term lipolaser is generic for laser devices used in connection with the removal of "lipo" "fat" or "fatty tissue".

3.    Meridian Co. has not infringed upon any rights of Erchonia.

4.    Erchonia has not sustained any injury or damage as a result of any act or conduct by Meridian Co..

5.    Meridian Co.'s challenged use of the term lipolaser is a use other than as a trademark of a term that is either generic or descriptive and is used fairly and in good faith to describe the laser devices that are sold and distributed by Meridian Co..

Meridian Co. reserves its right to amend its Answer and affirmative defenses with any further defense it may discover over the course of this litigation as further information is obtained.

WHEREFORE, Meridian Co. respectfully request judgment as follows:

(a)    That the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendants;

(b)    Award Meridian Co. its reasonable attorney's fees, costs and disbursements;

(c)    Award Meridian Co. such other and further relief the Court deems just, equitable, and proper.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 9, 2008                    By: _____

Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)
FISH & RICHARDSON P.C.
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

Attorneys for Defendant
MERIDIAN CO. LTD.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ANSWER TO COMPLAINT was served on the Plaintiff by sending a true and correct copy by electronic mail, upon:


Michael A. Cornman, Esq.
Elliot W. Lipins, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue
New York, New York  10017

michael.cornman@scgb-law.com
ewl@scgb-law.com


James D. Petruzzi, Esq.
Robert Mason, Esq.
Mason & Petruzzi
4900 Woodway, Suite 745
Houston, TX  77056

JPetruzzi@MasonPetruzzi.com
RMason@MasonPetruzzi.com



on this 9th day of July, 2008.