UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERAPY PRODUCTS, INC.
d/b/a ERCHONIA MEDICAL,

               Plaintiff,

    v.

LIONEL BISSOON, M.D.
d/b/a MESOTHERAPIE & ESTETIK,
MERIDIAN AMERICA MEDICALS, INC.
MERIDIAN MEDICAL, INC., and
MERIDIAN CO., LTD.,

               Defendants.

07 Civ. 8696 (DLC)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF COSTS AND STAY OF PROCEEDINGS <u>PURSUANT TO RULE 41(d)</u>

Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)

**FISH & RICHARDSON P.C.**
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................. 1

II.     PROCEDURAL HISTORY ................................................................... 2

      A.      Plaintiff's Prior Action Against Meridian Co.
           in the Northern District of Texas ............................................... 2

      B.      Plaintiff's Current Action Against Meridian Co.
           in the Southern District of New York .................................... 7

III.    ARGUMENT ....................................................................................... 8

      A.      The New York Action is Based Upon and Includes
           the Same Claims That Plaintiff Previously Alleged
           in the Texas Action Against Meridian Co. ............................. 9

      B.      Meridian Co. Incurred Costs and Attorney Fees in
           Defending the Texas Action .................................................. 14

      C.      Meridian Co. Is Entitled To An Award of Costs and Attorney Fees
           Incurred in Connection with the Texas Action .................... 15

      D.      Defendants Are Entitled To a Stay of Proceedings Until Plaintiff
           Reimburses Meridian Co. ...................................................... 18

IV.     CONCLUSION .................................................................................. 19

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Activox, Inc. v. Envirotech Corp.,*
532 F. Supp. 248 (S. D. N.Y. 1981)......................................................................16

*Aloha Airlines, Inc. v. Mesa Air Group, Inc.,*
No. 07-00007DAE-KSC, 2007 WL 2320672 (D. Hawaii Aug. 10, 2007)...............17

*Delvalle v. Cedric Kushner Promotions, Ltd.,*
No. 00 CIV 5688, 2000 WL 1915808 (S.D.N.Y. Jan.9, 2000)................................18

*Eager v. Kain,*
158 F. Supp. 222 (E.D. Tenn. 1957)......................................................................17

*Esposito v. Piatrowski,*
223 F.3d 497 (7th Cir. 2000) ................................................................................18

*Esquivel v. Arau,*
913 F. Supp. 1382 (C.D. Cal. 1996) ...........................................................13, 16, 17

*Evans v. Safeway Stores, Inc.,*
623 F.2d 121 (8th Cir. 1980) ................................................................................17

*Int'l Controls and Measurements Corp. v. Watsco, Inc.,*
853 F. Supp. 585 (N.D.N.Y. 1994)........................................................................17

*Intec USA, LLC v. Engle,*
No. 1:05CV468, 2006 WL 753180 (M.D.N.C. Mar. 23, 2006) ...............................1

*Meredith v. Stovall,*
216 F.3d 1087 (10th Cir. 2000) ............................................................................17

*New Phone Co., Inc. v. New York City Dept. of Info. Tech. and Telecom.,*
No. 06 CV 3529, 2007 WL 2908110 (E.D.N.Y. Oct. 5, 2007) ..........................8, 16

*Netherlands Curacao Co. N.V. v. Kenton Corp.,* 366 F. Supp. 744 (S.D.N.Y. 1973).....................1

*P.S.I. Nordic Track, Inc. v. Great Tan, Inc.,*
686 F. Supp. 738 (D. Minn. 1987)...........................................................................1

*Restaurant Teams Int'l, Inc. v. Dominion Capital Fund Ltd.,* No. 99 Civ 4138, 2002 WL
1603150, at *2 (S.D.N.Y. July 18, 2002) ..............................................................16

*Sanderson v. Spectrum Labs, Inc.*,
    248 F.3d 1159 (7th Cir. 2000) ................................................................................18

*Simeone v. First Bank Nat. Ass'n*,
    125 F.R.D. 150 (D. Minn. 1989), *aff'd with respect to costs and vacated in part on*
    *other grounds*, 971 F.2d 103 (8th Cir. 1992) ....................................................13, 19

*Stiftung v. Sumitomo Corp.*,
    No. 99 CIV 1108, 2001 WL 1602118 (S.D.N.Y. Dec. 14, 2001)................................8, 16, 17

*Whitehead v. Miller Brewing Co.*,
    126 F.R.D. 581 (M.D. Ga. 1989) .............................................................................17

*Young v. Dole, No*, 90 CV 2667, 1991 WL 158977 (E.D.N.Y. July 11, 1991) ...........................16

*Zucker v. Katz*,
    708 F. Supp. 525 (S.D.N.Y. 1989) ..................................................................13, 16, 17

*Zucker v. Katz*,
    No. 87 CIV 7595, 1990 WL 20171 (S.D.N.Y. Feb. 21, 1990)..........................................17, 18

## STATUTES

15 U.S.C. §1114...............................................................................................2

15 U.S.C. §1117...............................................................................................18

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)..........................................................................1

Federal Rule of Civil Procedure 41(a)(1) ......................................................................7

Federal Rule of Civil Procedure 41(d)...................................................................... passim

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 41(d) ("Rule 41(d)") defendants Lionel

Bissoon, Meridian America Medical Inc., Meridian Medical Inc., and Meridian Co. Ltd.

(hereinafter collectively "Defendants") respectfully submit this memorandum of law in support

of their motion requesting the Court to award defendant Meridian Co. Ltd. ("Meridian Co.") its

costs and attorneys' fees incurred as a result of a prior action instituted and voluntarily dismissed

by plaintiff, Therapy Products, Inc. d/b/a Erchonia Medical ("Plaintiff"), and order a stay of the

current proceedings pending the payment of such costs and fees to Meridian Co. by Plaintiff.

Meridian Co., a Korean corporation with its place of business in Seoul, South Korea, was

recently served by Plaintiff, via the Hague Convention, with a copy of the Complaint that

commenced the current action.[1]  While fact discovery recently closed in the current action

against Defendants, only Lionel Bissoon, Meridian America Medical Inc., and Meridian Medical

Inc., had been served as of June 19, 2008.  The recent service by Plaintiff of Meridian Co. in the

current action confers upon Meridian Co. the right to file a motion pursuant to Rule 41(d) against

Plaintiff.

As explained in further detail herein, Meridian Co. was improperly sued by Plaintiff in a

prior action, commenced and voluntarily dismissed, in the Northern District of Texas, in which

Plaintiff set forth nearly identical causes of action and allegations as those Plaintiff has set forth

in the current action.  Accordingly, pursuant to Rule 41(d), Defendants are entitled to a stay of

the current proceedings until Plaintiff reimburses Meridian Co. for its costs, including attorneys'

---

[1] Meridian Co timely filed and served its Answer on July 9, 2008, despite the fact that this motion for a stay of the current proceedings could technically constitute a responsive pleading under Fed. R. Civ. P. 12(b) (and thus may be filed in lieu of an Answer).  *See P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F. Supp. 738, 739 (D. Minn. 1987) ("Several courts have recognized a motion to stay as a rule 12(b) motion." (citing *Netherlands Curacao Co. N.V. v. Kenton Corp.*, 366 F. Supp. 744 (S.D.N.Y. 1973))); *see also Intec USA, LLC v. Engle*, No. 1:05CV468, 2006 WL 753180, at *1 (M.D.N.C. Mar. 23, 2006) (unreported) ("[C]ourts traditionally have entertained pre-answer motions that are not specifically provided for in the Federal Rules of Civil Procedure, including motions to stay pending arbitration.").

fees, incurred in connection with Plaintiff's improper prior action against Meridian Co. in the Northern District of Texas.

## II.    PROCEDURAL HISTORY

### A.    Plaintiff's Prior Action Against Meridian Co. in the Northern District of Texas

On February 28, 2007, Plaintiff filed a civil action in the United States District Court for the Northern District of Texas (the "Texas Action") against three defendants, namely, Roman Chubaty, M.D., AestheticMD, and defendant in the current action, Meridian Co. (collectively, the "Texas Defendants"). *See* Declaration of Raymond Castello ("Castello Decl."), ¶ 2 and Ex. A (the "First Texas Complaint"). The complaint filed by Plaintiff on February 28, 2007 (the "First Texas Complaint") alleged six counts:

> (1) False designation of origin and false description under §43 of the Lanham Act;
> (2) Federal trademark infringement pursuant to §32(1) of the Lanham Act;
> (3) Common law trademark infringement, passing off and unfair competition;
> (4) Trademark dilution, blurring and tarnishment;
> (5) Application for preliminary injunction; and
> (6) Request for permanent injunction.

Castello Decl. ¶ 2 and Ex. A (First Texas Complaint, ¶¶ 14-43).[2]   Generally speaking, Plaintiff's claims in the Texas Action were based on the alleged trademark infringement of Plaintiff's claimed trademark "lipolaser". Incredulously, soon after filing the First Texas Complaint, Plaintiff realized that it did not own a federal trademark registration for its alleged mark, "lipolaser", and thus could not bring a trademark infringement claim pursuant to Section 32 of the Lanham Act.[3]   Accordingly, on March 29, 2007, Plaintiff filed a first amended complaint in

---

[2] Plaintiff never effectuated service of the First Texas Complaint upon the Texas Defendants.

[3] Section 32(1) of the Lanham Act (15 U.S.C. §1114) provides that "[a]ny person who shall, without the consent of the registrant-- (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of <u>a registered mark</u> in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or (b) reproduce, counterfeit, copy, or colorably imitate <u>a registered mark</u> and apply such reproduction, counterfeit, copy, or colorable imitation to

the Northern District of Texas against the Texas Defendants (the "First Amended Texas

Complaint").  Castello Decl. ¶ 3 and Ex. B.   In the First Amended Texas Complaint, Plaintiff

deleted the count based on Section 32(1) of the Lanham Act, and the six paragraphs in support of

that count by which Plaintiff falsely claimed it owned a federal trademark registration for its

alleged mark "lipolaser".  Plaintiff's First Amended Texas Complaint pled the following five

counts:

> (1) False designation of origin and false description under §43 of the
>     Lanham Act;
> (2) Common law trademark infringement, passing off and unfair competition;
> (3) Trademark dilution, blurring, and tarnishment;
> (4) Application for preliminary injunction; and
> (5) Request for permanent injunction.

Castello Decl. ¶ 3 and Ex. B (First Amended Texas Complaint ¶¶ 14-37).   Other than the

deletion of its false claim and misrepresentations, the First Amended Texas Complaint was

virtually a word-for-word duplicate of the First Texas Complaint.  Castello Decl. ¶¶ 2-3 and Exs.

A, B.

On April 18, 2007, Plaintiff attempted to improperly serve Meridian Co. via hand

delivery, by leaving a copy of the First Amended Texas Complaint at the Canadian address of

Meridian Co.'s North American distributor, Meridian Medical Inc. ("Meridian Medical"),[4] at

Meridian Medical's place of business in Vancouver.  Castello Decl. ¶ 4.  Contrary to Plaintiff's

unsubstantiated belief, Meridian Co. was neither located at this Vancouver address, nor did it

have a president, vice-president, or registered agent at that address.  Castello Decl. ¶ 5 and Ex. C

---

labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided" (emphasis added).

[4] Meridian Medical is a defendant in the current action.

(Declaration of Hyeong-Seong Myeong, Ex. 1 to Meridian Co. Ltd's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support).

Further to the false facts and allegations pled by Plaintiff in the First Texas Complaint, and the improper service by Plaintiff upon Meridian Co. of the First Amended Texas Complaint, Plaintiff failed to allege, in both the First Texas Complaint and the First Amended Texas Complaint, any facts to establish personal jurisdiction over Meridian Co.  Accordingly, on May 8, 2007 Meridian Co. properly moved to dismiss the First Amended Texas Complaint for lack of proper service and personal jurisdiction over Meridian Co.  Castello Decl. ¶ 6 and Ex. C (Meridian Co. Ltd's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support).  Indeed, if Plaintiff had properly investigated its claims, and had conducted the due diligence necessary to avoid filing a complaint seemingly subject to Rule 11 sanctions, it would have determined that suing Meridian Co. in the Northern District of Texas was a waste of time, energy, and resources of both the Court and the parties.   In fact, jurisdiction over Meridian Co. in the Northern District of Texas appeared to be improperly based upon the location of Plaintiff, which has its principal place of business in Texas, and Plaintiff's counsel at that time, the law firm of David, Goodman & Madole, P.C. which also has its place of business in Texas.  *See* Castello Decl. ¶¶ 2-3 and Exs. A, B (First Texas Complaint ¶ 1 and First Texas Amended Complaint ¶ 1, respectively).

Instead of recognizing that pursuing any further action against Meridian Co. in Texas would be frivolous, Plaintiff foolishly forged ahead.  On May 17, 2007, Plaintiff filed an emergency motion to enlarge its time to respond to Meridian Co.'s motion to dismiss, in part so that it could conduct jurisdictional discovery, which would include Plaintiff's taking of several depositions of the Texas Defendants.  Castello Decl. ¶ 7 and Exs. D, E (Therapy Products, Inc.'s

Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss,

Request For Expedited Hearing and Memorandum and Brief In Support, *and* Therapy Products,

Inc.'s Emergency Motion For Leave to Take Expedited Oral Depositions on Jurisdictional

Issues, Request For Expedited Hearing and Memorandum and Brief in Support, respectively).

Meridian Co. opposed Plaintiff's emergency motion in a response dated May 25, 2007.[5] Castello

Decl. ¶ 8 and Ex. F (Meridian Co. Ltd.'s Response in Opposition to Plaintiff's Emergency

Motions and Brief In Support). Plaintiff filed a reply to its emergency motion on June 1, 2007.

Castello Decl. ¶ 9 and Ex. G (Therapy Products, Inc.'s Reply To Meridian Co., Ltd's Response

to the Motion For Leave to Take Expedited Oral Depositions and Brief In Support). On June 14,

2007, U.S. District Court Judge David C. Godbey granted Plaintiff's motion for additional

discovery, permitting Plaintiff to take up to four depositions of the Texas Defendants within the

next forty-five days. Castello Decl. ¶ 10 and Ex. H (Order dated June 14, 2007).[6]

On June 28, 2007, Plaintiff filed a motion for leave to amend the First Amended Texas

Complaint, this time to add as an additional defendant, Meridian Medical. Castello Decl. ¶ 11

and Ex. I (Therapy Products, Inc.'s Motion For Leave to File Amended Pleading and

Memorandum and Brief In Support).

Nearly a month passed by without Plaintiff scheduling the depositions it had requested on

an "emergency" basis, and the deadline by which such depositions were ordered to be completed,

July 29, 2007, was fast approaching. Obviously concerned with its inability to litigate the action

it commenced, Plaintiff requested an extension of this July 29, 2007 deadline. Not wanting to

get involved with expensive motion practice, Meridian Co. agreed to an extension in exchange

---

[5] By stipulation of Plaintiff and Dr. Chubaty, Chubaty agreed to be permanently enjoined from using the term
"lipolaser" in exchange for being dismissed from the Texas Action.
[6] Judge Godbey ordered that any depositions were to be taken at the place of residence of the witnesses or such other
place as the parties may agree, would be limited to the propriety of service of process and personal jurisdiction, and
were to be concluded by July 29, 2007. Castello Decl. ¶10 and Ex. I (Order dated June 14, 2007).

for an extension of its own.  On July 23, 2007 the parties filed a Joint Stipulation which extended both Plaintiff's time to take depositions and Meridian Co.'s time to respond to Plaintiff's motion for leave to file an amended complaint to August 31, 2008.  Castello Decl. ¶ 12 and Ex. J (Joint Stipulation Extending Extension of Time to Respond).  During this time period, Plaintiff and Meridian Co. also commenced and engaged in extensive settlement discussions.  Castello Decl. ¶ 13.

On August 21, 2007, again in an effort to minimize costly motion practice, Meridian Co. agreed not to oppose the filing of Plaintiff's *second* amended complaint in Texas  which would add Meridian Medical as a defendant to the Texas Action.  Castello Decl. ¶ 14 and Ex. K (Amended Certificate of Conference Regarding Plaintiff's Motion for Leave to File an Amended Pleading).  This was to be Plaintiff's third complaint filed in connection with the Texas Action.

On August 22, 2007, Plaintiff and Meridian Co. filed a Joint Status Report with the Court pursuant to a July 25, 2007 Court Order.   Castello Decl. ¶ 15 and Ex. L (Joint Status Report). With the stipulated, extended deadline of August 31, 2007 for Plaintiff's requested depositions fast approaching, Plaintiff conducted one deposition on August 29, 2007, of Dr. Chubaty. Castello Decl. ¶ 16.  Meridian Co. incurred fees in connection with this deposition, as its attorneys prepared for the deposition of Dr. Chubaty, whom it questioned, via telephone, in connection with the lack of the jurisdiction Plaintiff had over Meridian Co.  Castello Decl. ¶ 17.

Not even two weeks subsequent to the deposition of Dr. Chubaty, on September 12, 2007, Plaintiff's attorneys filed an unopposed motion to withdraw from representing Plaintiff in the Texas Action.  Castello Decl. ¶ 18 and Ex. M (Unopposed Motion to Withdraw).  Soon after, Plaintiff's new counsel, on behalf of Plaintiff, requested yet another extension of time (in furtherance of Plaintiff's May 17, 2007 motion for an enlargement of time), to respond to

Meridian Co.'s motion to dismiss the Texas Action, and again, in an effort to avoid costly

motion practice, Meridian Co. agreed.  A joint stipulation was filed by Plaintiff and Meridian Co.

on September 14, 2007, by which the parties agreed that Plaintiff's time to respond to Meridian

Co.'s motion to dismiss would again be extended until September 27, 2007.  Castello Decl. ¶ 19

and Ex. N (Joint Stipulation Extending Time To Respond).  Despite such stipulation, Plaintiff

failed to respond to Meridian Co.'s pending motion to dismiss by the extended, stipulated

deadline of September 27, 2007.  Instead, on September 28, 2007, Plaintiff filed a voluntary

notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).  Castello Decl. ¶ 20 and

Ex. O (Notice Of Dismissal Under FRCP 41).

**B.    Plaintiff's Current Action Against Meridian Co.
in the Southern District of New York**

On October 9, 2007, merely eleven days after filing a voluntary dismissal of the Texas

Action, Plaintiff filed a civil action in the United States District Court for the Southern District of

New York against Defendants, including prior Texas Defendant Meridian Co. (the "New York

Action").  Castello Decl. ¶ 21.  The allegations and claims pled in the complaint filed by Plaintiff

in the Southern District of New York (the "New York Complaint") are identical and/or

substantially identical to those contained in Plaintiff's First Texas Complaint, First Amended

Texas Complaint, and Second Amended Texas Complaint.  For example, in the New York

Complaint, Plaintiff alleges four counts:

> (1) False designation of origin, false description and false
>     advertising under § 43(a) of the Lanham Act;
> (2) Common law trademark infringement, passing off and unfair
>     competition;
> (3) Trademark dilution, blurring, and tarnishment;
> (4) Request for declaratory judgment.

Castello Decl. ¶ 21 and Ex. P (New York Complaint, ¶¶ 19-34).   The first three counts in the New York Complaint are virtually identical to the counts pled by Plaintiff in the Texas Action.[7] Further, as described below, the allegations in the New York Complaint set forth by Plaintiff against Defendants, including former Texas Defendant Meridian Co., confirm that the New York Action arises out of the same alleged facts and occurrences specified in the Texas Action.

## III.    ARGUMENT

Rule 41(d) provides the following:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  As the rule expressly states, Rule 41(d) applies when, as here, Plaintiff previously dismissed a first action (i.e., the Texas Action), and filed a second action (i.e., the New York Action), which is based on and includes the same claims as the first action, against the same defendant (i.e., Meridian Co.).[8] "Where a plaintiff . . . voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs." *New Phone Co., Inc. v. New York City Dept. of Info. Tech. and Telecom.*, No. 06 CV 3529, 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007) (quoting *Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108, 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001)).

---

[7] Plaintiff pled a Section 43(a) claim under the Lanham Act in both the Texas Action and the New York Action, although Plaintiff's "false advertising" claim under Section 43(a) was first pled in the New York Action.

[8] While counsel stipulated to the addition of Meridian Medical as a defendant in the Texas Action, Meridian Medical was never formally served or named as a defendant in the Texas Action.

**A.    The New York Action is Based Upon and Includes the Same Claims That Plaintiff Previously Alleged in the Texas Action Against Meridian Co.**

To satisfy the requirements of Fed. R. Civ. P. 41(d), the New York Action against Meridian Co. must be "based on or include[e] the same claim[s]" alleged by Plaintiff against Meridian Co. in the Texas Action. Here, Plaintiff's New York Action plainly satisfies this condition as it is practically a verbatim copy of the various complaints filed in connection with the Texas Action. Chiefly, the first three causes of action, nearly identical in both the New York Action and the Texas Action,[9] are as follows: (1) false designation of origin and false description under § 43(a) of the Lanham Act[10]; (2) common law trademark infringement, passing off and unfair competition; (3) trademark dilution, blurring, and tarnishment. Castello Decl. ¶¶ 3, 21 and Exs. B, Q (*compare* First Amended Texas Complaint ¶¶ 14-25 *with* New York Complaint, ¶¶ 19-31).

Further, the facts alleged by Plaintiff, which form the basis of both the Texas Action and New York Action, are virtually identical and, as set forth by Plaintiff in its various complaints, evidence a "cut-and-paste job" from one complaint to another. To illustrate[11]:

---

[9] We do not include Plaintiff's claim under Section 32 of the Lanham Act as such claim was an obvious misrepresentation of Plaintiff's rights that had to be corrected by Plaintiff subsequent to its filing of the First Texas Complaint. *See supra* p. 2. Plaintiff did not then, and currently does not, own a federal trademark registration for its alleged mark "lipolaser".

[10] The only difference is that Plaintiff's "false advertising" claim was not pled in the Texas Action. *See supra* p. 8, n.7.

[11] Stricken through text in the left column indicates that deleted in the New York Complaint; underlined text in the right column indicates that added to the New York Complaint.

9

| First Texas Complaint and<br>First Amended Texas Complaint | New York Complaint |
| --- | --- |
| Erchonia manufactures and markets laser devices for medical use. Since its founding, Erchonia has developed a reputation as an industry leader and consistently has sought to market its capability to as many potential clients and markets as possible. As part of its ~~marketing strategy, Erchonia sought professional assistance to develop a distinctive and recognizable image and branding for its low level medical lasers. As part of its~~ efforts to create brand awareness and impact, Erchonia created and ~~trademarked~~ LIPOLASER (the "Mark") ~~in connection with~~ certain low level lasers that Erchonia has marketed in the United States, Canada, Korea, and throughout the world. Erchonia has used the mark LIPOLASER at least since ~~2001.~~<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 5, and First Amended Texas Complaint, ¶ 5). | Erchonia manufactures and markets laser devices for medical use. Since its founding, Erchonia has developed a reputation as an industry leader and consistently has sought to market its capability to as many potential clients and markets as possible. As part of its efforts to create brand awareness and impact, Erchonia created and <u>adapted as its mark, the trademark LIPOLASER,</u> (the "Mark") <u>for</u> certain low level lasers that Erchonia has marketed in the United States, Canada, Korea, and throughout the world. Erchonia has used the mark LIPOLASER at least since <u>2002 in the</u> U.S. and <u>exclusively throughout the world for its certain low level lasers.</u><br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 8). |
| Erchonia invested substantial time and money in developing its branding, including ~~the Mark,~~ and has promoted and consistently and successfully used this branding to market itself and to set itself apart in the marketplace. Erchonia has created specific recognition in the marketplace for its low level lasers by associating the ~~Mark~~ with Erchonia's lasers. Erchonia's ~~Mark~~ is distinctive and unique to Erchonia.<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 6, and First Amended Texas Complaint, ¶ 6). | Erchonia invested substantial time and money in developing its branding, including <u>LIPOLASER,</u> and has promoted and consistently and successfully used this branding to market itself and to set itself apart in the marketplace. Erchonia has created specific recognition in the marketplace for its low level lasers by associating the <u>mark LIPOLASER</u> with Erchonia's lasers. Erchonia's <u>mark LIPOLASER</u> is distinctive and unique to Erchonia.<br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 9). |
| Long after Erchonia had invested the time and monies necessary to achieve a high level of distinction and effectiveness in ~~its branding and~~ | Long after Erchonia had invested the time and monies necessary to achieve a high level of distinction and effectiveness in the <u>mark</u> |

| | |
|---|---|
| ~~trade dress, including the Mark,~~ Defendants Meridian ~~and AestheticMD~~ began using Erchonia's ~~Mark,~~ and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 7, and First Amended Texas Complaint, ¶ 7). | <u>LIPOLASER,</u> Defendants Meridian began using Erchonia's <u>mark,</u> and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.<br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 10). |
| On December 21, 2006, Erchonia served a cease and desist letter upon Meridian demanding that Meridian immediately cease using Erchonia's ~~Mark.~~<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 8, and First Amended Texas Complaint, ¶ 8). | On December 21, 2006, Erchonia served a cease and desist letter upon Meridian demanding that Defendants Meridian immediately cease using Erchonia's <u>trademark, specifically the term LIPOLASER. Defendants Meridian indicated they would discontinue use of the mark LIPOLASER and for a period it appeared that they had discontinued use of the mark.</u><br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 11). |
| Despite Erchonia's notice that they were violating Erchonia's ~~Mark,~~ Defendants willfully ~~continued~~ to use the ~~Mark, including~~ the term ~~LIPOLASER.~~<br><br>Castello Decl. ¶¶ --- and Exs. --- (First Texas Complaint, ¶ 9, and First Amended Texas Complaint, ¶ 9). | Despite Erchonia's notice that they were violating Erchonia's <u>trademark rights,</u> Defendants <u>Meridian</u> willfully <u>and secretly conspired to</u> continue use <u>of the</u> term LIPOLASER <u>and have recently expanded use of</u> the term LIPOLASER <u>in the U.S. and abroad.</u><br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 12). |
| Defendants intentionally have misappropriated the significant time, effort, and resources expended by Erchonia to achieve recognition and acceptance of Erchonia's low level lasers by taking Erchonia's Mark and using the Mark to actively market and promote their own competing products. ~~They have attempted to reduce Erchonia's Mark from a highly distinctive and unique aspect of Erchonia's marketing and promotional efforts to Erchonia's detriment and damage.~~<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 10, and First Amended Texas Complaint, ¶ 10). | Defendants intentionally have misappropriated the significant time, effort, and resources expended by Erchonia to achieve recognition and acceptance of Erchonia's low level lasers by taking Erchonia's Mark and using the Mark to actively market and promote their own competing products.<br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 15). |

| | |
|---|---|
| Defendants actively have marketed themselves throughout the United States and the world using materials that infringe upon Erchonia's Mark. They have targeted substantially the same consumers as Erchonia, and presented their message in such a way as to closely duplicate Erchonia's own marketing efforts. On information and belief, Defendants undertook these particular forms of marketing to capitalize on the success generated by Erchonia's efforts, without the burden of having to invest the time and resources that Erchonia committed, and knowing that their use of ~~misleadingly similar trade dress~~ and materials ~~coupled with Erchonia's Mark~~ is ~~substantially~~ likely to result in confusion among consumers that would cause Defendants to obtain business that would otherwise have been directed toward Erchonia.<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 11, and First Amended Texas Complaint, ¶ 11). | Defendants actively have marketed themselves throughout the United States and the world using materials that infringe upon Erchonia's Mark. They have targeted substantially the same consumers as Erchonia, and presented their message in such a way as to closely duplicate Erchonia's own marketing efforts. On information and belief, Defendants undertook these particular forms of marketing to capitalize on the success generated by Erchonia's efforts, without the burden of having to invest the time and resources that Erchonia committed, and knowing that their use of <u>an identical mark</u> and <u>related</u> materials is likely to result in confusion among consumers that would cause Defendants to obtain business that would otherwise have been directed toward Erchonia.<br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 16). |
| Further, the low level lasers offered by Meridian and ~~AestheticMD~~ through their use of the Mark and ~~the misleadingly~~ similar ~~trade dress and~~ materials are inferior to the low level lasers offered by Erchonia. On information and belief, Erchonia's reputation for quality and service has been and will continue to be tarnished through association with Meridian's inferior products, unless Meridian and ~~AestheticMD~~ are prohibited from continuing to use these misleading materials and Erchonia's Mark.<br><br>Castello Decl. ¶¶ 2-3 and Exs. A,B (First Texas Complaint, ¶ 12, and First Amended Texas Complaint, ¶ 12). | Further, the low level lasers offered by Meridian and <u>promoted by Bissoon</u> through their use of the Mark and similar materials are inferior to the low level lasers offered by Erchonia. On information and belief, Erchonia's reputation for quality and service has been and will continue to be tarnished through association with Meridian's inferior products, unless Meridian and <u>Bissoon</u> are prohibited from continuing to use these misleading materials and Erchonia's Mark.<br><br>Castello Decl. ¶ 21 and Ex. Q (New York Complaint, ¶ 17). |

While the above identified similarities are only a sampling of the comparisons that can be made between the complaints cited above, they clearly evidence that the Texas Action and New York Action, are based on the same alleged operative facts and occurrences.

12

While Plaintiff may argue that there are differences between the New York Action and the Texas Action, there are none that are relevant to the Court's determination of this motion. For example, unlike the complaints in the Texas Action, the New York Complaint specifically alleges a false advertising claim, requests declaratory judgment, and demands that Defendants be enjoined from "opposing Erchonia's trademark registrations in any countries." Castello Decl. ¶ 21 and Ex. P (New York Complaint, ¶¶ 32-34).  However, Plaintiff's addition of new counts or requests for relief to the New York Action does not alter the applicability of Rule 41(d)—the New York Action does not have to be exactly the same as the Texas Action, rather it need only be "based on or includ[e] the same claim." Fed. R. Civ. P. 41(d); *see Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) (holding that a second complaint filed in the Central District of California, containing an additional four claims that had not been pled by plaintiff in a prior action filed in the Southern District of New York, satisfied the same-claim condition under Rule 41(d)).

Another immaterial discrepancy that Plaintiff may point to is the difference between the named defendants in the respective actions.  However, neither removing nor adding parties in a second action alters the applicability of Rule 41(d), as long as the party requesting the costs, here, Meridian Co., was named in the first action. *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (finding Rule 41(d) applicable when "[t]he present complaint . . . was nearly identical to the former with the notable exception of absent non-diverse parties); *see also Simeone v. First Bank Nat. Ass'n*, 125 F.R.D. 150, 154 (D. Minn. 1989) ("[T]he addition of new defendants in a second suit . . . does not preclude the Court from awarding costs to one who was a party to the previous action, . . . ."), *aff'd with respect to costs and vacated in part on other grounds*, 971 F.2d 103, 108 (8th Cir. 1992).

13

**B.**    **Meridian Co. Incurred Costs and Attorney Fees in Defending the Texas Action**

Inevitably, Meridian Co. incurred costs, including attorneys' fees, in connection with its defense of the Texas Action, between the time period of April 19, 2007 and September 28, 2007, of One Hundred and Twenty One Thousand, Three Hundred and Twenty Four Dollars and Forty Six Cents ($121,324.46).  Castello Decl. ¶ 22.  As noted in detail below, all of the costs were incurred as a result of Meridian Co. having to defend the Texas Action, and relate to work product applicable only to the Texas Action that cannot be "recycled" for, and indeed is useless to, the New York Action.  Castello Decl. ¶ 23.  Specifically, Meridian Co.'s costs, including attorneys' fees, were incurred as a direct result of the following:

(1)  legal research regarding jurisdiction over Meridian Co. in the Northern District of Texas and ineffective service by Plaintiff upon Meridian Co.;

(2)  reviewing of the numerous filings, pleadings, amended pleadings, letters, motions, and memorandum of law, prepared on behalf of Plaintiff, namely, the Texas Complaint, the First Amended Texas Complaint, Plaintiff's emergency discovery motion, Plaintiff's Motion for Leave to Amend, proposed settlement agreement, motion to withdraw, motion to dismiss, and various stipulations;

(3)  drafting, filing, and/or serving Meridian Co.'s motion to dismiss and documents in connection therewith, opposition papers to Plaintiff's emergency discovery motion, attorney's motion to appear pro hac vice in the Northern District of Texas, proposed settlement agreement, and Joint Case Status Report;

(4)  reviewing Orders of the District Court in the Northern District of Texas;

(5)  correspondence with representatives of Meridian Co. regarding general status updates throughout the Texas Action, possible indemnification of Dr. Chubaty, Meridian Co.'s

14

opposition to Plaintiff's trademark application, stipulations regarding time, release of Chubaty, and proposed settlement terms;

(6) drafting letters, emails, and corresponding with Plaintiff's counsel regarding stipulated agreements, service of process, jurisdictional issues, motion practice, expedited discovery and discovery deadlines, court-ordered depositions and scheduling therefor, proposed settlement, Rule 26 conference, and Joint Case Status Report;

(7) correspondence with the District Court in the Northern District of Texas regarding jurisdictional issues, expedited discovery deadlines, motion deadlines; and

(8) deposition preparation and questioning, review of documents in connection therewith, review of deposition transcript.

Castello Decl. ¶¶ 22-23 and Ex. Q.   The invoices prepared by Fish & Richardson P.C., and received by Meridian Co. are contemporaneous time records that show (in un-redacted form) for each attorney, the date, the hours expended, and the nature of the work done for Meridian Co. as a specific result of Meridian Co. having to defend the Texas Action. These invoices relate to work product applicable only to the Texas Action that cannot be applied to the New York Action.  Meridian Co. invites the Court to conduct an *in camera* review of the un-redacted versions of the invoices it received from Fish & Richardson P.C. while defending the Texas Action, in order to see that Meridian Co.'s request for a reimbursement of $121,324.46 is reasonable.

**C.    Meridian Co. Is Entitled To An Award of Costs and Attorney Fees Incurred in Connection with the Texas Action**

"Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief."

*Esquivel*, 913 F. Supp. at 1387 (citing *Young v. Dole*, No. 90 CV 2667, 1991 WL 158977 (E.D.N.Y. July 11, 1991)).

Courts in this circuit have consistently awarded costs to defendants, who, like Meridian Co., have been improperly sued twice. *See New Phone Co.,* 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007) (granting costs under 41(d)); *Stiftung,* 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001) (finding that defendants "immediately would have been eligible for costs and fees" if plaintiff had re-filed the same action in federal court); *Zucker,* 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (granting costs under 41(d)); *Activox, Inc. v. Envirotech Corp.*, 532 F. Supp. 248, 251 (S.D.N.Y. 1981) ("Whatever the strategy of [plaintiff] may have been in dismissing its prior action, by virtue of Fed. R. Civ. P. 41(d) it is now subject to 'the payment of costs of the action previously dismissed.'").

Further, an award of costs includes reimbursement of attorneys' fees incurred by Meridian Co. in connection with the Texas Action, as "[c]ourts have also held that attorneys' fees, as well as costs, may be awarded pursuant to Rule 41(d)." *New Phone Co.*, 2007 WL 2908110, at *17 (citing *Restaurant Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*, No. 99 Civ 4138, 2002 WL 1603150, at *2 (S.D.N.Y. July 18, 2002)). While Plaintiff may claim that an award of attorneys' fees is not proper, because an award of such fees is not expressly provided for by the language of Fed. Rule Civ. P. 41(d), this claim ultimately fails in the Second Circuit. *See New Phone Co.*, 2007 WL 2908110, at *17 ("Although Rule 41(d) does not explicitly provide that attorneys' fees may be awarded, the weight of authority in [the Second] Circuit supports such an award.").

In fact, district courts in this Circuit have consistently recognized that an award of attorneys' fees under Rule 41(d) is proper. *See Int'l Controls and Measurements Corp. v.*

*Watsco, Inc.*, 853 F. Supp. 585, 592 (N.D.N.Y. 1994) ("Pursuant to Local Rule 41(d), defendants seek their costs and reasonable attorney fees incurred in defending this motion. That rule provides that the court has discretion to award such costs and fees."); *Stiftung*, 2001 WL 1602118, at \*9 n.6 (S.D.N.Y. Dec. 14, 2001) ("Attorneys' fees are considered 'costs' recoverable under Rule 41(d)."); *Zucker v. Katz*, No. 87 CIV 7595, 1990 WL 20171, at \*2-3 (S.D.N.Y. Feb. 21, 1990) (unreported) (awarding attorneys' fees under Rule 41(d)).[12]

While courts have the discretion to refuse an award of costs "if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay the costs," *Zucker*, 708 F. Supp. at 539 (citing C. Wright & A. Miller, Federal Practice and Procedure § 2375 at 244 (1971), there is no "good reason" here. Undoubtedly, Plaintiff's lack of due diligence and investigation into the jurisdictional defects of its first lawsuit do not provide Plaintiff with a "good reason" to dismiss one action in which costs and fees have already been incurred, only to file a second action two weeks later in another forum. To be sure, Plaintiff's motion to dismiss—consisting of only two sentences—provides no reason at all. Castello Decl. ¶ 20 and Ex. O (Notice of Dismissal Under FRCP 41). Further, Plaintiff is not in a position to raise an issue of hardship or inability to pay; indeed, Plaintiff apparently had no problem financing the Texas Action, as wasteful as it was, and is financing the current action. The purpose of Rule 41(d), "to prevent forum-shopping within the federal court system" which

---

[12] That an award of attorney fees is inclusive of costs in the Second Circuit is consistent with decisions in other circuits: *Evans v. Safeway Stores, Inc.*, 623 F.2d 121 (8th Cir. 1980) (per curiam) (affirming award of attorneys' fees under Rule 41(d) without substantial discussion); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582 (M.D. Ga. 1989) (awarding attorneys' fees and costs under Rule 41(d)); *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957) (stating that Rule 41(d) authorizes a court to "require the payment of costs, including attorney's fees, of the previously dismissed action as a prerequisite to the filing of the [subsequent] action"); *Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, No. 07-00007DAE-KSC, 2007 WL 2320672, at \*3 (D. Hawaii Aug. 10, 2007) ("The majority of courts . . . have awarded attorneys' fees under 41(d) outright, recognizing that including attorneys' fees as part of an award of costs is consistent with the purposes of Rule 41(d)."); *Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000) (unreported table decision) (affirming district courts grant of attorney's fees under Rule 41(d)); *Esquivel v. Arau*, 913 F. Supp. 1382, 1390 (C.D. Cal. 1996)("[C]ourts have perfunctorily awarded attorneys' fees under Rule 41(d), or recognized that they are available, without substantial discussion of the bases for their conclusions.").

"serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed," *Delvalle v. Cedric Kushner Promotions, Ltd.*, No. 00 CIV 5688, 2000 WL 1915808, at *1 (S.D.N.Y. Jan.9, 2000), is particularly relevant to Plaintiff, as it is evident that the Texas Action should have never been commenced.[13]

### D.    Defendants Are Entitled To a Stay of Proceedings Until Plaintiff Reimburses Meridian Co.

According to Rule 41(d) "the court . . . may stay the proceedings until the plaintiff has complied" with the payment of an award of costs. Fed. R. Civ. P. 41(d). Courts generally issue such a stay of proceedings. *E.g.*, *Zucker v. Katz*, 1990 WL 20171, at *3. A stay of the current proceedings is particularly appropriate here—it is evident that the Texas Action should never have been commenced against Meridian Co., and Meridian Co. deserves to be reimbursed for the expenses it was forced to incur as a result of the Texas Action prior to having to proceed with the New York Action. Further, as discovery is now closed in the New York Action with respect to defendants Lionel Bissoon, Meridian America Medical Inc. and Meridian Medical Inc. (who have already expended high fees in connection with the New York Action, as undoubtedly, will Meridian Co.), it seems illogical to have a stay apply to Meridian Co. but not to Lionel Bissoon, Meridian America Medical Inc. and Meridian Medical Inc., as the New York Action is already in a staggered state. In any event, the addition of Lionel Bissoon, Meridian America Medical Inc. and Meridian Medical Inc. in the New York Action should have no effect on the Court's determination to stay the New York Action as against all Defendants, as "[t]he addition of new defendants in a second suit, . . . does not . . . prevent the Court from granting a stay of

---

[13] An award of attorney fees to Meridian Co. is particularly applicable here, as Plaintiff's claims—both in the Texas Action and the New York Action—arise under the Lanham Act, which provides for the reimbursement of costs as well as attorneys' fees. 15 U.S.C. §1117. In this regard, the Seventh Circuit has held that a party may recover its attorneys' fees as part of its 'costs' under Rule 41(d) where the underlying statute defines costs to include attorneys' fees. *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000); *see also Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000) (unreported table decision) (affirming an award of attorneys' fees under Fed. R. Civ. P. 41(d) as a result of claims alleged pursuant to he Lanham Act).

proceedings pursuant to Rule 41(d) as against all defendants pending payment of an award of costs to the defendant who was named in both the prior and instant suits." *Simeone v. First Bank Nat. Ass'n*, 125 F.R.D. 150, 154 (D. Minn. 1989), *aff'd with respect to costs and vacated in part on other grounds*, 971 F.2d 103, 108 (8th Cir. 1992).

## IV.    CONCLUSION

Rule 41(d) affords Meridian Co. the right to be reimbursed for the costs and attorneys' fees it was forced to incur as a result of Plaintiff's wasteful Texas Action. Accordingly, Defendants respectfully request a stay of the current proceedings until Plaintiff reimburses Meridian Co. $121,324.46.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated:  July 14, 2008

By:    _____

Raymond R. Castello (RC-2106)
Kristen McCallion (KM-5593)
153 East 53rd Street, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291

*Attorneys for Defendants*

19