UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL,<br><br>       Plaintiff,<br><br>v.<br><br>LIONEL BISSOON, M.D.<br>d/b/a MESOTHERAPIE & ESTETIK,<br>MERIDIAN AMERICA MEDICALS, INC.<br>MERIDIAN MEDICAL INC., and<br>MERIDIAN CO., LTD.,<br><br>       Defendants. | 07 Civ. 8696 (DLC) |

**DECLARATION OF RAYMOND CASTELLO IN SUPPORT OF DEFENDANTS'
MOTION PURSUANT TO FED. RULE CIV. P. 41(d)**

RAYMOND R. CASTELLO, declare the following:

1. I am a Principal of the law firm Fish & Richardson P.C. and counsel for Defendants in this lawsuit. I make this Declaration in support of Defendants' Motion pursuant to Federal Rule of Civil Procedure 41(d).

The Texas Action:

2. On February 28, 2007, plaintiff Therapy Products, Inc. d/b/a Erchonia Medical ("Plaintiff") filed a civil action (the "First Texas Complaint") in the United States District Court for the Northern District of Texas (the "Texas Action") against three defendants, namely, Roman Chubaty, M.D., AestheticMD, and defendant in the current action, Meridian Co. (collectively, the "Texas Defendants"). A true and correct copy of the First Texas Complaint is annexed hereto as Exhibit A.

3. On March 29, 2007, Plaintiff filed a First Amended Complaint in the Northern District of Texas against the Texas Defendants (the "First Amended Texas Complaint"). A true and correct copy of the First Amended Texas Complaint is annexed hereto as Exhibit B.

4. On April 18, 2007, Plaintiff attempted to serve Meridian Co. via hand delivery, by leaving a copy of the First Amended Texas Complaint at the Canadian address of Meridian Co.'s North American distributor, Meridian Medical Inc. ("Meridian Medical"),[1] at Meridian Medical's place of business in Vancouver.

5. Meridian Co. is neither located at Meridian Medical's Vancouver address, nor did it have a president, vice-president, or registered agent at that address. *See*, the Declaration of Hyeong-Seong Myeong, annexed as Ex. 1 to Meridian Co. Ltd's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support, a correct copy of which is annexed hereto as Exhibit C.

6. On May 8, 2007 Meridian Co. moved to dismiss the First Amended Texas Complaint for lack of proper service and personal jurisdiction over Meridian Co.. *See*, Exhibit C (Meridian Co. Ltd's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support).

7. On May 17, 2007, Plaintiff filed an emergency motion to enlarge its time to respond to Meridian Co.'s Motion to Dismiss, in part so that it could conduct jurisdictional discovery, which would include Plaintiff's taking of several depositions of the Texas Defendants. True and correct copies of Therapy Products, Inc.'s Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss, Request For Expedited Hearing and Memorandum and Brief In Support, *and* Therapy Products, Inc.'s Emergency Motion For Leave To Take Expedited Oral Depositions On Jurisdictional Issues, Request For Expedited Hearing and Memorandum and Brief In Support, are annexed hereto as Exhibits D and E, respectively.

---

[1] Meridian Medical is a defendant in the current action.

2

8. Meridian Co. opposed Plaintiff's emergency motion in a response dated May 25, 2007. A true and correct copy of Meridian Co. Ltd.'s Response In Opposition To Plaintiff's Emergency Motions and Brief In Support is annexed hereto as Exhibit F.

9. Plaintiff filed a reply to its emergency motion on June 1, 2007. A true and correct copy of Therapy Products, Inc.'s Reply To Meridian Co., Ltd.'s Response To The Motion For Leave To Take Expedited Oral Depositions and Brief In Support is annexed hereto as Exhibit G.

10. On June 14, 2007, U.S. District Court Judge David C. Godbey granted Plaintiff's motion for additional discovery, permitting Plaintiff to take up to four depositions of the Texas Defendants within the next forty-five days. A true and correct copy of the Court's Order dated June 14, 2007, is annexed hereto as Exhibit H.

11. On June 28, 2007, Plaintiff filed a Motion for Leave to Amend the First Amended Texas Complaint, this time to add an additional defendant, Meridian Medical. A true and correct copy of Therapy Products, Inc.'s Motion For Leave To File Amended Pleading and Memorandum and Brief In Support is annexed hereto as Exhibit I.

12. Plaintiff requested an extension of the July 29, 2007 deadline by which it had to conduct depositions. On July 23, 2007 the parties filed a Joint Stipulation which extended both Plaintiff's time to take depositions and Meridian Co.'s time to respond to Plaintiff's Motion for Leave to File an Amended Complaint to August 31, 2007. A true and correct copy of the Joint Stipulation Extending Extension of Time to Respond is annexed hereto as Exhibit J.

13. During this time period, Plaintiff and Meridian Co. also commenced and engaged in extensive settlement discussions which were ultimately unsuccessful.

14. On August 21, 2007, Meridian Co. agreed not to oppose the filing of Plaintiff's *second* amended complaint in Texas which would add Meridian Medical as a defendant to the Texas

Action. A true and correct copy of the Amended Certificate of Conference Regarding Plaintiff's Motion for Leave to File an Amended Pleading is annexed hereto as Exhibit K.

15. On August 22, 2007, Plaintiff and Meridian Co. filed a Joint Status Report with the Court pursuant to a July 25, 2007 Court Order. A true and correct copy of this Joint Status Report is annexed hereto as Exhibit L.

16. With the stipulated, extended deadline of August 31, 2007 for Plaintiff's requested depositions approaching, Plaintiff conducted one deposition on August 29, 2007, of Dr. Chubaty.

17. Meridian Co. incurred fees in connection with this deposition, as its attorneys prepared for the deposition of Dr. Chubaty, whom it deposed, via telephone.

18. On September 12, 2007, Plaintiff's attorneys filed an Unopposed Motion to Withdraw from representing Plaintiff in the Texas Action. A true and correct copy of this Unopposed Motion to Withdraw is annexed hereto as Exhibit M.

19. Plaintiff's new counsel requested an extension of time (in furtherance of Plaintiff's May 17, 2007 Motion for an Enlargement of Time), to respond to Meridian Co.'s Motion to Dismiss the Texas Action. Meridian Co. agreed. A joint stipulation was filed by Plaintiff and Meridian Co. on September 14, 2007, by which the parties agreed that Plaintiff's time to respond to Meridian Co.'s Motion to Dismiss would be extended to September 27, 2007. A true and correct copy of this Joint Stipulation Extending Time To Respond is annexed hereto as Exhibit N.

20. Despite this Stipulation, Plaintiff failed to respond to Meridian Co.'s pending Motion to Dismiss by the extended, stipulated deadline of September 27, 2007, rather, on September 28, 2007, Plaintiff filed a voluntary notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). A true and correct copy of this Notice of Dismissal Under FRCP 41 is annexed hereto as Exhibit O.

The New York Action

21. On October 9, 2007, Plaintiff filed a civil action in the United States District Court for the Southern District of New York against Defendants. A true and correct copy of the Complaint filed in the Southern District Court of New York is annexed hereto as Exhibit P.

Meridian Co.'s Costs and Attorney Fees

22. Meridian Co. incurred costs, including attorneys' fees, in connection with its defense of the Texas Action, between the time period of April 19, 2007 and September 28, 2007, of One Hundred and Twenty One Thousand, Three Hundred and Twenty Four Dollars and Forty Six Cents ($121,324.46). Annexed hereto as Exhibit Q are true and correct copies of invoices sent to Meridian Co. by Fish & Richardson P.C., in connection with its work defending Meridian Co. in the Texas Action, certain portions of which have been redacted due to attorney-client privilege and work-product immunities.

23. Unredacted versions (not annexed hereto) of the invoices annexed as Exhibit Q are contemporaneous time records that show for each attorney, the date, the hours expended, and the nature of the work done for Meridian Co. as a specific result of Meridian Co. having to defend the Texas Action, and relate to work-product applicable only to the Texas Action that cannot be applied to the New York Action. We invite the Court to review unredacted versions of the invoices *in camera*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of July, 2008 in New York, New York.

By: _____
Raymond R. Castello