# Exhibit A



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 2 8 2007

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV.ACT.NO. _____ |
| | § | 3 0 7 C V 0 3 8 1 - N |
| ROMAN CHUBATY, M.D.,<br>MERIDIAN CO., LTD. and<br>AESTHETICMD, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION
## FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia") files this Complaint and

Application for Temporary and Permanent Injunction against Defendants Roman Chubaty, M.D.

("Chubaty"), Meridian Co., Ltd. ("Meridian"), and AestheticMD.

### Jurisdiction and Venue

1.    This Court has jurisdiction over this action pursuant to: 15 U.S.C. § 1121 (actions

arising under the Federal Trademark Act); 28 U.S.C. § 1338(a) (acts of Congress relating to

trademarks); 28 U.S.C. §1338(b) (claims relating to unfair competition where significant trademark

claims are involved; 28 U.S.C. 1331 (Federal Question), 1332 (Diversity), and Principles of Pendent

jurisdiction under §1367(a), the Lanham Trademark Act of 1945, 15 U.S.C.1051, et seq. (the

"Lanham Act").  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).  Plaintiff

Erchonia is a Texas corporation with its principal place of business in Collin County, Texas.

- 1 -

## Parties

2.      Defendant Meridian Co., Ltd is a corporation doing business in this district and division. It may be served through its president, vice president, or registered agent at 2150 West Broadway, Vancouver, BC  V6K 4L9.

3.      Defendant AestheticMD is doing business in this district and division. It may be served through its president or vice president at 8591 E. Bell Road, Suite 102, Scottsdale, Arizona 85260; or by serving its registered agent, Dr. Babak M. Nayeri at 9699 North Hayden Road, Suite 108, Scottsdale, Arizona 85258.

4.      Defendant Roman Chubaty, M.D. is an individual. He may be served at 8591 E. Bell Road, Suite 102, Scottsdale, Arizona 85260.

## Factual Background

5.      Erchonia manufactures and markets laser devices for medical use. Since its founding, Erchonia has developed a reputation as an industry leader and consistently has sought to market its capability to as many potential clients and markets as possible. As part of its marketing strategy, Erchonia sought professional assistance to develop a distinctive and recognizable image and branding for its low level medical lasers. As part of its efforts to create brand awareness and impact, Erchonia created and trademarked LIPOLASER (the "Mark") in connection with certain low level lasers that Erchonia has marketed in the United States, Canada, Korea, and throughout the world. Erchonia has used the mark LIPOLASER at least since 2001. Erchonia's LIPOLASER Mark is covered by U.S. trademark application 78/788444, Canadian trademark application 1,322,869, Korean trademark application 40-2006-0057323, and Brazilian trademark application 8287330024. Copies of Erchonia's trademark applications are attached as Exhibits 1, 2, 3, and 4.

6.      Erchonia invested substantial time and money in developing its branding, including the Mark, and has promoted and consistently and successfully used this branding to market itself and

- 2 -

to set itself apart in the marketplace. Erchonia has created specific recognition in the marketplace for its low level lasers by associating the Mark with Erchonia's lasers. Erchonia's Mark is distinctive and unique to Erchonia.

7.    Long after Erchonia had invested the time and monies necessary to achieve a high level of distinction and effectiveness in its branding and trade dress, including the Mark, Defendants Meridian and AestheticMD began using Erchonia's Mark, and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.

8.    On November 1, 2006, Erchonia served a cease and desist letter upon AestheticMD demanding that AestheticMD immediately cease using Erchonia's Mark in its marketing materials. On November 16, 2006, AestheticMD responded to Erchonia's cease and desist letter by informing Erchonia that AestheticMD had forwarded Erchonia's cease and desist letter to Meridian so that Meridian could clear up any problems with the use of Erchonia's Mark, specifically the term LIPOLASER.  On December 21, 2006, Erchonia served a cease and desist letter upon Meridian demanding that Meridian immediately cease using Erchonia's Mark.

9.    Despite Erchonia's notice that they were violating Erchonia's Mark, Defendants willfully continued to use the Mark, including the term LIPOLASER.

10.    Defendants intentionally have misappropriated the significant time, effort, and resources expended by Erchonia to achieve recognition and acceptance of Erchonia's low level lasers by taking Erchonia's Mark and using the Mark to actively market and promote their own competing products.  They have attempted to reduce Erchonia's Mark from a highly distinctive and unique aspect of Erchonia's marketing and promotional efforts to Erchonia's detriment and damages.

11.    Defendants actively have marketed themselves throughout the United States and the world using materials that infringe upon Erchonia's Mark. They have targeted substantially the same consumers as Erchonia, and presented their message in such a way as to closely duplicate Erchonia's

- 3 -

own marketing efforts. On information and belief, Defendants undertook these particular forms of marketing to capitalize on the success generated by Erchonia's efforts, without the burden of having to invest the time and resources that Erchonia committed, and knowing that their use of misleadingly similar trade dress and materials coupled with Erchonia's Mark is substantially likely to result in confusion among consumers that would cause Defendants to obtain business that would otherwise have been directed toward Erchonia.

12.    Further, the low level lasers offered by Meridian and AestheticMD through their use of the Mark and the misleadingly similar trade dress and materials are inferior to the low level lasers offered by Erchonia. On information and belief, Erchonia's reputation for quality and service has been and will continue to be tarnished through association with Meridian's inferior products, unless Meridian and AestheticMD are prohibited from continuing to use these misleading materials and Erchonia's Mark.

13.    Erchonia has completed all statutory formalities to registering the Mark.

**COUNT I**

**FALSE DESIGNATION OF ORIGIN AND
FALSE DESCRIPTION UNDER §43(a) OF THE LANHAM ACT**

14.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein. Defendants' conduct, as set forth herein, constitutes violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)) as a false designation of origin and/or a false description or representation of goods. Defendants' commercial use of Erchonia's Mark in interstate commerce through their websites, brochures and other marketing materials, to promote their low level lasers for medical uses constitute a false and misleading representation of their services, all to Erchonia's damage.

-4-

15.    Upon information and belief, Defendants will continue to cause serious and irreparable injury and damage to Erchonia, unless restrained by the Court. Accordingly, pursuant to 15 U.S.C. § 1125 (c)(1), Erchonia seeks a preliminary and permanent injunction from the Court against Defendants' use of the Mark in Defendants' websites, brochures and other marketing materials that are substantially similar to, and likely to cause confusion with, those of Erchonia. Additionally, pursuant to 15 U.S.C. § 1125 (c)(2), Erchonia seeks all of Defendants' profits generated through the use of Erchonia's Mark, all lost profits and other damages suffered by Erchonia as a result of Defendants' infringements, and all costs and attorneys' fees associated with Defendants' infringements and this lawsuit.

16.    As a direct and proximate result of Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages, as well as irreparable injury for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief under 15 U.S.C. §1117, monetary damages alone will not fully compensate Erchonia for the harm caused by Defendants' conduct.

17.    Upon information and belief, Defendants' activities are willful.

### COUNT II

### FEDERAL TRADEMARK INFRINGMENT
### PURSUANT TO §32(1) OF THE LANHAM ACT, 15 U.S.C. §1114(a)

18.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

19.    Defendants' use of the trademark which is identical or substantially similar to Erchonia's registered trademark used in conjunction with Defendants' medical use of their low level lasers for medical services and Defendants' manufacturing and marketing of their low level lasers for medical services are confusingly similar to Erchonia's prior existing and valid registered trademarks and are without Erchonia's permission.

- 5 -

20.    Defendants' unauthorized use of the infringing LIPOLASER Marks has resulted in and is likely to result in additional consumer confusion, mistake, or deception, and it likely to cause consumers to believe that Erchonia is the source of the Defendants' LIPOLASER goods and services and that there is an affiliation between the Defendants' goods and services and Erchonia's services, or that Erchonia sponsors the Defendants' goods and services.

21.    Defendants' acts violate §32(1) of the Lanham Act, 15 U.S.C. §1114(a).

22.    On information and belief, Defendants' activities are willful.

23.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages, as well as irreparable injury for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief under 15 U.S.C. §1117, monetary damages alone will not fully compensate Erchonia for the harm caused by the Defendants' conduct.

### COUNT III

### COMMON LAW TRADEMARK INFRINGMENT, PASSING OFF AND UNFAIR COMPETITION

24.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

25.    Erchonia owns the common law trademarks described herein.

26.    Defendants' deceptive use of confusingly similar trademarks in Texas and elsewhere constitutes, *inter alia*, common law trademark infringement, a passing off of Defendants' goods and services of Erchonia, and unfair competition. Upon information and belief, the Defendants' illegal conduct has deceived and caused actual confusion and mistake as to the source and origin of Defendants' goods and services, and is likely to further deceive and cause confusion as to the source, affiliation, or sponsorship of the Defendants' products, vis-a-vis, Erchonia if allowed to continue unchecked into the future.

- 6 -

27.    Upon information and belief, the Defendants are willfully engaging in their illegal activities for the purpose of diverting sales from Erchonia, the full scope of which is yet to be ascertained.

28.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages as well as irreparable injury, for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief, monetary damages alone will not fully compensate Erchonia for the harm caused by the Defendants' conduct.

### COUNT IV

### TRADEMARK DILUTION, BLURING AND TARNISHMENT

29.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

30.    In violation of TEX. BUS. & COMM. CODE §16.29, the Defendants' conduct, upon information and belief, has and continues to injure and dilute the value of Erchonia's trademarks.

31.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial irreparable injury for which no adequate remedy at law exists.

### COUNT V

### APPLICATION FOR PRELIMINARY INJUNCTION

32.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

33.    In summary, Erchonia has prior and superior rights to its trademarks by virtue of its prior use of its distinctive trademark and by its prior application for registration of the trademarks in question. As shown hereinabove and through the attached evidence, and in the Memorandum in Support of this Application, which will be filed by Erchonia, Defendants have used and will continue to use the confusingly similar or exact copy of the LIPOLASER trademark in the marketing and sale

of its medical services, without authorization. Upon further information and belief, Defendants have willfully and intentionally used and continue to use the trademark in question with the knowledge that Erchonia has superior and prior rights, and has done so willfully, intentionally and knowingly in bad faith, and as a result, has damaged and continues to damage Erchonia, (as well as wrongfully profiting on Erchonia's trademark, reputation and good will).

34.     As will be set forth more fully in Erchonia's Memorandum and Brief in Support of its Application for Preliminary Injunction and in the evidence in support of the Application, which is incorporated herein by reference, Erchonia is entitled to a Preliminary Injunction because it can show: (1) a substantial likelihood that Erchonia will succeed on the merits of each of its claims; (2) a substantial threat that a denial of the requested Preliminary Injunction will result in irreparable harm to Erchonia; (3) the threatened injury to Erchonia outweighs any damage that may result to the Defendants; and (4) issuing the Preliminary Injunction will not disserve the public interest.

35.     Erchonia will suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from using the LIPOLASER trademark or any other trademark confusingly similar to Erchonia's prior registered trademark; infringing upon Erchonia's LIPOLASER trademark; affixing, applying, annexing, using or making in connection with the sale of any services or goods, any false designation of origin, false description or false representation, including words, marks, other symbols, and/or packaging tending to falsely describe or represent that services or products originating from the Defendants are manufactured, sponsored, authorized, licensed by or otherwise connected or affiliated with Erchonia; passing off the Defendants' goods and services as being from or affiliated with Erchonia; unfairly competing with Erchonia; and/or disparaging Erchonia in the conduct of its business. As set forth more fully hereinabove, and also in the Memorandum in Support of Erchonia's Application for Preliminary Injunction, which will be filed by Erchonia, the injury to Erchonia is imminent and in fact existing and ongoing at this time. To that end, upon

- 8 -

information and belief, confusion is occurring in the marketplace right now and dilution of the strength, reputation and perceived value of the LIPOLASER brand and trademark and Erchonia's position in the marketplace is being diluted and injured in an ongoing basis through the Defendants' actions in bombarding the market with confusingly similar, and upon information and belief, inferior medical goods and/or services.

36.    The injury and harm Erchonia is suffering at the hands of Defendants is irreparable and there is no adequate remedy at law to redress the injuries. The injuries being sustained to Erchonia's market position and Erchonia's customer's perception of the value of the LIPOLASER brand is particularly difficult to calculate due to the esoteric nature of the perceptions of Erchonia's customers. Upon information and belief, the information will demonstrate that incidents of actual confusion among the chain of services and between Erchonia's actual customers and pool of potential customers with those of the Defendants have occurred and will continue to occur unless the Defendants are enjoined from bombarding the market with their knock-off LIPOLASER brand. Further, upon information and belief, Erchonia's reputation for quality and good will that has been established by Erchonia's marketing of the LIPOLASER brand is being substantially impaired by the Defendants' actions. Calculable damages for this type of effect on the subjective perceptions of Erchonia's customers is not readily ascertainable. What is clear is that the consumers and customers will not use a product they perceive as inferior or dangerous. Accordingly there is no adequate remedy at law, but an equitable preliminary injunction must be issued to stop the injury to Erchonia.

37.    Further, there is a substantial likelihood that Erchonia will prevail on the merits because Erchonia clearly holds prior and superior rights to the trademark and because the Defendants' use and marketing of the confusingly similar trademark demonsate that Defendants are already engaging in trademark infringement under §32(1) of the Lanham Act; trademark infringement under §43(a) of the Lanham Act; common law trademark infringement, passing off,

- 9 -

unfair competition, trademark dilution, tarnishment, and upon information and belief, willfully, wrongfully and for unjust profit.

38.     The harm faced by Erchonia outweighs the harm that would be sustained by Defendants if the Preliminary Injunction were granted, upon information and belief. Further, upon information and belief, Defendants will not suffer undue hardship or loss as the result of the issuance of a Preliminary Injunction.  Erchonia holds the registered marks and has made substantial investments in the success of same; whereas the Defendants have entered the market with, upon information and belief, the knowledge that it intended to trade off the investment and success Erchonia has made and enjoyed in the LIPOLASER trademark.

39.     Issuance of a Preliminary Injunction would not adversely affect the public interest because the public has a substantial interest in the protection of federally registered marks and the investment, research and development of new products and services that are protected by the Federal Trademark Registration statute and related federal laws.  The public interest further is adversely affected by improperly rewarding bad faith actions that seek to undermine the process, laws and goals of the federal registration of trademarks for individual profit and a free ride on the substantial financial commitment and hard work of parties such as Erchonia in this case.

40.     Erchonia is willing to post a bond in an amount the Court deems appropriate to protect any counterveiling interest that may be adversely affected by a wrongful issuance of a Preliminary Injunction.

41.     Erchonia would ask the Court to set its Application for Temporary Injunction for hearing, and after hearing the request, issue a Preliminary Injunction against the Defendants, enjoining Defendants and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and any and all persons, firms, associations and corporations in active concert or participation with the Defendants from: (1) using the trademark and trade name LIPOLASER; (2)

infringing upon Erchonia's LIPOLASER trademark; (3) affixing, applying, annexing, using, or making in connection with the sale of any goods or services, any false designation of origin, false description, or false representation, including words, marks, other symbols that falsely describe or represent that products or services originating from the Defendants are manufactured, sponsored, authorized, licensed by, or otherwise connected or affiliated with Erchonia; (4) passing off the Defendants' products or services as being from Erchonia; (5) unfairly competing with Erchonia; and (6) disparaging Erchonia in the conduct of its business.

## COUNT VI

## REQUEST FOR PERMANENT INJUNCTION

42.     Erchonia incorporated by reference the factual allegations of all previous paragraphs herein.

43.     Erchonia asks the Court to set its Application for Injunctive Relief for a full trial on the issues in this its Application, and after the trial, to issue a Permanent Injunction against the Defendants in conformity with the Preliminary Injunction requested hereinabove, and permanently enjoining the Defendants and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and any and all persons, firms, associations and corporations acting in concert or participation with the Defendants from:  (1) using the trademark and trade name LIPOLASER; (2) infringing upon Erchonia's LIPOLASER trademark; (3) affixing, applying, annexing, using, or making in connection with the sale of any goods or services, any false designation of origin, false description, or false representation, including words, marks or other symbols that falsely describe or represent that products or services originating from the Defendants are manufactured, sponsored, authorized, licensed by, or otherwise connected or affiliated with Erchonia; (4) passing off the Defendants' products or services as being from Erchonia; (5) unfairly competing with Erchonia; and (6) disparaging Erchonia in the conduct of its business.

- 11 -



## JURY DEMAND

44.    Plaintiff hereby demands a trial by jury on all issues triable to a jury as allowed by law.

## ATTORNEY'S FEES

45.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

46.    Erchonia would show the Court that this is an exceptional case within the meaning of the Lanham Act and would demonstrate to the Court that Plaintiff is entitled to an award of reasonable attorney's fees pursuant to 15 U.S.C. §1117(a). Upon information and belief, Plaintiff will be able to demonstrate the Defendants' actions were willful, deliberate, malicious and/or fraudulent infringement of Erchonia's rights, to a degree that would warrant an award of Erchonia's attorney's fees in an amount found reasonable and appropriate by the Court.

47.    Accordingly, Erchonia requests that the Court award it reasonable and necessary attorney's fees in an amount found appropriate by the Court.

WHEREFORE, Plaintiff Erchonia respectfully requests that Defendants be cited to appear and answer herein, and that the Court award the following relief:

     (i)    entry of a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from using Erchonia's Mark, trade dress, marketing materials and other intellectual property, from infringement of Erchonia's trade dress, from dilution of Erchonia's trademark and trade dress rights, and from injuring Erchonia's business reputation;

     (ii)    that Defendants be required to account to Erchonia for Defendants' profits resulting from its infringement and misleading designations, and to disgorge those profits to Erchonia;

     (iii)    that Defendants be required to pay to Erchonia damages for the injuries sustained by Erchonia as a result of Defendants' misappropriation, infringement, and misleading designations;

- 12 -

(iv)   that Defendants be required to pay Erchonia exemplary damages as a result of their malicious conduct;

(v)    that Defendants be ordered to surrender for destruction all products, labels, advertisements and other promotional and other written materials that consist of the Mark or Erchonia's trade dress or any other name or mark confusingly similar to Erchonia's Mark or trade dress and other intellectual property;

(vi)   that Defendants be ordered to file with the Court and serve on Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with subparagraphs (i) and (v) of this section hereinabove.

(vii)  that Defendants be required to pay Erchonia's attorneys' fees, together with all costs of this suit; and

(viii) that Erchonia be awarded such additional relief to which Erchonia is justly entitled.


Respectfully submitted,

**DAVID, GOODMAN & MADOLE,**
A Professional Corporation

By: _____
    Brad L. Myers
    State Bar No. 00788101
    David G. Crooks
    State Bar No. 24028168
    Abby L. Ewing
    State Bar No. 24053194
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972-991-0889
972-404-0516 – Fax

ATTORNEYS FOR PLAINTIFF

201101.1/3761.020

- 13 -

# EXHIBIT "1"

Trademark Electronic Search System (TESS)                           Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Dec 20 04:18:55 EST 2006*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] **SEARCH OG** [BOTTOM] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST] [FIRST DOC]
[PREV DOC] [NEXT DOC] [LAST DOC]

[LOGOUT] Please logout when you are done to release system resources allocated for you.

[START] List At: [＿＿＿] OR [JUMP] to record: [＿＿＿]  **Record 2 out of 3**

[TARR Status] [ASSIGN Status] [TTAB Status]  *( Use the "Back" button of the Internet Browser to return to TESS)*

# LIPOLASER

| | |
|---|---|
| **Word Mark** | LIPOLASER |
| **Goods and Services** | IC 010. US 026 039 044. G & S: Lasers for surgical, medical, and chiropractic therapy |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Design Search Code** | |
| **Serial Number** | 78788444 |
| **Filing Date** | January 10, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Erchonia Medical, Inc. CORPORATION ARIZONA 4751 E. Indigo St. Mesa ARIZONA 85205 |
| **Attorney of Record** | Sandra L. Etherton |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] **SEARCH OG** [TOP] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST] [FIRST DOC]
[PREV DOC] [NEXT DOC] [LAST DOC]

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

## Exhibit A

# EXHIBIT "2"



**Office de la propriété intellectuelle du Canada**

**Canadian Intellectual Property Office**

Un organisme d'Industrie Canada

An Agency of Industry Canada

50, rue Victoria
Place du Portage I
Gatineau (Québec) K1A 0C9

50 Victoria Street
Place du Portage I
Gatineau, Quebec K1A 0C9

| Date | 07 nov/Nov 2006 |
| Votre référence - Your reference | TM 64537-1 |
| Numéro de dossier - File number | 1322869 |

BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

Requérant - Applicant

Erchonia Medical, Inc.

Marque de commerce - Trade-mark

LIPOLASER

## AVIS DE RÉCEPTION

Nous accusons réception de la demande d'enregistrement de cette marque de commerce ainsi que du droit de production de la demande. La date de production de cette demande est:

## FILING NOTICE

Receipt is acknowledged of the application and filing fee for the registration of this trade-mark. This application's filing date is:

**03 nov/Nov 2006**

Pour toute correspondance veuillez inclure le numéro de dossier mentionné ci-dessus.

Pour obtenir des renseignements sur les marques de commerce veuillez signaler le (819) 997-1936 ou visitez notre site Web au http://opic.gc.ca . De plus, vous pouvez obtenir de l'information concernant le statut de votre demande à partir de la Base de données des marques des commerce via notre site Web.

La *Loi sur les marques de commerce* prévoit un système d'enregistrement des marques de commerce. Il est important de remarquer que l'enregistrement d'une marque de commerce ne garantit aucunement que l'emploi de cette marque satisfera aux exigences d'autres lois, ou encore que cet emploi ne constituera pas une infraction à d'autres lois.

Une feuille de vérification de votre demande est jointe à titre de révision. Si vous avez des questions concernant l'information qui y figure, veuillez communiquer avec :

For all future correspondence please include the file number stated above.

For general information on trade-marks please call (819) 997-1936 or visit our Web site at http://cipo.gc.ca . You may also obtain status information on your application from the Trade-marks Database on our Web site.

The *Trade-marks Act* provides a system for registration of trade-marks. It is important to note that the registration of a mark under the *Trade-marks Act* does not imply that its use will comply with the requirements of other statutes, or that such use will not constitute a contravention of other statutes.

A Proof Sheet of the application is attached for your review. If you have any questions on the information contained within the Proof Sheet please contact:

La Section des Formalités
Place du Portage I
50, rue Victoria, Gatineau, (Québec) K1A 0C9
Téléphone : (819) 953-8575  Télécopieur : (819) 953-6742

Formalities Section
Place du Portage I
50 Victoria Street, Gatineau, Quebec K1A 0C9
Tel: (819) 953-8575  Fax: (819) 953-2476

**Exhibit B**

Registraire des marques de commerce
Registrar of Trade-marks

**Canada**

http://opic.gc.ca · http://cipo.gc.ca



OPIC    CIPO

**APPL'N No./No DEM.   1 322 869**

**FORMALIZED/FORMALITÉS ACCOMPLIES**

**FILING DATE/DATE DE PRODUCTION:**                                    03 nov/Nov 2006

**APPLICANT/REQUÉRANT:**

Erchonia Medical, Inc.
4751 E. Indigo St.
Mesa, Arizona 85205
UNITED STATES OF AMERICA

**AGENT: (TM 64537-1)**
BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

**REP FOR SERVICE/REP POUR SIGNIFICATION:**

(TM 64537-1)
BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

**TRADE-MARK/MARQUE DE COMMERCE:**

# LIPOLASER

**INDEX HEADINGS/RUBRIQUES:**

LIPOLASER
*     *

**WARES/MARCHANDISES:**

Lasers for surgical, medical, and chiropractic therapy.

**SERVICES:**

Educational services; lipoplasty; liposurgery and fat and/or celluloid reduction procedures.

**CLAIMS/REVENDICATIONS:**

Used in CANADA since at least as early as January 10, 2006 on wares and on services.

Used in UNITED STATES OF AMERICA on wares.

**APPL'N No./No**      **1 322 869**

Filed in UNITED STATES OF AMERICA on January 10, 2006 under No. 78/788,444 on wares.

| Action | Date | BF | Comments/Commentaires |
|---|---|---|---|
| filed/produite | 2006/11/03 | | |
| created/créé | 2006/11/06 | | |
| formalized/formalisée | 2006/11/07 | | |

# EXHIBIT "3"

출원번호통지서 ●                                          페이지 1 / 1

관인생략

# 출원번호통지서

출 원 일 자   2006.11.13

특 기 사 항   참조번호(0001)

출 원 번 호   40-2006-0057323 (접수번호 1-1-2006-0828829-29)

출원인 명칭   에코니아 메디컬, 인코포레이티드 (5-2006-046575-9)

대리인 성명   박중혁 (9-2000-000056-3)

# 특   허   청   장

1. 출원번호통지서 출원 이후 심사진행 상황 등을 확인하실 때에는 출원번호가 필요하오니 출원번호통지서는 출원절차가 종료될 때까지 보관하시기 바랍니다.

2.
   2-가. 특허 및 실용신안 출원은 심사청구 후 평균 10개월에 1차 심사처리가 이루어지고, 상표 및 디자인은 출원 후 평균 6개월에 1차 심사처리가 이루어집니다.
   2-나. 특허 및 실용신안은 특허청 홈페이지(http://www.kipo.go.kr 이하 "홈페이지"라 함) "마이 특허넷"에서 1차 심사처리 1개월 전에 1차 심사결과통지 예정시기를 확인할 수 있으며, 또한 동 코너에 1차 심사결과통지 예정시기 알림 서비스를 신청하시면 1차 심사처리 전 1개월 전에 해당 출원 건의 1차 심사결과통지 예정시기를 SMS 또는 E-mail 서비스로 제공 받을 수 있습니다.
   2-다. 상표 및 디자인은 특허청 홈페이지(공지사항)에 듀얼 1차 심사결과통지 예정시기를 메일게시하고 있으며, 특허정보검색서비스 시스템(http://www.kipris.or.kr)을 통해 개별 출원건에 대한 1차 심사결과통지 예정시기를 알려드립니다. 또한, 출원시 1차 심사결과통지 예정시기 알림 서비스를 신청하시면, SMS 또는 E-mail 서비스로 제공해 드립니다.
   ※ 상기 1차 심사결과통지 예정시기는 사정에 의해 다소 늦거나 빨라질 수 있습니다.
   2-라. 1차 심사결과통지서(심사관이 특허결정을 통보하기 전 또는 심사관이 최초로 거절이유를 통지한 후 출원인이 그 거절이유를 받기 전 등 빠른 때)까지 귀하께서는 특허출원서에 최초로 첨부된 명세서 또는 도면에 기재된 사항의 범위 안에서 명세서 또는 도면을 보정할 수 있습니다.

3. 심사청구 특허출원은 출원일로부터 5년 이내에 특허법시행규칙 별지 제24조서식에 의거 심사청구를 하지 않으면 그 출원은 출원취하한 것으로 간주하여 처리됨을 알려드립니다.

4. 우선심사 특허출원 또는 디자인등록출원에 대해 조기에 심사받기를 원하신면 우선심사제도를 이용하실수 있습니다. (★ 우선심사의 대상, 신청절차 등 자세한 내용은 특허청 홈페이지 http://www.kipo.go.kr 지재권제도안내의 우선심사안내코너를 참조하시기 바랍니다.)

5. 기술평가 실용신안의 경우 제3자에 대하여 권리행사를 하기 위해서는 기술평가를 청구하여 등록유지결정을 받아야 하며 기술평가청구구순에 의해 기술평가를 실시합니다.

6. 주소 등 변경신고 출원인의 주소 등을 변경하고자 하는 경우에는 특허법 시행규칙 별지 제4호의 2서식에 의한 출원인 정보변경(경정) 신고서를 제출하여야 합니다. 신고서식은 지방 상공회의소에 비치되어 있으며, 특허청 홈페이지(http://www.kipo.go.kr)에 게재되어 있습니다.

7. 산업재산권 표시, 광고요령 특허 등 산업재산권을 출원 중에 있는 경우에는 해당 산업재산권이 출원 상태임을 다음과 같이 표시하여야 하며, 이를 위반할 경우 특허법 제224조 및 제227조에 의거 처벌 받게 됩니다.
   예) 특허출원 10-2001-0000001, 실용신안등록출원 20-2001-0000001, 디자인등록출원 30-2001-0000001, 상표등록출원 40-2001-0000001
   미성년자 미성년자인 출원인이 만20세에 도달하는 경우 출원인의 부모 등 법정대리인의 대리권은 소멸하게 되므로, 출원인은 직접 또는 대리인을 새로이 선임하여 특허에 관한 절차를 밟을 수 있습니다.

9. 문의사항 기타 문의사항이 있으시면 우리청 고객서비스팀(042-481-5220~2)이나 출원서비스팀 (042-481-5201~5) 또는 특허청 서울 사무소(02-568-6079)에 문의하시거나 특허청 홈페이지 (http://www.kipo.go.kr)를 참고하시기 바랍니다.

10. 특허청 주소 302-701 대전광역시 서구 둔산동 920 정부대전청사 4동
    특허청 서울사무소 주소 135-911 서울특별시 강남구 역삼동 647-9 한국지식센터
    FAX) 대전 : 042-472-7140, 서울 : 02-566-8454

*Exhibit C*



9200000005634011101000005600000000

| 방식심사란 | 담 당 | 심 사 관 |
|---|---|---|
| | | |

【서류명】 출원서

【권리구분】 상표

【수신처】 특허청장

【참조번호】 0001

【제출일자】 2006.11.13

【출원인】

　　【명칭】 어코니아 메디컬, 인코포레이티드

　　【출원인코드】 5-2006-046575-9

【대리인】

　　【성명】 박종혁

　　【대리인코드】 9-2000-000056-3

　　【포괄위임등록번호】 2006-093499-7

【대리인】

　　【성명】 최정연

　　【대리인코드】 9-1998-000581-0

　　【포괄위임등록번호】 2006-093498-0

【상품(서비스업)류 및 지정 상품(서비스업, 업무)】

　　【상품(서비스업)류】 제10류

　　【지정 상품(서비스업, 업무)】

　　외과용 레이저, 의료용 레이저, 카이로프랙틱 요법(chiropractic

　　therapy)용 레이저

【취지】 상표법 제9조의 규정에 의하여 위와 같이 출원합니다.

　　　　대리인　　　　　　　　　　　　　　　박종혁　　(인)

　　　　대리인　　　　　　　　　　　　　　　최정연　　(인)

【수수료】

3-1

【출원료】            1  개류        56,000  원
【우선권주장료】        0  건             0  원
【합계】                        56,000  원
【첨부서류】  1.상표견본_1통

【상표견본】

# LIPOLASER

3-3

# EXHIBIT "4"



protocolo



INPI INSTITUTO NACIONAL DA PROPRIEDADE INDUSTRIAL
PROTOCOLO GERAL
14/09/2006   16:30 NPRJ   020060142544
0000930605200687

# PEDIDO DE REGISTRO DE MARCA

## IDENTIFICAÇÃO DO PEDIDO

Arquivamento

**828730024**

Data
Dia | 14 | Mês | 09 | Ano | 20.06

## DADOS DO DOCUMENTO DE ARRECADAÇÃO

Número do documento (campo nosso número) | 9 | 3 | 0 | 6 | 0 | 5 | 2 | 0 | 0 | 6 | 8 | 7

Código do serviço | 300 | Valor pago | R$ 260.00 | Data pagto | 14.09.2006

## DADOS DO REQUERENTE

CPF / CNPJ / N° INPI | | | | | | | | | | | | |

Nome ou Razão Social | ERCHONIA MEDICAL, INC.

Endereço | 4751 E. INDIGO ST.

Bairro

Município | MESA, AZ 85205 | UF | | C. pais | US

CEP | | Telefone | | FAX

E-Mail

## DADOS DA MARCA

Apresentação | 1 | Natureza | 1

| | |
|---|---|
| 1 - Nominativa | 1 - De Produto |
| 2 - Mista | 2 - De Serviço |
| 3 - Figurativa | 3 - Coletiva |
| 4 - Tridimensional | 4 - Certificação |

Marca Nominativa ou Parte Nominativa da Marca Mista ou da Tridimensional

Etiqueta

| L | I | P | O | L | A | S | E | R | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | | | | | |



NCL (8) | 1 | 0

**Exhibit D**

CFE (4)

| Categoria | Divisão | Seção |
|---|---|---|
| Categoria | Divisão | Seção |
| Categoria | Divisão | Seção |
| Categoria | Divisão | Seção |

Especificação dos Produtos / Serviços

Lasers para uso cirúrgico, medicinal e terapia quioprática

### PRIORIDADE UNIONISTA

| Data do Depósito | | Nº Depósito/Registro | | Código do País | |

### DOCUMENTOS ANEXADOS

- ☒ Guia de recolhimento
- ☒ Procuração
- ☐ Etiquetas
- ☐ Prova de depósito no país de origem
- ☐ Características de produto/ serviço objeto de certificação e medidas de controle
- ☐ Regulamento utilização para marca coletiva
- ☐ Documentos relativos à reivindicação de prioridade
- ☐ Breve descrição da marca tridimensional
- ☐ Outros (especificar)

### DECLARAÇÃO DE ATIVIDADE

Empresa controladora conforme o artigo 128 § 1º da Lei Nº 9.279 ?    ☐ SIM    ☒ NÃO

As atividades exercidas pelo depositante abrangem os produtos / serviços conforme descrição acima no campo "Especificação dos Produtos / Serviços".

Registro na Junta ou Cartório
Sigla | | Data Registro _____ Nº | | Data D.O. _____

### DADOS DO PROCURADOR

| Matrícula API | 192 | UF | RJ | Nº da Inscrição na OAB | |

Nome | DANNEMANN, SIEMSEN, BIGLER & IPANEMA MOREIRA

### DECLARO, SOB AS PENAS DA LEI, SEREM VERDADEIRAS AS INFORMAÇÕES PRESTADAS

Local e Data   Rio de Janeiro, 14/09/2006   Assinatura e Carimbo

M173385 msl

GISELA FISCHER - API 302

### USO EXCLUSIVO DO INPI

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a)   PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Therapy Products, Inc., d/b/a Erchonia Medical | Roman Chubaty, MD; Meridian Co., LTD; and AestheticMD |

**(b)**   County of Residence of First Listed Plaintiff    Collin County, Texas    County of Residence of First Listed Defendant    Maricopa County, Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)    (IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)    Attorneys (If Known)
Brett L. Myers, David, Goodman & Madole, PC; Two Lincoln Centre    Not Known
Ste. 1200; Dallas TX 75209; (972) 991-0889

**3 07 CV 0381 - N**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

## VI. CAUSE OF ACTION
Brief description of cause:  15 U.S.C. 1125(a); 15 U.S.C. 1114(a). Trademark Infringement; Unfair Competition.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions):    JUDGE    DOCKET NUMBER

DATE  2/28/2007    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE