# Exhibit C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **THERAPY PRODUCTS, INC. d/b/a ERCHONIA MEDICAL** | **3-07-CV-0381-N** |
| | **ECF** |
| **Plaintiff,** | |
| **v.** | |
| **ROMAN CHUBATY, M.D., MERIDIAN CO., LTD. and AESTHETICMD** | |
| **Defendants.** | |

## MERIDIAN CO. LTD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendant Meridian Co., Ltd. ("Meridian Co.") moves under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5) to dismiss Plaintiff Therapy Products, Inc. d/b/a Erchonia Medical's ("Plaintiff" or "Erchonia") First Amended Complaint. In support of this motion, Meridian Co. respectfully shows the Court the following:

### I.    INTRODUCTION

Erchonia filed its Original Complaint and Application for Preliminary and Permanent Injunction against Defendants Roman Chubaty, M.D., Meridian Co., Ltd., and Aesthetic MD on February 28, 2007. Prior to serving the defendants, Erchonia filed its First Amended Complaint and Application for Preliminary and Permanent Injunction on March 29, 2007 (hereinafter, the "First Amended Complaint").

On April 18, 2007, Erchonia attempted to serve Meridian Co., a Korean company, by delivering, *via* hand delivery, a copy of the First Amended Complaint to 2150 West Broadway, Vancouver, BC V6K 4L9. Contrary to Plaintiff's claims, Meridian Co. is not located at this

address, and does not have a president, vice-president, or registered agent at this address, thus, Plaintiff's attempt at service was improper, because it is contrary to the Federal Rules of Civil Procedure and the Hague Convention. Accordingly, Plaintiff's First Amended Complaint should be dismissed for lack of proper service.

Further, Plaintiff has failed to allege even the most basic jurisdictional facts before attempting to hale a Korean company into the courts of Texas. Because Plaintiff has wholly failed to allege jurisdictional facts and because Plaintiff cannot establish that Meridian Co. has minimum contacts with Texas, the First Amended Complaint should be dismissed. Moreover, subjecting Meridian Co. to jurisdiction in Texas would offend traditional notions of fair play and substantial justice.

## II.    ARGUMENT AND AUTHORITIES

### A.    The Plaintiff's Claims Should be Dismissed Because Erchonia Has Failed to Properly Serve Meridian Co.

The United States Supreme Court has held that "service of process. . . is fundamental to any procedural imposition on a named defendant. In the absence of such service. . . a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999). A defendant may challenge a suit on the basis of improper process and ineffective service of process, under Federal Rules of Civil Procedure 12(b)(4) and (5), respectively.

Federal Rule of Civil Procedure 4 prescribes the correct methods of effecting service, and the party on whose behalf service has been made bears the burden of establishing the validity of service of process. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th. Cir. 1980). To date, Meridian Co. has not been served with Plaintiff's Original Complaint or Plaintiff's First Amended Complaint. *See* Declaration of Hyeong-Seong Myeong ("Myeong

Dec.") at ¶ 14, attached hereto as Exhibit 1. Meridian Co. has been denied the fundamental right to notice, by means of service of process, of the existence of a lawsuit in which it has been named as a party. Erchonia has failed to abide by the methods of service laid out in the Federal Rules, and therefore, this Court should dismiss the Plaintiff's claims against Meridian Co.

Erchonia alleges in its First Amended Complaint that Meridian Co. may be served at 2150 West Broadway Vancouver, BC V6K 4L9 Canada by serving its president, vice-president, or registered agent for service of process. First Amended Complaint at ¶ 2. Similarly, according to the summons filed by Erchonia in the Northern District of Texas on March 1, 2007, the named defendant, Meridian Co., Ltd,. was to be served at 2150 West Broadway Vancouver, BC V6K 4L9 Canada. *See* Meridian Co. Summons [Docket No. 4]. The summons was delivered by hand delivery to this Canadian address. *See* Myeong Dec. at ¶ 14. Yet, Meridian Co. is a Korean company with its principal place of business in Seoul, Korea. *See* Myeong Dec. at ¶ 3. Meridian Co. is not located at the aforementioned address in Vancouver, Canada and does not maintain any employees or registered agents at the Canadian address. *See* Myeong Dec. at ¶ 14-15. Thus, the party named by the Plaintiff on the First Amended Complaint and on the Civil Summons, Meridian Co., Ltd., has not yet been served.

Under the Federal Rules of Civil Procedure, a foreign corporation must be served in accordance with the edicts of Rule 4(h)(2), which provides that business entities outside the United States may be served by any method permitted for service of individuals in a foreign country under Rule 4(f), *except for* personal delivery. FED. R. CIV. P. 4(h)(2). Erchonia has failed to serve Meridian Co. by any method, proper or improper. Rule 4(f)(1) states that service may be effected outside of the United States "by any internationally agreed upon means reasonably calculated to give notice, such as those means authorized by the Hague Convention

on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Korea and Canada are both signatories of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention"). *See* The Hague Conference on Private and International Law *at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (listing Korea and Canada as signatories). Meridian Co., as a Korean company, must be served by methods authorized by the Hague Convention. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640 (5th Cir. 1994) (Hague Convention applies to all service abroad upon defendants residing in signatory states). Even assuming *arguendo* that Meridian Co., could be properly served at the address in Vancouver Canada, which it cannot, service would still be improper, as the Fifth Circuit has held that the Hague Convention does not permit service by personal delivery. *See Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2003). As Erchonia has not served the defendant, Meridian Co., under Federal Rule of Civil Procedure 4(h)(2) or the Hague Convention, Erchonia's claims against Meridian Co. must be dismissed.

### B.    Plaintiff Bears the Burden of Establishing That Jurisdiction Is Proper

Even if the Court finds that service was proper, or allows the Plaintiff to attempt to cure its ineffective service of process, Plaintiff's First Amended Complaint must be dismissed because this court lacks *in personam* jurisdiction over Meridian Co. Plaintiff has the burden of establishing that jurisdiction over Meridian Co. can be properly exercised in the Northern District of Texas. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Allre v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *see also Gundle Lining Constr. v. Adams City Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Although Plaintiff must ultimately establish

personal jurisdiction by a preponderance of the evidence, in the initial stages of a case Plaintiff must establish facts sufficient to constitute a prima facie case of personal jurisdiction. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (preliminary affidavits must suffice to constitute a prima face case); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 n. 12 (5th Cir. 1983)(Miss.). Plaintiff cannot meet that burden here.

In determining whether Plaintiff has met its burden, "uncontroverted allegations in the plaintiff's complaint must be taken as true…" *Bullion*, 895 F.2d at 217. However, the court is not required to credit plaintiff's conclusory allegations. *Dynamo, L.P. v. Warehouse of Vending & Games*, 168 F. Supp. 2d 616, 619 (N.D. Texas 2001) ("[a]llegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavit."); *Panda v. Brandywine Corp.*, 253 F.3d 865, 868-69 (5th Cir. 2001); *Mieczkowski v. Masco Corp.*, 997 F. Supp. 782, 785 (E.D.Tex. 1998) (conclusory allegations need not be accepted as true even if uncontroverted).

To find personal jurisdiction over a nonresident defendant consistent with due process, the Court must be satisfied that two requirements are met. "First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum…." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[S]econd, the exercise of jurisdiction over the nonresident defendant must not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 647 (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)).

A plaintiff must establish minimum contacts by showing that the defendant "purposefully availed" himself of the benefits and protections of the forum state. This ensures that a defendant

will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985) (citations omitted). Minimum contacts sufficient to support jurisdiction must "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.* (citations omitted; emphasis in original).

The "minimum contacts" requirement may by subdivided into contacts that give rise to "specific" personal jurisdiction and contacts that give rise to "general" personal jurisdiction. *Id.* Absent a showing by Plaintiff of "minimum contacts" with Texas sufficient to give rise to either "specific" or "general" jurisdiction, Meridian Co. cannot be haled into court in Texas.

Even if the Plaintiff satisfies the minimum contacts requirement, the Court must decline jurisdiction under the second prong if exercising jurisdiction would be unreasonable. In making this determination, the Court evaluates the following factors: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenience and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering social policies. *Asahi Metals Indus.,* 480 U.S. at 112. Under this test, forcing Meridian Co. to defend itself in Texas would be unreasonable.

## C.    Meridian Co. Is Not Subject to General Jurisdiction

General personal jurisdiction can be exercised by this Court only where a defendant has had contacts with Texas that are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8-9 (1984). For general jurisdiction to exist, a nonresident defendant's contacts must be so substantial that he would expect that he could be sued in the state for any claim, even one not arising out of his activities in that state. *Shaffer v. Heitner,* 433 U.S. 186, 216 (1977). "In general, this requires a greater amount of contact with

the forum state than would be required to sustain a finding of specific jurisdiction." *Mieczkowski*, 997 F. Supp at 785 (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)).

Here, Meridian Co. has had no contacts with Texas. *See generally* Myeong Dec. at ¶¶ 3-12. Notably, Plaintiff has failed to allege any jurisdictional facts regarding Meridian Co. Plaintiff's sole allegation that is arguably related to jurisdiction is that "Defendants actively have marketed themselves throughout the United States and the world using materials that infringe upon Erchonia's Mark." First Amended Complaint, at ¶ 11. This allegation is merely conclusory and for purposes of personal jurisdiction in Texas, is directly contradicted by Meridian Co.'s declaration. Myeong Dec. at ¶¶ 10,12. Therefore, Plaintiff's conclusory allegation may not be relied upon to establish jurisdiction, and Plaintiff cannot demonstrate that Meridian Co. has had "continuous" or "systematic" contacts with Texas, a requirement before this Court can exercise general jurisdiction over Meridian Co. *Dynamo*, 168 F. Supp. 2d at 619.

The courts have rigorously upheld this requirement when plaintiffs have attempted to bring nonresident defendants before Texas courts. Even where a defendant has had some contact with Texas, the courts have declined to exercise jurisdiction on the basis that such contacts were "random," "fortuitous," and "attenuated" contacts that failed to show that the defendant had "purposefully availed" himself of the benefits and protections of Texas. *See Helicopteros*, 466 U.S. at 414 (contacts with Texas insufficient to sustain general jurisdiction even though defendant has purchased helicopters, negotiated contracts, and trained pilots in Texas). Accordingly, where, such as here, the defendant has had no contact with Texas, general jurisdiction cannot exist.

**D.    Meridian Co. Is Not subject to Specific Personal Jurisdiction**

Specific personal jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros*, 466 U.S. at 414 n. 8-9 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952). In the context of specific jurisdiction, sufficient minimum contacts must be deliberate actions taken by the nonresident and purposely directed at the forum state. *Burger King*, 471 U.S. at 472; *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir. 1985). "A nonresident may permissibly structure his primary conduct so as to avoid being haled into court in a particular state." *Stuart*, 772 F.2d at 1190. A defendant's contacts must be significant enough to give him "fair warning" that he may be subject to a particular forum's jurisdiction. *Id.* When considering specific personal jurisdiction, the court should consider the quality and nature of any contacts with the state and examine the relationship among the nonresident defendant, the forum, and the litigation. *Int'l Shoe*, 326 U.S. at 318.

Here, Plaintiff has not alleged any facts to establish that Meridian Co. has any relation to Texas whatsoever, much less a "substantial" one. Plaintiff has not alleged any contacts with Texas that arise from, or are directly related to, Plaintiff's causes of action. Moreover, Plaintiff does not allege that Meridian Co. committed any acts in Texas or directed any actions at Texas relating to Plaintiff or otherwise. Meridian Co. has not knowingly had any contact with any person or entity in Texas in connection with any of the allegations Plaintiff makes in its Complaint or otherwise. *See generally* First Amended Complaint; Myeong Dec. at ¶ 12. Thus, Plaintiff has entirely failed to demonstrate any purposeful conduct by Meridian Co. directed at the state of Texas.

**E.      It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject Meridian Co. to Personal Jurisdiction in Texas.**

Finally, a court will not exercise jurisdiction if considerations of "fair play and substantial justice" would require making a non-resident's defense in the forum state so unreasonable as to constitute a due process violation. *Asahi Metal Indus.*, 480 U.S. at 105. In considering issues of fairness, the court takes into account the foreseeability of the nonresident defendant being haled into court in that state. In addition, the court evaluates the interests of the forum state in providing redress to its citizens, considers plaintiff's convenience, and determines other states' interests in enforcing their substantive law. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

**1.      Forcing Meridian Co. to defend itself in Texas is an undue burden.**

Here, the burden of requiring Meridian Co., a company incorporated in Korea with its principal place of business in Seoul, Korea, to defend itself in Texas would be severe and unreasonable. Nothing about Meridian Co.'s alleged connection to the facts of this case would lead Meridian Co. to the conclusion that it would be "foreseeable" that it would be sued in Texas. Forcing Meridian Co. to litigate thousands of miles from its principal place of business in a state to which it has no reason to travel, would be a significant and unreasonable burden. By contrast, Plaintiff would not be burdened if this Court declined to exercise jurisdiction over Meridian Co.

**2.      Texas has no particular interest in this action.**

Plaintiff has failed to articulate any particular harm occurring in Texas. Moreover, only the Plaintiff actually resides in Texas, and no party is located in or resides in this judicial district. Taxing this Court with resolution of this matter, which is seemingly unrelated to Texas, would be an undue burden on this court system. The Supreme Court has determined that, "[j]ury duty is a

burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). There is nothing in the Complaint to indicate that the people of Dallas have any connection or relationship with the circumstances of Plaintiff's claims.

### 3.    Plaintiff has no particular interest in litigating in Dallas, Texas.

Plaintiff is a Texas corporation, with its principal place of business in Collin County, Texas. Plaintiff has established no particular interest in litigating in Dallas, Texas.

### 4.    Dallas is not an efficient forum to resolve this controversy.

Because the First Amended Complaint wholly lacks any jurisdictional or geographical facts, it is difficult to determine precisely where the alleged acts giving rise to this suit occurred. Nevertheless, no party resides or is located in this judicial district. Thus, certainly Meridian Co. will have to incur substantial expenses on travel to different locations to investigate the claims and to attend court hearings.

In addition to not having the requisite contacts to enable this Court to exercise jurisdiction over Meridian Co., such exercise violates the second prong of the test as it would be unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant defendant Meridian Co.'s Motion to Dismiss pursuant to Federal Rule Civil Procedure 12(b)(4) and (5) for improper service and 12(b)(2) for lack of personal jurisdiction.

Dated: May 8, 2007.                              Respectfully submitted,

                                                 FISH & RICHARDSON P.C.


                                                 By:  /s/ Kelly Vickers
                                                      Kelly R. Vickers
                                                      State Bar No. 24041827
                                                      Lauren S. Koletar
                                                      State Bar No. 24046235

                                                      1717 Main Street
                                                      Suite 5000
                                                      Dallas, Texas  75201
                                                      (214) 747-5070
                                                      (214) 747-2091 - facsimile

                                                 Counsel for Defendants
                                                 MERIDIAN CO., LTD.


Of Counsel:

FISH & RICHARDSON P.C.

Raymond R. Castello (RC-2106)
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY  10022-4611
Tel:  (212) 765-5070
Fax:  (212) 258-2291

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on May 8, 2007 to all counsel via regular U.S. mail and to all counsel

of record who are deemed to have consented to electronic service via the Court's CM/ECF

system.

| | |
|---|---|
| Brett Lee Myers | Plaintiff |
| Abby Lyn Ewing | Therapy Products, Inc. |
| David Grant Crooks | d/b/a Erchonia Medical |
| David Goodman & Madole, P.C. | |
| 5420 LBJ Freeway, Suite 1200 | |
| Dallas, TX 75240 | |
| Wendy Neal | Defendant |
| Snell & Wilmer L.L.P. | AestheticMD |
| One Arizona Center | |
| Phoenix, Arizona 85004-2202 | |
| | |
| Roman Chubaty, M.D. | Defendant |
| 8591 E. Bell Road | |
| Scottsdale, AZ 85260 | |

/s/ Kelly R. Vickers
Kelly R. Vickers

90222032.doc

**MERIDIAN CO. LTD'S MOTION TO DISMISS – Page 12**

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **THERAPY PRODUCTS, INC. d/b/a**<br>**ERCHONIA MEDICAL** | **3-07-CV-0381-N**<br>**ECF** |
| **Plaintiff,** | |
| **v.** | |
| **ROMAN CHUBATY, M.D., MERIDIAN**<br>**CO., LTD. and AESTHETICMD** | |
| **Defendants.** | |

### DECLARATION OF HYEONG-SEONG MYEONG IN SUPPORT OF MERIDIAN CO. LTD.'S MOTION TO DISMISS

I, HYEONG-SEONG MYEONG, Corporate Representative of Meridian Co., Ltd., declare:

1.      My name is Hyeong-Seong Myeong. I am over the age of twenty-one, of sound mind, capable of making this declaration. I have not been convicted of a felony or a crime of moral turpitude.

2.      I am the President, CEO, and a Director of Meridian Co., Ltd ("Meridian Co."). It is through these positions that I have become familiar with the facts contained herein. The factual statements contained herein are true and correct and are either within my personal knowledge and information or within the corporate information of Meridian Co. to which I have has had access by reason of my position at Meridian Co. I could and would testify on the matters contained herein if called upon to do so.

3.      Meridian Co. is a Korean-based company with its principal place of business at 4F, Heungseong Bldg., 197-3, Jamsil-Dong, Songpa-Gu, Seoul, Korea.

**DECLARATION OF HYEONG-SEONG MYEONG – Page 1**

4.    Meridian Co. does not maintain an office in Texas and has never owned property in Texas.

5.    Meridian Co. does not have any property, employees, or agents in Texas.

6.    Meridian Co. does not have a certificate or authority to conduct business in Texas and does not operate, conduct, engage in or transact business in Texas.

7.    Meridian Co. has never had a bank account or a registered agent for service of process in Texas.

8.    Meridian Co. has not been a party to litigation or paid taxes in Texas.

9.    Meridian Co. has never executed a contract in Texas, brought suit in Texas or against a Texas resident, or knowingly signed a contract consenting to jurisdiction in Texas.

10.    Meridian Co. does not and has never had systematic or continuous contacts with the State of Texas.

11.    Employees of Meridian Co. do not frequently travel to Texas for business purposes.

12.    Meridian Co. does not market, advertise, or promote its products in the State of Texas.

13.    As a result of Plaintiff's lawsuit against Meridian Co., Meridian Co. was forced to retain Texas counsel and representatives of Meridian Co. may be forced to travel to Dallas, Texas for relevant hearings and trial.

14.    Neither I, nor Meridian Co., were served with a copy of Plaintiff's Original Complaint or Plaintiff's First Amended Complaint and Application for Preliminary and Permanent Injunction. A copy of Plaintiff's First Amended Complaint

and Application for Preliminary and Permanent Injunction (hereinafter, "First Amended

Complaint") was delivered to 2150 West Broadway, Vancouver, BC V6K 4L9 on April

18, 2007. Meridian Co. is not located at this address and does not have any employees at

this address.

15.    Meridian Co. has no president, vice president or registered agent for

service of process located at 2150 West Broadway, Vancouver, BC V6K 4L9.

I declare under penalty of perjury that foregoing is true and correct.

Executed on this _4th_ day of May, 2007, Seoul, Korea.

_____
Hyeong-Seong Myeong

90221916.doc

**DECLARATION OF HYEONG-SEONG MYEONG – Page 3**