# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THERAPY PRODUCTS, INC. d/b/a ERCHONIA MEDICAL, § § § | |
| Plaintiff, § § | CIV.ACT.NO. 3-07CV0381-N |
| v. § § | |
| ROMAN CHUBATY, M.D., MERIDIAN CO., LTD. and AESTHETICMD, § § § § | |
| Defendants. § | |

**THERAPY PRODUCTS, INC.'S EMERGENCY MOTION TO ENLARGE TIME
TO RESPOND TO MERIDIAN CO., LTD.'S MOTION TO DISMISS,
REQUEST FOR EXPEDITED HEARING AND
MEMORANDUM AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia"), Plaintiff in the above-entitled and numbered cause, and files this its Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s (Meridian) Motion to Dismiss, as authorized by Federal Rule of Civil Procedure 6 (b), Request for an expedited hearing, and in support of same would offer the following:

A. Introduction

1.  Plaintiff is Erchonia; Defendant (and Movant in the Motion to Dismiss) is Meridian.

2.  Because Erchonia has requested additional time to conduct limited discovery on jurisdictional facts and issues of service raised in the Motion to Dismiss and Meridian has

refused to agree, **Erchonia now requests the deadline for filing its response to the Motion to Dismiss be extended by thirty (30) days, until Thursday, June 28, 2007.**

3.   Plaintiff sued Meridian and Defendants, Roman Chubaty, M.D. ("Chubaty") and AestheticMD ("Aesthetic") for causes of action, among others, under The Lanham Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act").

4.   On May 8, 2007, Meridian filed its Motion to Dismiss; Erchonia's response to the Motion to Dismiss **is currently due May 29, 2007**; Erchonia needs to obtain depositions on jurisdictional facts and issues related to service of summons raised in the motion in support of Erchonia's response to Meridian's Motion to Dismiss.

5.   Erchonia also asks that the Court rule on this Motion on an Emergency basis and shorten the time in which Meridian must respond, and, if the court determines that a hearing on the motion is necessary, hold the hearing on an expedited basis, so that the Court may rule prior to Erchonia's current deadline to respond to the pending Motion to Dismiss.

6.   Concurrently with this Motion, Erchonia is also filing an Emergency Motion for Leave to Take Expedited Oral Depositions in support of jurisdictional issues raised in the Motion to Dismiss.

7.   Defendants, Chubaty and Aesthetic have not currently answered, but are working with Meridian on a settlement of all disputes between those parties. It is believed that Chubaty and Aesthetic will make an appearance prior to settling with Plaintiff. It is further believed that in the context of settlement, Dr. Chubaty will voluntarily appear for deposition prior to a Rule 26(f) conference, if the court allows it.

B. <u>Evidence in Support & Background Facts</u>

8.  In support of this Motion, Erchonia relies upon evidence contained in its Therapy Products, Inc.'s Appendix in Support of its Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss and Emergency Motion for Leave to Take Expedited Oral Depositions (the "Appendix"), filed concurrently herewith.

9.  Meridian Co., Ltd.'s own President and C.E.O. has apparently issued press releases on behalf of Meridian Co., Ltd. from the very Vancouver address at which Plaintiff had Meridian served. See Appendix, PP. 8-9 and 44-45.

10. The press release in question was obtained from Meridian's own website, and states that the contact information for Meridian Co., Ltd. is as follows: "Contact: Meridian Co., Ltd., Hyeon S. Myeong, Suite 306-2150 West Broadway, Vancouver, BC V6K 4L9 . . .http://www.meridianmedical.ca." See Appendix, PP. 5 and 8-10.

11. Mr. Hyeon S. Myeong declares that Meridian Co., Ltd. is not located at this very same address in his declaration in support of the Motion to Dismiss. See Appendix, P. 45.

12. Moreover, Meridian's own website specifies that Meridian Medical, Inc. is the "corporate and North American distribution office of Meridian Co., Ltd." See Appendix, P.10.

13. Meridian's website further discloses that the address for contacting the "corporate and North American distribution office of Meridian Co., Ltd. . . ." is the very same Vancouver address at which Mr. Hyeon S. Myeong declared that the service of summons was delivered on April 18, 2007. See Appendix, PP. 9, 10 and 11.

- 3 -

14. There is further evidence that Meridian has already introduced its product with the infringing trademark LipoLaser to the Dallas, Texas market, by selling their LipoLaser to a doctor in Dallas and that Meridian is seeking the continued introduction of its products all over North America, through the efforts of its offices in Vancouver. See Appendix, PP. 10, 16 and 36.

15. Meridian's website is also interactive and is set up so that potential customers, or medical sales representatives can be solicited, submit resumes or information requests and obtain additional information as to serving as sales people for Meridian throughout the United States, including Texas. See Appendix, P. 16.

16. Meridian's website states that it is successfully marketing its products worldwide and that it is its vision to see its products used worldwide. See Appendix, P. 10.

17. It is also believed that Dr. Roman Chubaty may be able to provide additional information regarding distribution of Meridian's lasers throughout the United States (and Counsel for Chubaty and Aesthetic has represented in the context of settlement discussions that Dr. Chubaty will voluntarily appear for deposition prior to a Rule 26(f) conference).

18. Based upon the foregoing, Plaintiff filed this lawsuit in the U.S. District Court, Northern District of Texas, Dallas Division.

19. Despite these facts, Meridian's President, Hyeong-Seong Myeong has filed a Declaration under penalty of perjury in support of Meridian's Motion to Dismiss, in which he states that Meridian does not maintain an office at that address in Vancouver; and, further declares that Meridian does not market, advertise, or promote its products in the State of Texas. See Appendix, PP. 44-45.

20.     Based upon this evidence, and in light of the issues raised in Meridian's motion to Dismiss, Erchonia requested that Meridian agree to expedited discovery on the jurisdictional issues, through correspondence sent May 14, 2007. See Appendix, PP.23-27.

21.     Erchonia further requested that Meridian agree to a short extension of time to allow such discovery to be conducted. See Appendix, P.25.

22.     Specifically, Erchonia requested that: Meridian agree to depositions of Chubaty; agree to produce Karmyn Shaw (sic) (LaSaw, an employee of Meridian); and that Meridian make available for deposition a Corporate Representative on a number of topics dealing solely with the issues raised in Meridian's Motion to Dismiss. See Appendix, PP.23-24.

23.     Meridian has refused those requests. See Appendix, PP.32-34.

24.     Accordingly, as was represented in the May 14, 2007 correspondence to Meridian's counsel, Erchonia was forced to seek relief from the Court. See Appendix, P.25.

25.     Erchonia had also requested that Meridian waive service upon its client as authorized by Federal Rule of Civil Procedure 4(d). See Appendix, PP.18-19.

26.     Despite Meridian's duty to avoid unnecessary costs of service of the summons, under Federal Rule of Civil Procedure 4(d)(2), and despite the fact that waiver of service does not affect the argument on personal jurisdiction, Meridian has refused that request. See Appendix, PP.29-30.

27.     As additional time is needed to develop the jurisdictional issues and to clarify apparently conflicting evidence regarding service of summons, and so that justice may be done and Erchonia be allotted adequate time to develop these facts in support of its response to the Motion to Dismiss, Erchonia asks that the deadline for it to file its response be extended by thirty (30) days to Thursday, June 28, 2007; and, Erchonia asks that the Court rule on this

Motion prior to its deadline to file a response to the Motion to Dismiss (before Tuesday, May 29, 2007).

### C. Argument & Authorities

28. Discovery of jurisdictional facts is appropriate where the existing record is inadequate to support personal jurisdiction and the Plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery. See *Trintec Indus. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed.Cir.2005).

29. The Court should give Plaintiff an opportunity to discover jurisdictional facts so it can establish jurisdiction over the defendant. See *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.1981); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F3d 446, 456 (3d Cir.2003); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir.2002).

30. Plaintiff has demonstrated evidence in support of its good faith belief that it can establish personal jurisdiction over Meridian through the taking of the requested depositions and the depositions are needed for the additional reason of clarifying issues raised with regard to service of the summons.

31. The Court may also grant a request for an extension of time for "cause shown," with or without a motion or notice. See Fed. R. Civ. P. 6(b); *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir.1996).

32. In order to develop additional jurisdictional facts in support of its response to Meridian's Motion to Dismiss, Erchonia requests the Court extend the deadline to file Erchonia's response to the Motion to Dismiss **until Thursday, June 28, 2007**.

33. Meridian will not be prejudiced by a short 30 day extension of the deadline for Erchonia to file its response to the Motion to Dismiss because at this time the other two

defendants to the case have not entered an appearance and Erchonia is entitled to develop additional jurisdictional facts for the reasons stated above. For the same reasons, the thirty (30) day delay will not significantly impact the case.

34. Concurrently with this motion, Erchonia is filing its Motion for Leave to Take Expedited Depositions, so that the necessary facts may be developed sufficient to provide adequate time and information for Erchonia to respond to Meridian's Motion to Dismiss.

35. Erchonia's request for an extension of time is for cause shown and is not intended to delay these proceedings; the motion is brought in good faith in order to afford Erchonia an opportunity to seek and obtain depositions to develop additional jurisdictional facts. See Fed. R. Civ. P. 6(b).

36. If the Court determines that a hearing is appropriate on the Motion, Erchonia requests the hearing be set on an expedited basis, so that the Court may rule on the Motion prior to the current deadline for filing of Erchonia's response to the motion to Dismiss (**prior to May 28, 2007**).

D. Conclusion

37. Because Erchonia has demonstrated cause for the need for additional time to respond to Meridian's Motion to Dismiss so that it can obtain preliminary discovery on additional jurisdictional facts and to clarify issues raised with regard to conflicts in evidence on service of summons , Erchonia **asks the Court to extend the deadline for filing Erchonia's response to Meridian's Motion to Dismiss by thirty (30) days until Thursday, June 28, 2007.**

>                               Respectfully submitted,
>
>                               **DAVID, GOODMAN & MADOLE,**
>                               A Professional Corporation
>
>
>                               By:    /s/ Brett L. Myers
>                                      Brett L. Myers
>                                      State Bar No. 00788101
>                                      David Grant Crooks
>                                      State Bar No. 24028168
>                                      Abby L. Ewing
>                                      State Bar No. 24053194
>                               Two Lincoln Centre
>                               5420 LBJ Freeway, Suite 1200
>                               Dallas, Texas 75240
>                               972-991-0889
>                               972-404-0516 – Fax
>
>                               ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, in compliance with Northern District Local Rule 7.1 (b) certify the following:

1.     At approximately 2:45 p.m. on May 16, 2007, I held a telephone conference with Ms. Kelly R. Vickers, counsel for Respondent on each issue raised in this motion. During that conference, Ms. Vickers stated that her client opposed all of the relief requested in this motion.

Accordingly the motion is presented to the Court for resolution.


>                               /s/David G. Crooks
>                               David G. Crooks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2007 to all counsel and parties via U.S. Certified Mail, Return Receipt Requested and to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system.

| | |
|---|---|
| Kelly R. Vickers<br>Lauren S. Koletar<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201 | Defendant<br>Meridian Co., Ltd. |
| Wendy Neal<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>Phoenix, Arizona 85004-2202 | Defendant<br>AestheticMD |
| Roman Chubaty, M.D.<br>8591 E. Bell Road<br>Scottsdale, Arizona 85260 | Defendant |

                                                                                                                     /s/ Brett L. Myers  
                                                                                                                     Brett L. Myers

204770.1/3761.030