# Exhibit E

Case 1:07-cv-08696-DLC    Document 22-6    Filed 07/14/2008    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THERAPY PRODUCTS, INC. § <br> d/b/a ERCHONIA MEDICAL, § <br> § <br> Plaintiff, § <br> § CIV.ACT.NO. 3-07CV0381-N <br> v. § <br> § <br> ROMAN CHUBATY, M.D., § <br> MERIDIAN CO., LTD. and § <br> AESTHETICMD, § <br> § <br> Defendants. § | |

**THERAPY PRODUCTS, INC.'S EMERGENCY MOTION FOR LEAVE
TO TAKE EXPEDITED ORAL DEPOSITIONS ON JURISDICTIONAL ISSUES,
REQUEST FOR EXPEDITED HEARING
AND MEMORANDUM AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia"), Plaintiff in the above-entitled and numbered cause, and files this its Emergency Motion for Leave to Take Expedited Oral Depositions, as authorized by Federal Rule of Civil Procedure 30 (a)(2)(C), Request for an Expedited Hearing, and in support of same would offer the following:

A. Introduction

1. Plaintiff is Erchonia; Defendant is Meridian.

2. Because Erchonia has made a request to conduct limited discovery on jurisdictional facts needed to be further developed in support of Erchonia's response to Meridian's Motion to Dismiss and Meridian has refused to agree, **Erchonia now requests the Court sign an Order for expedited oral depositions on jurisdictional issues.**

-1-

3. Plaintiff sued Meridian and Defendants, Roman Chubaty, M.D. ("Chubaty") and AestheticMD ("Aesthetic") for causes of action, among others, under The Lanham Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act").

4. On May 8, 2007, Meridian filed its Motion to Dismiss; Erchonia's response to the Motion to Dismiss **is currently due May 29, 2007**; Erchonia needs to obtain depositions on jurisdictional facts and facts relating to service of process in support of its response to Meridian's Motion to Dismiss.

5. Erchonia also asks that the Court rule on this Motion on an emergency basis, shorten the time in which Meridian must respond and hold an expedited hearing, if necessary, so that the Court rules prior to Erchonia's current deadline to respond to the pending Motion to Dismiss (**May 29, 2007**).

6. Concurrently with this Motion, Erchonia is also filing an Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss, in order to provide sufficient time in which to conduct the proposed limited discovery on jurisdictional issues and on issues with service of process in support of Erchonia's response to the Motion to Dismiss.

7. Defendants, Chubaty and Aesthetic have not currently answered, but are working with Meridian on a settlement of all disputes between those parties. It is believed that Chubaty and Aesthetic will make an appearance prior to settling with Plaintiff. Erchonia is also negotiating with Chubaty and Aesthetic on dates for the taking of Chubaty's deposition, to develop jurisdictional facts.

B. <u>Evidence in Support & Background Facts</u>

8. In support of this Motion, Erchonia relies upon evidence contained in its Therapy Products, Inc.'s Appendix in Support of its Emergency Motion to Enlarge Time to

Respond to Meridian Co., Ltd.'s Motion to Dismiss and Emergency Motion for Leave to Take Expedited Oral Depositions (the "Appendix"), filed concurrently herewith.

9.   Meridian Co., Ltd.'s own President and C.E.O. has apparently issued press releases on behalf of Meridian Co., Ltd. from the very Vancouver address at which Plaintiff had Meridian served. See Appendix, PP. 8-9 and 44-45.

10.   The press release in question was obtained from Meridian's own website, and states that the contact information for Meridian Co., Ltd is as follows: "Contact: Meridian Co., Ltd., Hyeon S. Myeong, Suite 306-2150 West Broadway, Vancouver, BC V6K 4L9 . . .http://www.meridianmedical.ca" See Appendix, PP.5 and 8-10.

11.   Mr. Hyeon S. Myeong declares that Meridian Co., Ltd. is not located at this very same address in his declaration in support of the Motion to Dismiss. See Appendix, P. 45.

12.   Moreover, Meridian's own website specifies that Meridian Medical, Inc. is the "corporate and North American distribution office of Meridian Co., Ltd." See Appendix, P.10.

13.   Meridian's website further discloses that the address for contacting the "corporate and North American distribution office of Meridian Co., Ltd. . ." is the very same Vancouver address at which Mr. Hyeon S. Myeong declared that the service of summons was delivered on April 18, 2007. See Appendix, PP. 9, 10 and 11.

14.   There is further evidence that Meridian has already introduced its product with the infringing trademark LipoLaser to the Dallas, Texas market, by selling their LipoLaser to a doctor in Dallas and that Meridian is seeking the continued introduction of its products all over

North America, through the efforts of its offices in Vancouver. See Appendix, PP.10, 16 and 36.

15. Meridian's website is also interactive and is set up so that potential customers, or medical sales representatives can be solicited, submit resumes or information requests and obtain additional information as to serving as sales people for Meridian throughout the United States, including Texas. See Appendix, P.16.

16. Meridian's website states that it is successfully marketing its products worldwide and that it is its vision to see its products used worldwide. See Appendix, P.10.

17. It is also believed that Dr. Roman Chubaty may be able to provide additional information regarding distribution of Meridian's lasers throughout the United States (and Counsel for Chubaty and Aesthetic has represented in the context of settlement discussions that Dr. Chubaty will voluntarily appear for deposition prior to a Rule 26(f) conference).

18. Based upon the foregoing, Plaintiff filed this lawsuit in the U.S. District Court, Northern District of Texas, Dallas Division.

19. Despite these facts, Meridian's President, Hyeong-Seong Myeong has filed a Declaration under penalty of perjury in support of Meridian's Motion to Dismiss, in which he states that Meridian does not maintain an office at the address in Vancouver; and, further declares that Meridian does not market, advertise, or promote its products in the State of Texas. See Appendix, PP.44-45.

20. Based upon this evidence, and in light of the issues raised in Meridian's Motion to Dismiss, Erchonia requested that Meridian agree to expedited discovery on the jurisdictional issues, through correspondence sent May 14, 2007. See Appendix, PP. 23-27.

21. Erchonia further requested that Meridian agree to a short extension of time to allow such discovery to be conducted. See Appendix, PP. 25.

22. Specifically, Erchonia requested that: Meridian agree to depositions of Chubaty; agree to produce for deposition Karmyn Shaw (sic) (LaShaw, an employee of Meridian); and that Meridian make available for deposition a Corporate Representative on a number of topics dealing solely with the issues raised in Meridian's Motion to Dismiss. See Appendix, PP. 23-24.

23. Meridian has refused those requests. See Appendix, PP.32-34.

24. Accordingly, as was represented in the May 14, 2007 correspondence to Meridian's counsel, Erchonia was forced to seek relief from the Court. See Appendix, P. 25.

25. Erchonia had also requested that Meridian waive service upon its client as authorized by Federal Rule of Civil Procedure 4(d). See Appendix, PP. 18-19.

26. Despite Meridian's duty to avoid unnecessary costs of service of the summons, under Federal Rule of Civil Procedure 4(d)(2), and despite the fact that waiver of service does not affect the argument on personal jurisdiction, Meridian has refused that request. See Appendix, PP. 29-30.

27. As additional time and discovery are needed to develop the jurisdictional issues and to clarify apparently conflicting evidence in relation to the issues with service of summons, so that justice may be done and Erchonia be afforded the opportunity to develop these facts in support of its response to the Motion to Dismiss, Erchonia asks that the court grant this Motion and order expedited oral depositions; and, Erchonia asks that the Court rule on this Motion prior to its deadline to file a response to the Motion to Dismiss (**before Tuesday, May 29, 2007**). If the Court determines that a hearing is needed on this motion, Erchonia requests that

it be set on an expedited basis, so that the Court's Ruling on the motion and on Erchonia's Motion to Enlarge Time may occur in time to afford the relief requested prior to the current deadline to respond to the motion to Dismiss.

## C. Argument & Authorities

28. Discovery of jurisdictional facts is appropriate where the existing record is inadequate to support personal jurisdiction and the Plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery. See *Trintec Indus. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed.Cir.2005).

29. The Court should give Plaintiff an opportunity to discover jurisdictional facts so it can establish jurisdiction over the defendant. See *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.1981); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F3d 446, 456 (3d Cir.2003); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir.2002).

30. Plaintiff has demonstrated evidence in support of its good faith belief that it can establish personal jurisdiction over Meridian through the taking of the requested depositions and the depositions are needed for the additional reason of clarifying issues raised with regard to service of the summons.

31. The Parties have not stipulated in writing to the depositions before the Rule 26(f) Conference; and, Erchonia needs expedited discovery to develop additional fact on the issues raised in Meridian's Motion to Dismiss, in support of its response to same.

32. In order to develop additional facts in support of its response to Meridian's Motion to Dismiss, Erchonia requests the Court sign an order directing Meridian to cooperate with expedited depositions of: (1) Dr. Roman Chubaty; (2) Karmyn LaShaw; (3) a corporate representative of either or both of Meridian Medical, Inc. and/or Meridian Co., Ltd, on the

topics raised in the May 14, 2007 letter from counsel for Erchonia to counsel for Meridian; and, on the issues of conflicting evidence surrounding the service of summons on Meridian in Canada. See, Appendix, PP. 23-25.

33. Erchonia further requests the order direct Meridian to designate a corporate representative of either or both Meridian Co., Ltd. and/or its wholly-owned subsidiary and "corporate and North American distribution office. . ., " Meridian Medical, Inc., on the topics set out in the May 14, 2007 letter from counsel for Erchonia to counsel for Meridian. See, Appendix, PP. 23-25.

34. A party is required to obtain leave of court before taking an oral deposition if the deponent is in prison, or if, without written stipulation of the parties, the deposition is requested before the Federal Rule of Civil Procedure 26 (f) conference. See Fed. R. Civ. P. 30(a)(2).

35. Erchonia asks leave of court to take the depositions described more fully above herein (and in the May 14, 2007 correspondence set out as Exhibit A-3 to the Appendix. See, Appendix, PP. 23-25), because the depositions are needed before the Rule 26(f) conference for the reasons cited above.

36. Concurrently with this motion, Erchonia is filing its Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss, so that there will be sufficient time to develop the necessary facts through the proposed depositions to provide adequate time and information for Erchonia to respond to Meridian's Motion to Dismiss.

37. Erchonia's request for leave of court to take the proposed depositions is for good cause shown in furtherance of its response to Meridian's Motion to Dismiss.

### D. Conclusion

38. Because Erchonia has demonstrated cause for the need for taking expedited depositions so that it can obtain preliminary discovery on jurisdictional facts and issues with service prior to the Rule 26(f) conference and the deadline to respond to the Motion to Dismiss, Erchonia **asks the Court to grant this motion and order the requested depositions proceed on an expedited basis prior to any deadline for Erchonia to respond to Meridian's Motion to Dismiss**

>Respectfully submitted,
>
>**DAVID, GOODMAN & MADOLE,**
>A Professional Corporation
>
>By:   /s/ Brett L. Myers
>      Brett L. Myers
>      State Bar No. 00788101
>      David Grant Crooks
>      State Bar No. 24028168
>      Abby L. Ewing
>      State Bar No. 24053194
>Two Lincoln Centre
>5420 LBJ Freeway, Suite 1200
>Dallas, Texas 75240
>972-991-0889
>972-404-0516 – Fax
>
>ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, in compliance with Northern District Local Rule 7.1 (b) certify the following:

1. At approximately 2:45 p.m. on May 16, 2007, I held a telephone conference with Ms. Kelly R. Vickers, counsel for Respondent on each issue raised in this motion. During that conference, Ms. Vickers stated that her client opposed all of the relief requested in this motion.

Accordingly the motion is presented to the Court for resolution.

/s/David G. Crooks
David G. Crooks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2007 to all counsel and parties via U.S. Certified Mail, Return Receipt Requested and to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system.

| | |
|---|---|
| Kelly R. Vickers<br>Lauren S. Koletar<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201 | Defendant<br>Meridian Co., Ltd. |
| Wendy Neal<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>Phoenix, Arizona 85004-2202 | Defendant<br>AestheticMD |
| Roman Chubaty, M.D.<br>8591 E. Bell Road<br>Scottsdale, Arizona 85260 | Defendant |

/s/ Brett L. Myers
Brett L. Myers

204803.1/3761.030