# Exhibit F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **THERAPY PRODUCTS, INC. d/b/a ERCHONIA MEDICAL** | 3-07-CV-0381-N ECF |
| **Plaintiff,** | |
| v. | |
| **ROMAN CHUBATY, M.D., MERIDIAN CO., LTD. and AESTHETICMD** | |
| **Defendants.** | |

## <u>MERIDIAN CO. LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTIONS AND BRIEF IN SUPPORT</u>

Subject to Defendant Meridian Co. Ltd.'s ("Meridian Co.") Motion to Dismiss, Defendant Meridian Co. opposes Therapy Products, Inc. d/b/a Erchonia Medical's ("Plaintiff" or "Erchonia") Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss and Emergency Motion for Leave to Take Expedited Oral Depositions (collectively "Emergency Motions"), and respectfully shows the Court as follows:[1]

### I.   INTRODUCTION

Meridian Co. opposes Plaintiff's emergency request for broad jurisdictional discovery as premature, unduly burdensome, expensive, and fundamentally unfair. Meridian Co., a Korean company named as a defendant in this lawsuit, has yet to be properly served in this case and now the Plaintiff seeks to compel it to incur substantial cost and expense to travel to Texas for jurisdictional depositions before it has been properly served. Plaintiff also seeks to extend its time to respond to Meridian's Motion to Dismiss by thirty days in order to conduct jurisdictional

---

[1] Although Erchonia filed two separate motions, Meridian Co. files this single response to both Emergency Motions for efficiency reasons and because Erchonia's Emergency Motions were largely duplicative.

<u>MERIDIAN CO. LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTIONS AND BRIEF IN SUPPORT</u> – Page 1

discovery. It is telling that nowhere in its Emergency Motions does Plaintiff claim that it has properly served Meridian Co., nor does it explain why its service has been proper. Absent such a claim and explanation, Plaintiff's Emergency Motions are premature, unwarranted and unlikely to assist this Court in resolving the arguments raised by Meridian Co. in its Motion to Dismiss.

## II.   BACKGROUND FACTS

Plaintiff filed its Original Complaint and Application for Permanent Injunction on February 28, 2007. Plaintiff filed an Amended Complaint and Application for Preliminary and Permanent Injunction on March 29, 2007. On April 18, 2007, Erchonia attempted to serve Meridian Co., a Korean company, by delivering, *via* hand delivery, a copy of the First Amended Complaint to 2150 West Broadway, Vancouver, BC V6K 4L9. Contrary to Plaintiff's claims, Meridian Co. is not located at this address, and does not have a president, vice-president, or registered agent at this address, thus, Plaintiff's attempt at service was improper, because it is contrary to the Federal Rules of Civil Procedure and the Hague Convention. On May 8, 2007, Meridian Co. filed a Motion to Dismiss for insufficient service of process and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5) ("Motion to Dismiss"). (doc. 13).

Likely realizing the insufficiencies in its attempts at service and its jurisdictional allegations, Erchonia seeks emergency relief from this Court to take jurisdictional discovery and expand its time to respond to Meridian's Motion to Dismiss in its Emergency Motions filed May 17, 2007. For the reasons set forth below, Meridian Co. opposes Erchonia's Emergency Motions in their entirety.

### III.   ARGUMENTS AND AUTHORITIES

**A.   Erchonia's Requested Discovery Fails to Address the Insufficiency of Service.**

The Supreme Court of the United States has clearly recognized the importance of service of process and the illogic of proceeding in other aspects of a case prior to the proper service of the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999) (holding that "service of process. . . is fundamental to any procedural imposition on a named defendant. In the absence of such service. . . a court ordinarily may not exercise power over a party the complaint names as defendant."). At the heart of Meridian Co.'s arguments in its Motion to Dismiss is the fact that Meridian Co. has not been served in this lawsuit. Not only is Erchonia's attempt to seek broad jurisdictional discovery premature, Erchonia has also failed to show how the discovery it seeks will advance the Court's determination regarding the sufficiency of service. The topics proposed by Erchonia's counsel in his May 14, 2007 letter, to the extent that they are at all relevant to issues raised in Meridian Co.'s Motion to Dismiss, overwhelmingly relate to the existence of personal jurisdiction over Meridian and the merits of this case. *See* 5/14/07 Letter from D. Crooks to K. Vickers, a true and correct copy of which is attached hereto as Exhibit 1. Completely absent from the proposed discovery topics are any topics relating to Erchonia's service of a Korean company by hand delivery to a Canadian company.

The relationship between Meridian Co. and Meridian Medical is not a relationship such that service on Meridian Medical constitutes service on Meridian Co. Even if the relationship between the Canadian company and the Korean company were such that proper service on the former would be sufficient for service on the latter, Plaintiff gives no explanation (and there is none) for how hand delivery on the Canadian company is proper service on a Canadian

company. As the requested discovery fails to address the service issue, which is "fundamental to any procedural imposition on a named defendant," Erchonia's request for jurisdictional discovery should be denied as premature.

### B. Erchonia Has Failed to Make a Prima Facie Showing of Personal Jurisdiction.

Contrary to its argument, Erchonia is not entitled to jurisdictional discovery as a matter of right. Rather, allowing jurisdictional discovery falls within the discretion of the Court. For jurisdictional discovery to be appropriate, Erchonia must first make a preliminary showing that the Court's exercise of personal jurisdiction over Meridian Co. is proper. *Fielding v. Hubert Burda Media Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)(affirming denial of jurisdictional discovery when plaintiffs did not make a preliminary showing of jurisdiction). To make a preliminary showing, Erchonia must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 319 F.3d 446, 456 (3d Cir. 2003)). "A district court...may refuse discovery where a party has failed to ...make at least a preliminary showing of personal jurisdiction." *Quazzani-Chahdi v. Greensboro News & Record, Inc.*, No. Civ. A. H-05-1898, 2005 WL 2371278, at *3 (S.D. Tex. Sept. 27, 2005).

Erchonia has not made the necessary preliminary showing to support its request for jurisdictional discovery. Indeed, Erchonia has failed to plead any factual or legal basis for the Court's exercise of personal jurisdiction over Meridian Co. in either its original complaint or its amended complaint.[2] The only new allegation in Erchonia's Emergency Motions that

---

[2] Erchonia's original and amended complaints fail to assert any meaningful jurisdictional allegations aside from the conclusory allegation that Meridian Co. is doing business in Texas. *See* Plaintiff's Amended Complaint at ¶ 2. After failing to allege even the most basic jurisdictional facts demonstrating a prima facie showing of jurisdiction after two opportunities to do so, Erchonia now attempts, in its Emergency Motions, to cobble together support for its attempt to hale Meridian Co. into a Texas court by lodging a myriad of allegations in its Emergency Motions. Accordingly, for efficiency purposes, Meridian Co. will respond to Erchonia's factual allegations at the proper time, *i.e.* in its Reply in Support of its Motion to Dismiss. In the event the Court wishes that Meridian Co. address

MERIDIAN CO. LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTIONS AND BRIEF IN SUPPORT – Page 4

specifically mentions Texas involves a declaration by an employee of Erchonia who admits that she lied about who she was and what she did to procure the information that she now alleges. And that information was available to Erchonia when it filed its Amended Complaint though Erchonia chose not to use it.

As demonstrated fully in Meridian Co.'s Motion to Dismiss, a court may assert personal jurisdiction over a nonresident defendant only if the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution have been satisfied. *Helicopteras Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). The Texas long arm statute allows a court to exercise personal jurisdiction over a nonresident defendant "as far as the federal constitutional requirements of due process will allow." *CSR, Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). A nonresident's contacts with a state can give rise to either general or specific jurisdiction. Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the state. *CSR*, 925 S.W.2d 595. Even when minimum contacts with the forum state are established, the state court cannot exercise personal jurisdiction over the foreign defendant if it would offend traditional notions of fairness. *Id.*

Erchonia has not made any factual allegations, in its pleadings, showing that Meridian Co., a Korean company, "purposely directed [its] activities at the foreign state" and that this lawsuit is a result of "alleged injuries that arise out of or relate to those activities." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Erchonia has failed to allege facts that support the requirement that Meridian Co.'s contacts with Texas are so "substantial, continuous and systematic" that this Court can exercise even general jurisdiction. *Central Freight, Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Further, Erchonia has

---

Erchonia's varied jurisdictional arguments prior to completing the briefing on its Motion to Dismiss, Meridian Co. will provide a substantive response as quickly as possible.

MERIDIAN CO. LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTIONS AND BRIEF IN SUPPORT – Page 5

yet to explain how asserting personal jurisdiction over Meridian Co., a Korean company, comports with "traditional notions of fair play and substantial justice." *Wilson v. Berlin*, 20 F.3d 644, 647 (5th Cir. 1994).

Erchonia makes no allegations in its pleadings that its claims arise from or relate to any contact that Meridian Co. had with the State of Texas. In fact, the only jurisdictional allegation Erchonia makes regarding Meridian Co. in either version of its complaint is the mere conclusory allegation that Meridian Co. is "a corporation doing business in this district and division." Plaintiff's Amended Complaint at ¶ 2. Erchonia does not allege that any specific acts occurred in Texas, nor does Erchonia allege that it suffered harm in Texas proximately caused or resulting from any conduct by Meridian. The burden is on Erchonia to make a prima facie showing of personal jurisdiction and because there has been no prima facie showing, the Court should deny Erchonia's Emergency Motions in their entirety.

**C.     There is no Factual Dispute to Support Erchonia's Discovery Requests.**

In the Fifth Circuit, fact issues must be raised by the motion to dismiss for discovery to be conducted on matters of personal jurisdiction. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)(affirming an order denying any jurisdictional discovery where the "motion to dismiss entailed no dispute concerning material facts"). Unless there is an issue of fact raised by the motion to dismiss, discovery on matters alleged in the complaint need not be permitted. *Wyatt*, 686 F.2d at 284. "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284.

Erchonia's pleadings make no specific allegation that Meridian Co. had any contact with Texas to support the exercise of personal jurisdiction over it. Inasmuch as there were no allegations in the pleadings, Meridian's Motion to Dismiss and the supporting Declaration of

Hyeon Myeong raise no disputed factual issue to Erchonia's conclusory allegation in the Complaint. The *Wyatt* court confirms that discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises fact issues. *Wyatt*, 686 F.2d 284. Thus, Erchonia's request for jurisdictional discovery should be denied.

### D. Erchonia's Proposed Jurisdictional Discovery Requests are so Irrelevant, Overbroad and Unfair That Its Motion Must be Denied

#### 1. Erchonia's Proposed Discovery is Largely Irrelevant and Overly Broad.

Erchonia's proposed jurisdictional topics go well beyond the normal parameters of attempting to establish jurisdiction in Texas. *See* Exhibit 1. Specifically, Erchonia seeks discovery on a number of topics unrelated to Meridian Co.'s contacts with Texas, such as "information regarding what employees and executives of Meridian Co., Ltd. and Meridian Medical, Inc. attended the 2006 AestheticMD Mesotherapy conference in July of 2006 in *Las Vegas, Nevada*" and "information regarding the agreement between Meridian Co., Ltd and Dr. Roman Chubaty for medical studies conducted in *Scottsdale, Arizona* regarding 'the effects of Meridian's laser on subdermal adipose (fat) tissue.'" *Id.* (emphasis added). Erchonia cites no authority indicating that Meridian Co.'s alleged contacts in Nevada and Arizona are relevant to this Court's jurisdictional inquiry in Texas. Erchonia's overbroad and irrelevant jurisdictional topics represent nothing more than a fishing expedition, and any motion based on such requests should not be granted.

#### 2. Erchonia's Proposed Discovery Requests are Fundamentally Unfair

Erchonia requests that counsel for Meridian Co. make available for deposition a corporate representative of Meridian Co., Ltd. and/or Meridian Medical, Inc.[3] Exhibit 1. "It is

---

[3] Plaintiff also seeks the deposition of Karmyn Shaw. *See* Exhibit 1. Ms. Shaw is not an employee of Meridian Co. Further, as demonstrated in the Declaration of Hyeon Myeong, Meridian Co. has no employees in Vancouver, Canada. *See* Declaration of Hyeon Myeong, attached to Meridian Co., Ltd's Motion to Dismiss at Ex. 1, ¶ 14.

well settled that 'the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citations omitted). Requiring Meridian Co., a Korean entity that has not been properly served, to travel to Dallas, Texas for the sole purpose of a jurisdictional deposition is not only unduly burdensome, oppressive, and unnecessarily expensive, but it is also contrary to the prevailing case law.

Erchonia also requests a deposition of Meridian Medical, Inc., a Canadian company that is not a party to this action. To request the deposition of a foreign non-party for the purpose of seeking jurisdictional discovery of a Korean party that has not yet been served stretches the limits of credulity. Tactics such as these are like putting many carts before the horse and should not be rewarded.

### III.   CONCLUSION

For the forgoing reasons, the Court should deny Erchonia's Emergency Motion to Enlarge Time to Respond to Meridian Co., Ltd.'s Motion to Dismiss and Emergency Motion for Leave to Take Expedited Oral Depositions.

---

Accordingly, Plaintiff's desire to seek Ms. Shaw's deposition is premature and should not be allowed prior to the Rule 26(f) conference.

Dated: May 25, 2007                              Respectfully submitted,

                                                 FISH & RICHARDSON P.C.


                                                 By: /s/Lauren S. Koletar
                                                     Kelly R. Vickers
                                                     State Bar No. 24041827
                                                     Lauren S. Koletar
                                                     State Bar No. 24046235

                                                     1717 Main Street
                                                     Suite 5000
                                                     Dallas, Texas 75201
                                                     (214) 747-5070
                                                     (214) 747-2091 - facsimile

                                                 Counsel for Defendants
                                                 MERIDIAN CO., LTD.


Of Counsel:

FISH & RICHARDSON P.C.

Raymond R. Castello (RC-2106)
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070
Fax: (212) 258-2291

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 25, 2007 to all counsel via regular U.S. mail and to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

| | |
|---|---|
| Brett Lee Myers<br>Abby Lyn Ewing<br>David Grant Crooks<br>David Goodman & Madole, P.C.<br>5420 LBJ Freeway, Suite 1200<br>Dallas, TX  75240 | Plaintiff<br>Therapy Products, Inc.<br>d/b/a Erchonia Medical |
| Wendy Neal<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>Phoenix, AZ  85004-2202 | Defendant<br>AestheticMD |
| Roman Chubaty, M.D.<br>8591 E. Bell Road<br>Scottsdale, AZ  85260 | Defendant |

/s/Lauren S. Koletar
Lauren S. Koletar

90224757.2.doc

05/14/2007 13:10 FAX 9724040516       DAVID GOODMAN & MADOLE                    ☒002
Case 1:07-cv-08696-DLC   Document 22-7   Filed 07/14/2008   Page 12 of 15
Case 3:07-cv-00381   Document 19-2   Filed 05/25/2007   Page 1 of 4



May 14, 2007

David G. Crooks
Clinton J. David
Abby L. Ewing
Mark A. Goodman
Barry L. Hardin
Lynn S. Hunt
Kyle W. Johnson
Ty Johnson
Sonia Lowenberg
John-Paul Lunn
Daniel J. Madden
Bret A. Madole
Brett L. Myers
Robert J. Palmer
Michael S. Rumac
Eric L. Scott
Ajay R. Shah
Julie A. Taggart
Marc B. Viscuso

Two Lincoln Centre
420 LBJ Freeway
Suite 1200
Dallas, Texas 75240

H: (972) 991-0889
X: (972) 404-0516

A Professional
Corporation

Ms. Kelly R. Vickers                    **VIA FACSIMILE**
Ms. Lauren S. Koletar                   **VIA FACSIMILE**
Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, Texas 75201

Re:   Cause No. 3-07-CV-0381-N;
      In the United States District Court for the Northern District of Texas;
      *Therapy Products, Inc. d/b/a Erchonia Medical v. Roman Chubaty,
      M.D., Meridian Co., Ltd., and AestheticMD.*
      Our File No. 3761.030
      Your client: Meridian Co., Ltd.

Dear Counsel:

In light of your positions raised in your recently filed motion, in the above-referenced lawsuit, we are seeking your agreement to accelerated discovery with regard solely to the issues raised by your motion.

Specifically, we would like you to agree to depositions prior to the hearing or the due date of our response to your motion. First, we intend to depose Dr. Roman Chubaty, and are working with the other defendants on proposed dates for his deposition in Scottsdale, Arizona.

Secondly, we would like you to make Karmyn Shaw available for deposition. Finally, we would request that you make available for deposition a corporate representative of either Meridian co., Ltd. and/or Meridian Medical, Inc., that can testify on the following topics:

1.   Ownership and control of Meridian Medical, Inc.;

www.dgmlegal.com

Case 1:07-cv-08696-DLC   Document 22-7   Filed 07/14/2008   Page 13 of 15
05/14/2007 13:10 FAX 9724040516   DAVID GOODMAN & MADOLE   @003
Case 3:07-cv-00381   Document 19-2   Filed 05/25/2007   Page 2 of 4

Ms. Kelly R. Vickers
Ms. Lauren S. Koletar
May 10, 2007
Page 2

2. Contractual arrangements between Meridian Medical, Inc. and Meridian Co., Ltd. for the marketing and distribution in North America of the Lapex 2000 LipoLaser;

3. Information regarding the history of sales and marketing of the Lapex 2000 LipoLaser to the United States and to Texas doctors specifically, both through Meridian Co., Ltd. and through Meridian Medical, Inc.;

4. Composition of the Board of Directors of Meridian Medical, Inc. and of Meridian co., Ltd.;

5. Actual control of Meridian Co., Ltd.'s wholly-owned subsidiary, Meridian Medical, Inc. in regard to the marketing and distribution of the Lapex 2000 LipoLaser in North America;

6. Information regarding what employees and executives of Meridian Co., Ltd and Meridian Medical, Inc. attended the 2006 AestheticMD Mesotherapy conference in July of 2006 in Las Vegas, Nevada;

7. Information regarding interactive contacts that Texas residents have had with Meridian Medical, Inc. through its website (specifically including exchanges of information regarding applications or requests for further information made by medical device representatives in Texas, or exchanges of information between Meridian Medical, Inc. and Texas residents through Meridian Medical, Inc.'s website);

8. Information regarding the agreement between Meridian Co., Ltd. and Dr. Roman Chubaty for medical studies conducted in Scottsdale, Arizona regarding "the effects of Meridian's laser on subdermal adipose (fat) tissue."; and

9. Information regarding Mr. Hyeon S. Myeong's authorization for and signature to press releases for Meridian Co., Ltd. out of the offices located at 2150 West Broadway, Suite 306, Vancouver, BC V6K 4L9, Canada.

204656/3761.030

Ms. Kelly R. Vickers
Ms. Lauren S. Koletar
May 10, 2007
Page 3

      We would request that you agree to a short extension of the due date of our response to your motion and agree to accelerated discovery for the purpose of allowing depositions on the limited topics set out above.

      If you cannot agree to this proposal, please let us know immediately, so we may seek appropriate relief from the court. If necessary, we will also seek leave to amend our pleadings to add Meridian Medical, Inc. to the suit.

      Sincerely,

      David Grant Crooks

DGC/fqh
Enclosures

cc w/enc:    Mr. Mark Shanks

204656/3761.050

Case 1:07-cv-08696-DLC   Document 22-7   Filed 07/14/2008   Page 15 of 15
05/14/2007 13:09 FAX 9724040516     DAVID GOODMAN & MADOLE                    @001
              Case 3:07-cv-00381   Document 19-2   Filed 05/25/2007   Page 4 of 4



May 14, 2007

David G. Crooks

Clinton J. David

Abby L. Ewing

Mark A. Goodman

Barry L. Hardin

Lynn S. Hunt

Kyle W. Johnson

Ty Johnson

Sonia Lowenberg

John-Paul Lunn

Daniel J. Madden

Bret A. Madole

Brett L. Myers

Robert J. Palmer

Michael S. Rumac

Eric L. Scott

Ajay R. Shah

Marc B. Viscuso

TO:      Kelly R. Vickers................................................................. 214/747-2091

FROM:    David G. Crooks ..................................................................972-404-0516

NUMBER OF PAGES 4 [INCLUDING COVER PAGE]

PLEASE CONTACT **VIRGINIA** AT 972-991-0889 IF THERE ARE ANY PROBLEMS.

RE:   Cause No. 3-07-CV-0381-N;
      In the United States District Court for the Northern District of Texas;
      *Therapy Products, Inc. d/b/a Erchonia Medical v. Roman Chubaty, M.D.,
      Meridian Co., Ltd., and AestheticMD.*
      Our File No. 3761.030

IMPORTANT/CONFIDENTIAL: This message is intended only for the use of the individual or entity to which it is addressed. This message contains information from the law firm of David, Goodman & Madole, a Professional Corporation, which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at our telephone number set forth above. We will be happy to arrange for the return of this message via the United States Postal Service to us at no cost to you.

Two Lincoln Centre
5420 LBJ Freeway
Suite 1200
Dallas, Texas 75240

PH: (972) 991-0889
FX: (972) 404-0516

A Professional
Corporation

www.dgmlegal.com