# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL, | § § § | |
| Plaintiff, | § § | CIV.ACT.NO. 3-07CV0381-N |
| v. | § § § | |
| ROMAN CHUBATY, M.D.,<br>MERIDIAN CO., LTD. and<br>AESTHETICMD, | § § § § | |
| Defendants. | § | |

**THERAPY PRODUCTS, INC.'S REPLY TO MERIDIAN CO., LTD'S RESPONSE TO THE MOTION FOR LEAVE TO TAKE EXPEDITED ORAL DEPOSITIONS AND BRIEF IN SUPPORT**

Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia") replies to Meridian Co. Ltd's ("Meridian") response to Erchonia's Motion for Leave to Take Expedited Oral Depositions.

**I.**

**INTRODUCTION**

In this case Erchonia claims that the Defendants are infringing on Erchonia's statutory and common law trademarks by marketing and selling low level lasers for medical use under the name "Lipolaser." On May 7, 2007, Meridian moved to dismiss Erchonia's claims against it pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5). At the heart of Meridian's 12(b) motion are Meridian's claims that it has not been properly served, and in any event, that this Court does not have personal jurisdiction over Meridian. Prior to responding to Meridian's 12(b) motion, Erchonia moved for a 30 day extension to respond to Meridian's 12(b) motion, and for leave of Court to take oral depositions prior to the Rule 26(f) scheduling conference. The Court granted

Erchonia's requested 30 day extension on May 31, 2007, and requested that Erchonia reply to Meridian's response to Erchonia's motion for leave to take the oral depositions.

## II.

### DISCOVERY NEEDED TO RESPOND TO MERIDIAN'S 12(b) MOTION

Meridian assumes that it will have to expend "substantial cost and expense" to travel to Texas for oral depositions. Erchonia has never intimated or hinted that any depositions in this case must take place in Texas. To the contrary, Erchonia is prepared to go wherever necessary to take the oral depositions to bolster what Erchonia already knows to be true; Meridian has availed itself of the right to conduct business in Texas, and more specifically, Dallas.

Moreover, Meridian's concern for incurring cost is ironic. After Erchonia received Meridian's 12(b) motion on the service of process issue, Erchonia requested that Meridian waive service so that the parties could focus on Meridian's jurisdictional issue. (Plaintiff's Appendix in Support of Reply, pp. 20-21). Assuming for the moment that Meridian has not been served properly, Meridian's self-described status as an "established leader in the research/development, manufacturing and sales of integrated medical diagnostic equipment" makes the issue merely a matter of *when*, and not *if*, Meridian is served in this case. (Plaintiff's Appendix in Support of Reply, pp. 8, 10, 15). Rather than avoid the unnecessary costs of service as it is obligated to do under Rule 4(d), Meridian flatly rejected Erchonia's request. (Plaintiff's Appendix in Support of Reply, p. 30).

A.   DISCOVERY ON THE SERVICE OF PROCESS ISSUE

Meridian contends that it has not been properly served in this case, but admits that Erchonia served the Summons and Complaint at 2150 West Braodway, Vancouver, BC  V6K 4L9. Meridian claims it is not located at this address, and has offered the Declaration of Hyeon

Myeong, Meridian's president and CEO, for the only evidence to support this contention. Inexplicably, however, Meridian has issued a press release that states that the contact information for Meridian Co., Ltd is as follows: "Contact: Meridian Co., Ltd., Hyeon S. Myeong, Suite 306-2150 West Broadway, Vancouver, BC V6K 4L9 . . . http://www.meridianmedical.ca." (Plaintiff's Appendix in Support of Reply, pp. 8-9, 14-15-, 39, 46-47).

Without elaboration, Meridian also questions how service on Meridian Medical, Inc., allegedly a Canadian company, can equate to service on Meridian, a Korean company. Based on the information Meridian has published to the entire world via its website, Meridian Medical, Inc. is the "corporate and North American distribution office of Meridian Co., Ltd." and is located at the same address where Erchonia served the Summons on April 18, 2007. (Plaintiff's Appendix in Support of Reply, pp. 10, 12-13, 15, 48-51). Mr. Myeong's sworn statements in his declaration obviously are irreconcilable with the statements contained in Meridian's press releases and website, which create the impression that Meridian and Meridian Medical are intertwined to such a degree that it is difficult to separate the two.

More importantly for this case, service on Meridian at 2150 West Broadway was effective under the Federal Rules of Civil Procedure because Rule 4(h)(2) states, in pertinent part, that "service upon a . . . foreign corporation . . . shall be effected . . . in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof." Rule 4(f) states, in pertinent part, that service may be made by "any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention . . . or . . . in the manner prescribed by the law of the foreign country for service in that country in an action in

any of its courts of general jurisdiction."

Article 21 of the Hague Convention provides that "each contracting State shall . . . inform the Ministry of Foreign Affairs of the Netherlands . . . where appropriate, of . . . opposition to the use of methods of transmission pursuant of articles 9 and 10." *See* the Hague Convention, Art. 21. Article 10(b) of the Hague Convention provides that if the State of destination does not object, service may be effected by judicial officers, officials or other competent persons of the State of Destination. *See* the Hague Convention, Art. 10(b).

Canada has not objected to Article 10(b)'s service provision. This, of course is not the least bit surprising given the traditions and acceptable methods of service of process in the courts of general jurisdiction in Canada. *See U.S. v. Islip*, 18 F.Supp 2d 1047, 1057 (Ct. Int'l Trade, 1998) (citing, *Delaire v. Delaire* [1996] 147 Sask.R. 161, at ¶ 46, quoting J.G. Castel in Canadian Conflict of Laws, 2nd Ed (Toronto, Butterworths 1986) ("In all the common law provinces and territories, personal service of process is the foundation of jurisdiction in actions in personam.").

Specifically as it relates to this case, the specific Rules of Court regarding service of summons in British Columbia provide, in pertinent part that: "Service of a document is effected on . . .(b) a corporation by leaving a copy of the document with the . . .manager, cashier, superintendent, treasurer, secretary, clerk or agent of the corporation or of any branch or agency of the corporation in the Province . . .and, for the purpose of serving a document upon a corporation whose chief place of business is outside British Columbia, *every person who, within the Province, transacts or carries on any of the business of, or any business for, that corporation shall be deemed its agent.*" See Rule 11(2)(b), Rules of Court, Court Rules Act, Supreme Court Rules, B.C. Regs., British Columbia, Canada (Emphasis added). Obviously, given that Meridian

has described Meridian Medical as its wholly owned subsidiary and "corporate and North American distribution office,"[1] even Meridian would concede that Meridian Medical transacts business on its behalf in British Columbia.

Moreover, even if there is some metaphysical distinction between Meridian and Meridian Medical that is not otherwise apparent from the information published by Meridian, service on Meridian Medical, as the "corporate and North American distribution office of Meridian Co., Ltd." is effective service on Meridian under the Federal Rules.[2] Erchonia has made a prima facie case that it properly served Meridian Medical, Inc., which Meridian admits is its wholly owned and controlled subsidiary and the "corporate and North American distribution office of Meridian Co., Ltd." (Plaintiff's Appendix in Support of Reply, p. 10).

If Meridian is going to insist that it has not been served properly in this case, then Erchonia should be allowed take an oral deposition of Meridian's corporate representative to obtain answers to why, exactly, Meridian directs all inquiries regarding the company or the company's products to its offices at 2150 West Broadway, which also happens to be the offices of its corporate and North American distribution office." The inconsistency between Mr. Myeong's declaration and Meridian's contrary statements throughout the internet, and the apparent level of control exercised by Meridian Co., Ltd over Meridian Medical, Inc. is precisely the type of jurisdictional discovery that Erchonia seeks through the requested depositions.

---

[1]   Plaintiff's Appendix in Support of Reply, p. 10.
[2]   *See Bland v. Kentucky Fried Chicken Corp*, 338 F.Supp. 871, 875 (S.D.Tex. 1971); *Delray Beach Aviation Corp. v. Mooney Aircraft, Inc.*, 332 F.2d 135 (5th Cir.1964)(although not in the traditional relationship of principal and agent, service upon a distributor of airplanes was valid on the manufacturer where the company's close economic ties were sufficient to satisfy a legal or moral duty on the part of the agent to report and properly handle a summons served on him as agent of the foreign corporation); *Acme Eng'rs, Inc. v. foster En'g Co.*, 254 F.2d 259 (5th Cir. 1958)(service on local agent of a foreign corporation valid service on the foreign corporation if the agent occupies such a responsible representative status as to make it reasonably certain that he will turn over the process to his company); *Ex Parte Volkswagenwerk Aktiengesellschaft*, 443 So.2d 880 (Ala.1983)(service on a wholly-owned subsidiary was good and sufficient service on the parent corporation where parent had a high degree of control over internal affairs of the subsidiary); *Hargrave v. Fireboard Corp*, 710 F.2d 1154, 1159 (5th Cir.1983).

B.  DISCOVERY ON THE PERSONAL JURISDICTION ISSUE

Meridian has introduced at least one product worth approximately $13,000 under the "Lipolaser" mark in the Dallas market. (Plaintiff's Appendix in Support of Reply, p. 53). Erchonia alleges in this case that Meridian has infringed Erchonia's statutory and common law rights to the Lipolaser mark. Erchonia's claims against Meridian arise directly out of Meridian's contacts with the forum state. A single contact will satisfy specific jurisdiction over a nonresident defendant. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed. 2d 233 (1957); *American Eyewear, Inc. v. Peepers Sunglasses*, 106 F.supp.2d 895, 901 (N.D.Tex.2000); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332-34 (5th Cir.1982); *Bounty-Full Entertainment, Inc. v. Forever Blue Entertainment Group, Inc.*, 923 F.Supp. 950, 956 (S.D.Tex. 1996).

Meridian also is seeking to introduce its products all over North America, including Texas, through the efforts of its offices in Vancouver. (Plaintiff's Appendix, pp.10, 16, 36). Meridian's website is interactive and is set up to solicit potential customers and medical sales representatives to serve as sales people for Meridian throughout the United States, including Texas. (Plaintiff's Appendix, p.16).

A federal court has personal jurisdiction over a non-resident defendant if the state long-arm statute confers personal jurisdiction over the defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute authorizes a court to exercise jurisdiction over a foreign defendant that is doing business in Texas. *See Atwood Hatcheries v. Heisdorf & Nelson Farms*, 357 F.2d 847, 852 (5th cir.1966); *Schlobom v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990). Texas defines "doing business" to include: ". . . (2)

- 6 -

[committing] a tort in whole or in part in this state; or (3) . . . [recruiting] Texas residents . . . for employment inside or outside this state." Tex. Civ. Prac. & Rem. Code §17.042.

Meridian is doing business in Texas because it is soliciting for employment distributors throughout North America, including Texas, through an interactive Internet website. (Plaintiff's Appendix in Support of Reply, p.16). Moreover, Meridian has committed the tort of misappropriation and infringement in whole or in part in Texas by unlawfully introducing a Meridian laser device with Erchonia's Lipolaser trademark to the Dallas market. (Plaintiff's Appendix in Support of Reply, p. 53).

Erchonia is only required to make a prima facie case for personal jurisdiction. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Further, any conflicts between the facts established in the parties' affidavits and any other evidence must be resolved in favor Erchonia for purposes of determining if a prima facie case exists. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.).

The nature and quality of the activity Meridian conducts over the Internet, combined with the interactivity of Meridian's website and the additional evidence of other contacts with the forum, including a sale of a Meridian laser under the trademark "Lipolaser" in the Dallas market, demonstrates, at a minimum, prima facie evidence of sufficient minimum contacts with Texas to warrant this Court's personal jurisdiction over Meridian. *See American Eyewear*, 106 F.Supp.2d 895, 901-902 (N.D.Tex.2000); *Advanceme, Inc. v. Rapidpay, LLC*, 450 F.Supp.2d 669, 673-74(E.D.Tex2006); *Telephone Audio Prods., Inc. v. Smith*, 1998 WL 159932, at *3 (N.D.Tex. Mar.26, 1998); *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F.Supp.2d 820, 824-26 (N.D.Tex.2002); *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328, 1330 (E.D.Mo.1996); *Global

*360, Inc. v. Spittin' Image Software, Inc.*, 2005 WL 625493 (N.D.Tex. Mar.17, 2005).

Erchonia has met is burden of establishing a prima facie case that Meridian has sufficient minimum contacts with the forum to justify the Court exercising jurisdiction over Meridian in this case. If, however, Meridian is going to maintain that it does not have sufficient minimum contacts with Texas, and more specifically Dallas, then Erchonia should be allowed to conduct discovery to develop facts to supplement its jurisdictional case against Meridian and respond to Meridian's motion to dismiss. *See Trintec Indus. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed.Cir.2005); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.1981); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F3d 446, 456 (3d Cir.2003); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir.2002).

Erchonia's requested depositions are calculated to show the nature and extent of Meridian's contacts with Texas, and specifically, Dallas. To the extent necessary, Erchonia will limit the subject matter of the depositions to the nature and extent of Meridian's contacts with Dallas, and because of Meridian's 12(b) motion relating to service, the nature and extent of Meridian's relationship with Meridian Medical, Inc.

### III.

### CONCLUSION

The Parties have not stipulated in writing to the depositions before the Rule 26(f) conference; and, Erchonia needs the oral depositions to respond adequately to Meridian's 12(b) motion. Specifically, Erchonia requests leave to depose (1) Defendant Dr. Roman Chubaty; (2) Karmyn LaShaw; (3) a corporate representative of either or both of Meridian Medical, Inc. and/or Meridian Co., Ltd, on topics related to jurisdiction and other issues raised in Meridian's Motion to Dismiss. Erchonia also requests the Court to order Meridian to cooperate in

scheduling the depositions of the witnesses of whom Meridian has control.

              Respectfully submitted,

              DAVID, GOODMAN & MADOLE,
              A Professional Corporation

            By: /s/ Brett L. Myers
              Brett L. Myers
              State Bar No. 00788101
              David Grant Crooks
              State Bar No. 24028168
              Abby L. Ewing
              State Bar No. 24053194
        Two Lincoln Centre
        5420 LBJ Freeway, Suite 1200
        Dallas, Texas 75240
        972-991-0889
        972-404-0516 – Fax

            ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 1, 2007 to all counsel who are deemed to have consented to electronic service via the court's CM/ECF system.

            /S/  Brett Myers
              Brett Myers