# Exhibit I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **THERAPY PRODUCTS, INC.** | § | |
| **d/b/a ERCHONIA MEDICAL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIV.ACT.NO. 3-07CV0381-N** |
| **v.** | § | |
| | § | |
| **ROMAN CHUBATY, M.D.,** | § | |
| **MERIDIAN CO., LTD. and** | § | |
| **AESTHETICMD,** | § | |
| | § | |
| **Defendants.** | § | |

### THERAPY PRODUCTS, INC.'S MOTION FOR LEAVE
### TO FILE AMENDED PLEADING AND
### MEMORANDUM AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia"), Plaintiff in

the above-entitled and numbered cause, and files this its Motion For Leave to File Amended

Pleading, and in support of same would offer the following:

### A. Introduction

1.    Plaintiff is Erchonia; Defendants are: Meridian Co., Ltd ("Meridian"); Roman

Chubaty, M.D. ("Chubaty"); and, AestheticMD.

2.    Plaintiff sued Defendants for causes of action, among others, under The Lanham

Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act").

3.    On May 8, 2007, Meridian filed a Motion to Dismiss.

4.    Erchonia filed emergency motions asking that the time to respond to the Motion

to Dismiss be extended and that the Court allow Erchonia to take limited oral depositions on

issues regarding personal jurisdiction of the Court and on service of process. The court granted

- 1 -

those motions on June 14, 2007. The court thereby ordered that the deadline to respond to the

Motion to Dismiss be extended until August 13, 2007. The Court further ordered that Erchonia

may take the depositions it was seeking of Roman Chubaty, Karmyn LaShaw and a corporate

representative of Meridian and/or Meridian Medical, Inc. ("Meridian Medical"). Additionally,

the court ordered Meridian to cooperate in the production of witnesses under its control.

5.    AestheticMD and Chubaty and their counsel have cooperated and a Notice of

Deposition has been served for the taking of the deposition of Chubaty in Phoenix, Arizona.

6.    Meridian has not provided available dates for the taking of its corporate

representative, which it has insisted must go forward in Seoul, Korea. Meridian has further

taken the position that it does not control Meridian Medical or its employee Karmyn LaShaw.

7.    Counsel for Meridian Medical has also sent correspondence stating that if

Erchonia wishes to depose Ms. LaShaw, it must seek a letter rogatory from this Court; and,

thereafter obtain an order from The British Columbia Supreme Court compelling Ms.

LaShaw's deposition. Meridian Medical's counsel stated that only after the materials for the

application to the Supreme Court of British Columbia were presented to him, would they

consider the "request" to take Ms. LaShaw's deposition.

8.    The position that Meridian Medical and Meridian are taking in light of the

evidence of their relationship brings to light the fact that, at any rate, it now appears that

Meridian Medical is also infringing Erchonia's rights in the State of Texas.

9.    Accordingly, Erchonia seeks leave of this Court to file its Second Amended

Complaint, naming Meridian Medical as an additional defendant to this cause. A copy of

Erchonia's proposed Second Amended Complaint is attached hereto as Exhibit A.

-2-

B. Evidence in Support & Background Facts

8.     In support of this Motion, Erchonia relies upon evidence contained in its

Therapy Products, Inc.'s Appendix in Support of its Motion For Leave to File Amended

Pleading (the "Appendix"), filed concurrently herewith.

9.     Meridian Co., Ltd.'s own President and C.E.O. has apparently issued press

releases on behalf of Meridian Co., Ltd. from the very Vancouver address at which Meridian

Medical's offices are located. See Appendix, PP.7-10, and 31-34.

10.     Some of these press releases were obtained from Meridian's own website, and

state that the contact information for Meridian Co., Ltd. is as follows: "Contact: Meridian

Co., Ltd., Hyeon S. Myeong, Suite 306-2150 West Broadway, Vancouver, BC V6K 4L9 . .

.http://www.meridianmedical.ca." See Appendix, PP. 8 and 31-34.

11.     This is the same address of Meridian Medical. See Appendix, P. 10.

12.     Moreover, Meridian's own website specifies that Meridian Medical, Inc. is the

"corporate and North American distribution office of Meridian Co., Ltd." See Appendix, P.

9.

13.     There is further evidence that Meridian and/or Meridian Medical has already

introduced the laser product with the infringing trademark LipoLaser to the Dallas, Texas

market, by selling their LipoLaser to a doctor in Dallas and that Meridian and/or Meridian

Medical is seeking the continued introduction of the laser product all over North America,

through the efforts of the office in Vancouver. See Appendix, PP. 9, 15, 24, 31, 35-38 and 40-

41.

15.    Meridian's website is also interactive and is set up so that potential customers, or medical sales representatives can be solicited, submit resumes or information requests and obtain additional information as to serving as sales people for Meridian and/or Meridian Medical throughout the United States, including Texas. See Appendix, P. 15.

16.    Meridian's website states that it is successfully marketing its products worldwide and that it is its vision to see its products used worldwide. See Appendix, P. 9.

17.    Based upon the foregoing, Plaintiff filed this lawsuit in the U.S. District Court, Northern District of Texas, Dallas Division.

18.    Despite these facts, Meridian's President, Hyeong-Seong Myeong filed a Declaration under penalty of perjury in support of Meridian's Motion to Dismiss, in which he states that Meridian does not maintain an office at that address in Vancouver; and, further declares that Meridian does not market, advertise, or promote its products in the State of Texas. See Meridian's Motion to Dismiss and exhibit thereto, of which Erchonia requests the court take judicial notice.

19.    A Canadian attorney, Mr. Wotherspoon, sent correspondence to counsel for Erchonia stating that: he represents Meridian Medical; that it is not controlled by Meridian; and, that Ms. LaShaw's deposition could only be obtained through the issuance of a letter rogatory from a United States court and a subsequent order from the British Columbia Supreme Court. Mr. Wotherspoon represented that his client would consider "your request" to take Ms. LaShaw's deposition, once he had received the materials for the application to the British Columbia Supreme Court. See Appendix, PP. 20-21.

20.    Despite the facts that Meridian and Meridian Medical themselves have repeatedly stated that Meridian Medical is a subsidiary, or a wholly owned subsidiary,

- 4 -

Meridian Medical's counsel now denies this is true. See  Appendix, PP. 9, 20-21, 31, 35-37.

Since Meridian and Meridian Medical are taking the position that Meridian does not control

Meridian Medical, it now appears that Meridian Medical is also infringing upon Erchonia's

intellectual property rights; and, that it is doing so in the State of Texas. See Appendix, PP. 9,

15, 20-21, 25-27, 31-38 and 40-45.

### C.  Argument & Authorities

21.    Unless the opposing party can show prejudice, bad faith, or undue delay, a court

should grant leave to file an amended pleading. *See Foman v. Davis*, 371 U.S. 178, 182, 83

S.Ct. 227, 230 (1962).

22.    Leave to amend should be freely given when justice so requires. *See* Fed. R.

Civ. P. 15(a); *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Walton v. Mental Health Ass'n*, 168

F.3d 661, 665 (3rd. Cir.1999).

23.    The Court should allow the filing of Erchonia's Second Amended Complaint

because this cause is still in the preliminary stages with regard to Meridian, none of the

defendants will be prejudiced by granting of leave and resolution of the issues against Meridian

and Meridian Medical will arise out of the same or similar facts and judicial economy will be

served.

24.    Meridian will not be prejudiced by the addition of Meridian Medical as a

defendant to this cause, especially given the position that it has taken that it exerts no control

over Meridian Medical, and has no relationship with Meridian Medical, other than a

contractual one.

25.    As stated above, a copy of the proposed Second Amended Complaint is attached hereto as Exhibit A.

## D.  Conclusion

37.    Because Erchonia has demonstrated that the Defendants to this current cause will not be prejudiced thereby, and because economy of judicial resources and costs to the Plaintiff will be minimized by allowing it, the Court should grant the requested leave to allow Erchonia to file its Second Amended Complaint.

Respectfully submitted,

**DAVID, GOODMAN & MADOLE,**
A Professional Corporation

By:    /s/  David Grant Crooks
Brett L. Myers
State Bar No. 00788101
David Grant Crooks
State Bar No. 24028168
Abby L. Ewing
State Bar No. 24053194
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972-991-0889
972-404-0516 – Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, in compliance with Northern District Local Rule 7.1 (b) certify the following:

1.  On June 27, 2007 at approximately 2:03 p.m., I called Kelly Vickers, counsel for Meridian, and was told she was out of the office until Monday July 2, 2007. At that time I asked to be transferred to co-counsel-Lauren Koletar. I was told Ms. Koletar was in the office but was unavailable. I then left Ms. Koletar a detailed voice-mail message asking that she return my call for purposes of a certificate of conference on this Motion.

2.  On June 27, 2007 at approximately 4:46 p.m. I again called for Ms. Koletar. The receptionist transferred me directly into Ms. Koletar's voice-mail. I left another detailed message in which I specifically stated that this was my second attempt to confer on the Motion for Leave to File and Amended Pleading.

3.  On June 27, at approximately 7:30 p.m., Lauren Koletar called me back and left me a voice-mail message responding to inquiries regarding discovery issues. However, Ms. Koletar did not respond to my request for conferencing on the Motion and did not indicate if Meridian was opposed or unopposed to the Motion.

4.  On June 28, 2007, at approximately 8:55 a.m., I again called Ms. Koletar and was put in to her voice-mail. I left another detailed voice-mail message in which I indicated this was third attempt to conference on the Motion for Leave to File Amended Pleading.

5.  On June 28, 2007 at 9:28 am, I received an email message from Ms. Koletar-stating that she had received my messages and that her client was opposed to the relief requested in the motion.

6.  I further certify that on June 27, 2007 at approximately 2:00 p.m., a telephone conference was held with counsel for the other current defendants, AestheticMD and Roman Chubaty, M.D. and that counsel has stated those parties are not opposed to the granting of the motion.

Accordingly, since Meridian has stated it is opposed to the relief requested in the Motion, the motion is presented to the Court for resolution.

_____ /s/David G. Crooks
David G. Crooks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 28, 2007 on all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system.

| | |
|---|---|
| Kelly R. Vickers<br>Lauren S. Koletar<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201 | Defendant<br>Meridian Co., Ltd. |
| Sid Leach<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>Phoenix, Arizona 85004-2202 | Defendants<br>AestheticMD, and<br>Roman Chubaty, M.D. |

      /s/ David Grant Crooks
      David Grant Crooks

206981.1/3761.030

- 8 -

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THERAPY PRODUCTS, INC.** | § | |
| **d/b/a ERCHONIA MEDICAL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIV.ACT.NO. 3-07CV0381-N** |
| **v.** | § | |
| | § | |
| **ROMAN CHUBATY, M.D.,** | § | |
| **MERIDIAN CO., LTD.,** | § | |
| **AESTHETICMD and** | § | |
| **MERIDIAN MEDICAL, INC.** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND APPLICATION
FOR PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiff Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia") files this Its Second

Amended Complaint and Application for Temporary and Permanent Injunction against Defendants

Roman Chubaty, M.D. ("Chubaty"), Meridian Co., Ltd. ("Meridian"), AestheticMD, and Meridian

Medical, Inc. ("Meridian Medical"), pursuant to Federal Rule of Civil Procedure 15(a), with leave of

the Court.

**Jurisdiction and Venue**

1.    This case involves the claim that the Defendants have marketed a medical laser and/or

related services using said laser under the name "LIPOLASER" in violation of Plaintiff's federal

statutory and state common law trademark protections. Upon information and belief, Meridian and

Meridian Medical have engaged in business in this district and division because they have sold at

least one laser bearing the infringing mark "LIPOLASER" to a customer in the Dallas area. This

Court has jurisdiction over this action pursuant to:  15 U.S.C. § 1121 (actions arising under the

Federal Trademark Act); 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks); 28 U.S.C.

- 1 -

§1338(b) (claims relating to unfair competition where significant trademark claims are involved; 28

U.S.C. 1331 (Federal Question), 1332 (Diversity), and Principles of Pendent jurisdiction under

§1367(a), the Lanham Trademark Act of 1945, 15 U.S.C.1051, et seq. (the "Lanham Act"). Venue is

proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). Plaintiff Erchonia is a Texas

corporation with its principal place of business in Collin County, Texas.

### Parties

2.    Defendant Meridian Co., Ltd is a corporation, upon information and belief, doing

business in this district and division. Upon information and belief, Meridian Co., Ltd has already

been properly served and has actual notice of this suit. However, this issue has been contested by

Meridian. Therefore, it may further be served through its president and CEO, Hyeong-Seong Myeong

pursuant to the provisions of the Hague Convention for the Service of Judicial and Extrajudicial

Documents (the "Hague Convention") and Federal Rule of Civil Procedure 4 at 4F, Heungseong

Building, 197-3, Jamsil-Dong, Songpa-Gu, Seoul, Korea.

3.    Defendant AestheticMD is doing business in this district and division. It has already

been served and entered an appearance in this Cause.

4.    Defendant Roman Chubaty, M.D. is an individual. He has already been served and

entered an appearance in this Cause.

5.    Defendant Meridian Medical, Inc. is a Canadian Corporation; it may be served

pursuant to the provisions of the Hague Convention for the Service of Judicial and Extrajudicial

Documents (the "Hague Convention") and Federal Rule of Civil Procedure 4 at 2150 West

Broadway, Suite 314, Vancouver, B.C. Canada V6K 4L9.

### Factual Background

6.    Erchonia manufactures and markets laser devices for medical use. Since its founding,

Erchonia has developed a reputation as an industry leader and consistently has sought to market its

- 2 -

capability to as many potential clients and markets as possible. As part of its marketing strategy, Erchonia sought professional assistance to develop a distinctive and recognizable image and branding for its low level medical lasers. As part of its efforts to create brand awareness and impact, Erchonia created and trademarked LIPOLASER (the "Mark") in connection with certain low level lasers that Erchonia has marketed in the United States, Canada, Korea, and throughout the world. Erchonia has used the mark LIPOLASER at least since 2001. Erchonia's LIPOLASER Mark is covered by U.S. trademark application 78/788444, Canadian trademark application 1,322,869, Korean trademark application 40-2006-0057323, and Brazilian trademark application 8287330024. Copies of Erchonia's trademark applications are attached as Exhibits 1, 2, 3, and 4.

7.    Erchonia invested substantial time and money in developing its branding, including the Mark, and has promoted and consistently and successfully used this branding to market itself and to set itself apart in the marketplace. Erchonia has created specific recognition in the marketplace for its low level lasers by associating the Mark with Erchonia's lasers. Erchonia's Mark is distinctive and unique to Erchonia.

8.    Long after Erchonia had invested the time and monies necessary to achieve a high level of distinction and effectiveness in its branding and trade dress, including the Mark, Defendants Meridian, upon information and belief with the assistance of Meridian Medical, AestheticMD and Chubaty began using Erchonia's Mark, and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.

9.    On November 1, 2006, Erchonia served a cease and desist letter upon AestheticMD demanding that AestheticMD and Chubaty immediately cease using Erchonia's Mark in its marketing materials. On November 16, 2006, AestheticMD responded to Erchonia's cease and desist letter by informing Erchonia that AestheticMD had forwarded Erchonia's cease and desist letter to Meridian so that Meridian could clear up any problems with the use of Erchonia's Mark,

- 3 -

specifically the term LIPOLASER. On December 21, 2006, Erchonia served a cease and desist letter

upon Meridian, upon information and belief, the corporate parent of Meridian Medical, demanding

that Meridian immediately cease using Erchonia's Mark.

10.    Despite Erchonia's notice that they were violating Erchonia's Mark, Defendants,

including, upon information and belief, Meridian Medical acting in conjunction with Meridian,

willfully continued to use the Mark, including the term LIPOLASER.

11.    Defendants intentionally have misappropriated the significant time, effort, and

resources expended by Erchonia to achieve recognition and acceptance of Erchonia's low level lasers

by taking Erchonia's Mark and using the Mark to actively market and promote their own competing

products. They have attempted to reduce Erchonia's Mark from a highly distinctive and unique

aspect of Erchonia's marketing and promotional efforts to Erchonia's detriment and damage.

12.    Defendants actively have marketed themselves throughout the United States and the

world using materials that infringe upon Erchonia's Mark. They have targeted substantially the same

consumers as Erchonia, and presented their message in such a way as to closely duplicate Erchonia's

own marketing efforts. On information and belief, Defendants undertook these particular forms of

marketing to capitalize on the success generated by Erchonia's efforts, without the burden of having

to invest the time and resources that Erchonia committed, and knowing that their use of misleadingly

similar trade dress and materials coupled with Erchonia's Mark is substantially likely to result in

confusion among consumers that would cause Defendants to obtain business that would otherwise

have been directed toward Erchonia.

13.    Further, the low level lasers offered by Meridian, Meridian Medical and AestheticMD

through their use of the Mark and the misleadingly similar trade dress and materials are inferior to

the low level lasers offered by Erchonia. On information and belief, Erchonia's reputation for

quality and service has been and will continue to be tarnished through association with Meridian's

- 4 -

inferior products, unless Meridian, Meridian Medical and AestheticMD are prohibited from continuing to use these misleading materials and Erchonia's Mark.

14.     Erchonia has completed all statutory formalities to registering the Mark.

## COUNT I

### FALSE DESIGNATION OF ORIGIN AND
### FALSE DESCRIPTION UNDER §43(a) OF THE LANHAM ACT

15.     Erchonia incorporates by reference the factual allegations of all previous paragraphs herein. Defendants' conduct, as set forth herein, constitutes violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)) as a false designation of origin and/or a false description or representation of goods. Defendants' commercial use of Erchonia's Mark in interstate commerce through their websites, brochures and other marketing materials, to promote their low level lasers for medical uses constitute a false and misleading representation of their services, all to Erchonia's damage.

16.     Upon information and belief, Defendants will continue to cause serious and irreparable injury and damage to Erchonia, unless restrained by the Court. Accordingly, pursuant to 15 U.S.C. §§ 1116 and 1125 (c)(1), Erchonia seeks a preliminary and permanent injunction from the Court against Defendants' use of the Mark in Defendants' websites, brochures and other marketing materials that are substantially similar to, and likely to cause confusion with, those of Erchonia. Additionally, pursuant to 15 U.S.C. §§ 1117 and 1125 (c)(5), Erchonia seeks all of Defendants' profits generated through the use of Erchonia's Mark, all lost profits and other damages suffered by Erchonia as a result of Defendants' infringements, and all costs and attorneys' fees associated with Defendants' infringements and this lawsuit.

17.     As a direct and proximate result of Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages, as well as irreparable injury for which no adequate

remedy at law exists. While Erchonia is entitled to monetary relief under 15 U.S.C. §1117, monetary damages alone will not fully compensate Erchonia for the harm caused by Defendants' conduct.

18.    Upon information and belief, Defendants' activities are willful.

## COUNT II

## COMMON LAW TRADEMARK INFRINGMENT, PASSING OFF AND UNFAIR COMPETITION

18.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

19.    Erchonia owns the common law trademarks described herein.

20.    Defendants' deceptive use of confusingly similar trademarks in Texas and elsewhere constitutes, *inter alia*, common law trademark infringement, a passing off of Defendants' goods and services as those of Erchonia, and unfair competition. Upon information and belief, the Defendants' illegal conduct has deceived and caused actual confusion and mistake as to the source and origin of Defendants' goods and services, and is likely to further deceive and cause confusion as to the source, affiliation, or sponsorship of the Defendants' products and services, vis-a-vis, Erchonia if allowed to continue unchecked into the future.

21.    Upon information and belief, the Defendants are willfully engaging in their illegal activities for the purpose of diverting sales from Erchonia, the full scope of which is yet to be ascertained.

22.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages as well as irreparable injury, for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief, monetary damages alone will not fully compensate Erchonia for the harm caused by the Defendants' conduct.

## COUNT III

## TRADEMARK DILUTION, BLURING AND TARNISHMENT

23.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

24.    In violation of TEX. BUS. & COMM. CODE §16.29, the Defendants' conduct, upon information and belief, has and continues to injure and dilute the value of Erchonia's trademarks.

25.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial irreparable injury for which no adequate remedy at law exists.

## COUNT IV

## APPLICATION FOR PRELIMINARY INJUNCTION

26.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

27.    In summary, Erchonia has prior and superior rights to its trademarks by virtue of its prior use of its distinctive trademark and by its prior application for registration of the trademarks in question. As shown hereinabove and through the attached evidence, and in the Memorandum in Support of this Application, which will be filed by Erchonia, Defendants have used and will continue to use the confusingly similar or exact copy of the LIPOLASER trademark in the marketing and sale of their medical goods and services, without authorization. Upon further information and belief, Defendants have willfully and intentionally used and continue to use the trademark in question with the knowledge that Erchonia has superior and prior rights, and have done so willfully, intentionally and knowingly in bad faith, and as a result, have damaged and continue to damage Erchonia, (as well as wrongfully profiting on Erchonia's trademark, reputation and good will).

28.    As will be set forth more fully in Erchonia's Memorandum and Brief in Support of its Application for Preliminary Injunction and in the evidence in support of the Application, which is

- 7 -

incorporated herein by reference, Erchonia is entitled to a Preliminary Injunction because it can

show: (1) a substantial likelihood that Erchonia will succeed on the merits of each of its claims; (2) a

substantial threat that a denial of the requested Preliminary Injunction will result in irreparable harm

to Erchonia; (3) the threatened injury to Erchonia outweighs any damage that may result to the

Defendants; and (4) issuing the Preliminary Injunction will not disserve the public interest.

29.    Erchonia will suffer irreparable harm if Defendants are not enjoined during the

pendency of this lawsuit from using the LIPOLASER trademark or any other trademark confusingly

similar to Erchonia's prior-existing trademark; infringing upon Erchonia's LIPOLASER trademark;

affixing, applying, annexing, using or making in connection with the sale of any services or goods,

any false designation of origin, false description or false representation, including words, marks,

other symbols, and/or packaging tending to falsely describe or represent that services or products

originating from the Defendants are manufactured, sponsored, authorized, licensed by or otherwise

connected or affiliated with Erchonia; passing off the Defendants' goods and services as being from

or affiliated with Erchonia; unfairly competing with Erchonia; and/or disparaging Erchonia in the

conduct of its business.  As set forth more fully hereinabove, and also in the Memorandum in

Support of Erchonia's Application for Preliminary Injunction, which will be filed by Erchonia, the

injury to Erchonia is imminent and in fact existing and ongoing at this time.  To that end, upon

information and belief, confusion is occurring in the marketplace right now and dilution of the

strength, reputation and perceived value of the LIPOLASER brand and trademark and Erchonia's

position in the marketplace is being diluted and injured on an ongoing basis through the Defendants'

actions in bombarding the market with confusingly similar, and upon information and belief, inferior

medical goods and/or services.

30.    The injury and harm Erchonia is suffering at the hands of Defendants is irreparable

and there is no adequate remedy at law to redress the injuries.  The injuries being sustained to

- 8 -

Erchonia's market position and Erchonia's customer's perception of the value of the LIPOLASER

brand is particularly difficult to calculate due to the esoteric nature of the perceptions of Erchonia's

customers. Upon information and belief, the evidence will demonstrate that incidents of actual

confusion among the chain of services and goods and between Erchonia's actual customers and pool

of potential customers with those of the Defendants have occurred and will continue to occur unless

the Defendants are enjoined from bombarding the market with their knock-off LIPOLASER brand.

Further, upon information and belief, Erchonia's reputation for quality and good will that has been

established by Erchonia's marketing of the LIPOLASER brand is being substantially impaired by the

Defendants' actions. Calculable damages for this type of effect on the subjective perceptions of

Erchonia's customers is not readily ascertainable. What is clear is that the consumers and customers

will not use a product they perceive as inferior or dangerous. Accordingly there is no adequate

remedy at law, but an equitable preliminary injunction must be issued to stop the injury to Erchonia.

31.    Further, there is a substantial likelihood that Erchonia will prevail on the merits

because Erchonia clearly holds prior and superior rights to the trademark and because the

Defendants' use and marketing of the confusingly similar trademark demonstrates that Defendants

are already engaging in illegal behavior under §43(a) of the Lanham Act; common law trademark

infringement, passing off, unfair competition, trademark dilution, tarnishment, and upon information

and belief, willfully, wrongfully and for unjust profit.

32.    The harm faced by Erchonia outweighs the harm that would be sustained by

Defendants if the Preliminary Injunction were granted, upon information and belief. Further, upon

information and belief, Defendants will not suffer undue hardship or loss as the result of the issuance

of a Preliminary Injunction. Erchonia holds superior right to the marks and has made substantial

investments in the success of same; whereas the Defendants have entered the market with, upon

information and belief, the knowledge and intent to trade off the investment and success Erchonia has made and enjoyed in the LIPOLASER trademark.

33.    Issuance of a Preliminary Injunction would not adversely affect the public interest because the public has a substantial interest in the protection of trademarks and the investment, research and development of new products and services that are protected by state and federal laws. The public interest further is adversely affected by improperly rewarding bad faith actions that seek to undermine the process, laws and goals of the state and federal trademark protection schemes for individual profit and a free ride on the substantial financial commitment and hard work of parties such as Erchonia in this case.

34.    Erchonia is willing to post a bond in an amount the Court deems appropriate to protect any counterveiling interest that may be adversely affected by a wrongful issuance of a Preliminary Injunction.

35.    Erchonia would ask the Court to set its Application for Preliminary Injunction for hearing, and after hearing the request, issue a Preliminary Injunction against the Defendants, enjoining Defendants and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and any and all persons, firms, associations and corporations in active concert or participation with the Defendants from: (1) using the trademark and trade name LIPOLASER; (2) infringing upon Erchonia's LIPOLASER trademark; (3) affixing, applying, annexing, using, or making in connection with the sale of any goods or services, any false designation of origin, false description, or false representation, including words, marks, other symbols that falsely describe or represent that products or services originating from the Defendants are manufactured, sponsored, authorized, licensed by, or otherwise connected or affiliated with Erchonia; (4) passing off the Defendants' products or services as being from Erchonia; (5) unfairly competing with Erchonia; and (6) disparaging Erchonia in the conduct of its business.

## COUNT V

## REQUEST FOR PERMANENT INJUNCTION

36.     Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

37.     Erchonia asks the Court to set its Application for Injunctive Relief for a full trial on the issues in this its Application, and after the trial, to issue a Permanent Injunction against the Defendants in conformity with the Preliminary Injunction requested hereinabove, and permanently enjoining the Defendants and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and any and all persons, firms, associations and corporations acting in concert or participation with the Defendants from: (1) using the trademark and trade name LIPOLASER; (2) infringing upon Erchonia's LIPOLASER trademark; (3) affixing, applying, annexing, using, or making in connection with the sale of any goods or services, any false designation of origin, false description, or false representation, including words, marks or other symbols that falsely describe or represent that products or services originating from the Defendants are manufactured, sponsored, authorized, licensed by, or otherwise connected or affiliated with Erchonia; (4) passing off the Defendants' products or services as being from Erchonia; (5) unfairly competing with Erchonia; and (6) disparaging Erchonia in the conduct of its business.

### JURY DEMAND

38.     Plaintiff hereby demands a trial by jury on all issues triable to a jury as allowed by law.

### ATTORNEY'S FEES

39.     Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

- 11 -

40.    Erchonia would show the Court that this is an exceptional case within the meaning of the Lanham Act and would demonstrate to the Court that Plaintiff is entitled to an award of reasonable attorney's fees pursuant to 15 U.S.C. §1117(a). Upon information and belief, Plaintiff will be able to demonstrate the Defendants' actions were willful, deliberate, malicious and/or fraudulent infringement of Erchonia's rights, to a degree that would warrant an award of Erchonia's attorney's fees in an amount found reasonable and appropriate by the Court.

41.    Accordingly, Erchonia requests that the Court award it reasonable and necessary attorney's fees in an amount found appropriate by the Court.

WHEREFORE, Plaintiff Erchonia respectfully requests that Defendants be cited to appear and answer herein, and that the Court award the following relief:

(i)    entry of a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from using Erchonia's Mark, trade dress, marketing materials and other intellectual property, from infringement of Erchonia's trade dress, from dilution of Erchonia's trademark and trade dress rights, and from injuring Erchonia's business reputation;

(ii)    that Defendants be required to account to Erchonia for Defendants' profits resulting from its infringement and misleading designations, and to disgorge those profits to Erchonia;

(iii)    that Defendants be required to pay to Erchonia damages for the injuries sustained by Erchonia as a result of Defendants' passing off, infringement, blurring, tarnishment, unfair competition and misleading designations;

(iv)    that Defendants be required to pay Erchonia exemplary damages as a result of their conduct found to be willfull, intentional and malicious;

(v)    that Defendants be ordered to surrender for destruction all products, labels, advertisements and other promotional and other written materials that consist of the Mark or Erchonia's trade dress or any other name or mark confusingly similar to Erchonia's Mark or trade dress and other intellectual property;

(vi)    that Defendants be ordered to file with the Court and serve on Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with subparagraphs (i) and (v) of this section hereinabove.

- 12 -

(vii)   that Defendants be required to pay Erchonia's attorneys' fees, together with all costs of this suit; and

(viii)   that Erchonia be awarded such additional relief to which Erchonia is justly entitled.

Respectfully submitted,

**DAVID, GOODMAN & MADOLE,**
A Professional Corporation

By:    /s/ Brett L. Myers
       Brett L. Myers
       State Bar No. 00788101
       David Grant Crooks
       State Bar No. 24028168
       Abby L. Ewing
       State Bar No. 24053194
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972-991-0889
972-404-0516 – Fax

ATTORNEYS FOR PLAINTIFF

205464.1/3761.020

- 13 -

# EXHIBIT "1"



Page 1 of 2

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Dec 20 04:18:55 EST 2006*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

LOGOUT Please logout when you are done to release system resources allocated for you.

Start List At: [        ] OR Jump to record: [        ]    **Record 2 out of 3**

| TARR Status | ASSIGN Status | TTAB Status |  ( *Use the "Back" button of the Internet Browser to return to TESS)*

# LIPOLASER

| | |
|---|---|
| **Word Mark** | LIPOLASER |
| **Goods and Services** | IC 010. US 026 039 044. G & S: Lasers for surgical, medical, and chiropractic therapy |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Design Search Code** | |
| **Serial Number** | 78788444 |
| **Filing Date** | January 10, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Erchonia Medical, Inc. CORPORATION ARIZONA 4751 E. Indigo St. Mesa ARIZONA 85205 |
| **Attorney of Record** | Sandra L. Etherton |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Exhibit A**

http://tess2.uspto.gov/bin/showfield?f=doc&state=599vvs 3.2                    12/20/2006

# EXHIBIT "2"



| | |
|---|---|
| **Office de la propriété intellectuelle du Canada** | **Canadian Intellectual Property Office** |
| Un organisme d'Industrie Canada | An Agency of Industry Canada |
| 50, rue Victoria Place du Portage I Gatineau (Québec) K1A 0C9 | 50 Victoria Street Place du Portage I Gatineau, Québec K1A 0C9 |

| Date | |
|---|---|
| | 07 nov/Nov 2006 |
| Votre référence - Your reference | |
| | TM 64537-1 |
| Numéro de dossier - File number | |
| | 1322869 |

BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

Requérant - Applicant

Brchonia Medical, Inc.

Marque de commerce - Trade-mark

LIPOLASER

## AVIS DE RÉCEPTION

Nous accusons réception de la demande d'enregistrement de cette marque de commerce ainsi que du droit de production de la demande. La date de production de cette demande est:

### 03 nov/Nov 2006

Pour toute correspondance veuillez inclure le numéro de dossier mentionné ci-dessus.

Pour obtenir des renseignements sur les marques de commerce veuillez signaler le (819) 997-1936 ou visitez notre site Web au http://opic.gc.ca . De plus, vous pouvez obtenir de l'information concernant le statut de votre demande à partir de la Base de données des marques des commerce via notre site Web.

La *Loi sur les marques de commerce* prévoit un système d'enregistrement des marques de commerce. Il est important de remarquer que l'enregistrement d'une marque de commerce ne garantit aucunement que l'emploi de cette marque satisfera aux exigences d'autres lois, ou encore que cet emploi ne constituera pas une infraction à d'autres lois.

Une feuille de vérification de votre demande est jointe à titre de révision. Si vous avez des questions concernant l'information qui y figure, veuillez communiquer avec :

La Section des Formalités
Place du Portage I
50, rue Victoria, Gatineau, (Québec) K1A 0C9
Téléphone : (819) 953-8575 Télécopieur : (819) 953-6742

## FILING NOTICE

Receipt is acknowledged of the application and filing fee for the registration of this trade-mark. This application's filing date is:

For all future correspondence please include the file number stated above.

For general information on trade-marks please call (819) 997-1936 or visit our Web site at http://cipo.gc.ca . You may also obtain status information on your application from the Trade-marks Database on our Web site.

The *Trade-marks Act* provides a system for registration of trade-marks. It is important to note that the registration of a mark under the *Trade-marks Act* does not imply that its use will comply with the requirements of other statutes, or that such use will not constitute a contravention of other statutes.

A Proof Sheet of the application is attached for your review. If you have any questions on the information contained within the Proof Sheet please contact:

Formalities Section
Place du Portage I
50 Victoria Street, Gatineau, Quebec K1A 0C9
Tel: (819) 953-8575 Fax: (819) 953-2476

**Exhibit B**

Registraire des marques de commerce
Registrar of Trade-marks

## Canada

http://opic.gc.ca · http://cipo.gc.ca



OPIC    CIPO

**APPL'N No./No DEM.   1 322 869**

**FORMALIZED/FORMALITÉS ACCOMPLIES**

**FILING DATE/DATE DE PRODUCTION:**                          03 nov/Nov 2006

**APPLICANT/REQUÉRANT:**
Erchonia Medical, Inc.
4751 E. Indigo St.
Mesa, Arizona 85205
UNITED STATES OF AMERICA

**AGENT: (TM 64537-1)**
BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

**REP FOR SERVICE/REP POUR SIGNIFICATION:**
(TM 64537-1)
BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

**TRADE-MARK/MARQUE DE COMMERCE:**

## LIPOLASER

**INDEX HEADINGS/RUBRIQUES:**
LIPOLASER
*     *

**WARES/MARCHANDISES:**
Lasers for surgical, medical, and chiropractic therapy.

**SERVICES:**
Educational services; lipoplasty; liposurgery and fat and/or celluloid reduction procedures.

**CLAIMS/REVENDICATIONS:**
Used in CANADA since at least as early as January 10, 2006 on wares and on services.

Used in UNITED STATES OF AMERICA on wares.

07 nov/Nov 2006                          JF - 85 - 84                          Page   1

**APPL'N No./No**    **1 322 869**

Filed in UNITED STATES OF AMERICA on January 10, 2006 under No. 78/788,444 on wares.

| Action | Date | BF | Comments/Commentaires |
|---|---|---|---|
| filed/produite | 2006/11/03 | | |
| created/créé | 2006/11/06 | | |
| formalized/formalisée | 2006/11/07 | | |

# EXHIBIT "3"

출원번호통지서                                                     페이지 1 / 1

관인생략

# 출 원 번 호 통 지 서

출 원 일 자    2006.11.13
특 기 사 항    참조번호(0001)
출 원 번 호    40-2006-0057323 (접수번호 1-1-2006-0828829-29)
출 원 인 명 칭   이코니아 메디컬, 인코포레이티드(5-2006-046575-9)
대 리 인 성 명   박종혁(9-2000-000056-3)

# 특    허    청    장

1. 출원번호통지서는 출원 이후 심사진행 상황 등을 확인하실 때에는 출원번호가 필요하오나 출원번
   호통지서는 출원절차가 종료될 때까지 보관하시기 바랍니다.
2.
   2-가. 특허 및 실용신안 출원은 심사청구 후 평균 10개월에 1차 심사처리가 이루어지고, 상표 및
   디자인은 출원 후 평균 6개월에 1차 심사처리가 이루어집니다.
   2-나. 특허 및 실용신안은 특허청 홈페이지(http://www.kipo.go.kr 이하 "홈페이지"라 함) "이나
   특허넷"에서 1차 심사처리 1개월 전에 1차 심사결과통지 예정시기를 확인할 수 있으며, 또한 동
   코너에 1차 심사결과통지 예정시기 알림 서비스를 신청하시면 1차 심사처리 약 1개월 전에 해당
   출원 건의 1차 심사결과통지 예정시기를 SMS 또는 E-mail 서비스로 제공 받을 수 있습니다.
   2-다. 상표 및 디자인은 특허청 홈페이지(공지사항)에 매월 1차 심사결과통지 예정시기를 매월 게
   시하고 있으며, 특허청보경색서비스 시스템(http://www.kipris.or.kr)을 통해 개별 출원건에 대한
   1차 심사결과통지 예정시기를 알려드립니다. 또한, 출원시 1차 심사결과통지 예정시기 알림 서비
   스를 신청하시면, SMS 또는 E-mail 서비스로 제공해 드립니다.
   ※ 상기 1차 심사결과통지 예정시기는 사정에 의해 다소 늦어질 수 있습니다.
   2-라. 1차 심사결과통지서(심사관이 특허결정의 통본을 송달하기 전 또는 심사관이 최초로 거절
   이유를 통지한 후 출원인이 그 거절이유를 받기 전 응 태로 따(가)에 규하에서는 특허출원서에 최
   초로 첨부된 명세서 또는 도면에 기재된 사항의 범위 내에서 서 수 있는 도면을 보정할 수 있습
   니다.
3. 심사청구 특허출원은 출원일로부터 5년 이내에 특허법시행규칙 별지 제24호서식에 의거 심사청
   구를 하지 않으면 그 출원은 출원취하된 것으로 간주하여 처리함을 알려드립니다.
4. 우선심사 특허출원 또는 디자인등록출원에 대해 조기에 심사받기를 원하시면 우선심사제도를 이
   용하실수 있습니다. (※ 우선심사의 대상, 신청절차 등 자세한 내용은 특허청 홈페이지
   http://www.kipo.go.kr 지재권제도안내의 우선심사안내코너를 참조하시기 바랍니다.)
5. 기술평가 실용신안의 경우 제3자에 대하여 권리행사를 하기 위해서는 기술평가 청구하여 등록
   유지결정을 받아야 하며 기술평가청구순서에 따라 기술평가를 실시합니다.
6. 주소 등 변경신고 출원인의 주소 등을 변경하고자 하는 경우에는 특허법 시행규칙 별지 제4호의
   2서식에 의한 출원인 정보변경(경정) 신고서를 제출하여야 합니다.
   신고서식은 지방 상공회의소에 비치되어 있으며, 특허청 홈페이지(http://www.kipo.go.kr)에 게
   재되어 있습니다.
7. 산업재산권 표시, 광고요령 특허 등 산업재산권을 출원 중에 있는 경우에는 해당 산업재산이 출원
   상태임을 다음과 같이 표시하여야 하며, 이를 위반할 경우 특허법 제224조 및 제227조에 의거 처
   벌 받게 됩니다.
   예) 특허출원10-2001-0000001, 실용신안등록출원 20-2001-0000001, 디자인등록출원 30-
   2001-0000001, 상표등록출원 40-2001-0000001
8. 미성년자 미성년자의 출원인이 만20세에 도달한 경우 출원인의 부모 등 법정대리인의 대리권
   은 소멸하게 되므로, 출원인의 최정 또는 대리인을 새로이 선임하여 특허에 관한 절차를 밟을 수
   있습니다.
9. 문의처 기타 문의사항이 있으시면 우리청 고객서비스팀(042-481-5220~2)이나 출원서비스팀
   (042-481-5201~5) 또는 특허청 서울 사무소(02-568-6079)에 문의하시거나 특허청 홈페이지
   (http://www.kipo.go.kr)를 참고하시기 바랍니다.
10. 특허청 주소 302-701 대전광역시 서구 둔산로 920 정부대전청사 4동
    특허청 서울사무소 주소 135-911 서울특별시 강남구 역삼동 647-9 한국지식센터
    FAX) 대전: 042-472-7140, 서울: 02-566-8454

*Exhibit C*



| 방식심사란 | 담당 | 심사관 |
|---|---|---|
| | | |

【서류명】 출원서
【권리구분】 상표
【수신처】 특허청장
【참조번호】 0001
【제출일자】 2006.11.13
【출원인】
　【명칭】 어코니아 메디컬, 인코프레이티드
　【출원인코드】 5-2006-046575-9
【대리인】
　【성명】 박종혁
　【대리인코드】 9-2000-000056-3
　【포괄위임등록번호】 2006-093499-7
【대리인】
　【성명】 최정연
　【대리인코드】 9-1998-000581-0
　【포괄위임등록번호】 2006-093498-0
【상품(서비스업)류 및 지정 상품(서비스업, 업무)】
　【상품(서비스업)류】 제10류
　【지정 상품(서비스업, 업무)】
　외과용 레이저, 의료용 레이저, 카이로프랙틱 요법(chiropractic
　therapy)용 레이저
【취지】 상표법 제9조의 규정에 의하여 위와 같이 출원합니다.
　　　　대리인　　　　　　　　　　　　　　박종혁　　(인)
　　　　대리인　　　　　　　　　　　　　　최정연　　(인)
【수수료】

【출원료】          1 개류      56,000 원
【우선권주장료】     0 건            0 원
【합계】                        56,000 원
【첨부서류】  1.상표견본_1통

【상표견본】

# LIPOLASER

# EXHIBIT "4"




protocolo

**INPI**

INPI — INSTITUTO NACIONAL DA PROPRIEDADE INDUSTRIAL
14/09/2006　　16:30　NPRJ
0000930605200687

## PEDIDO DE REGISTRO DE MARCA

**IDENTIFICAÇÃO DO PEDIDO**

| Arquivamento | | Data |
|---|---|---|
| 828730024 | | Dia 14 Mês 09 Ano 20.06 |

**DADOS DO DOCUMENTO DE ARRECADAÇÃO**

Número do documento (campo nosso número) 9 3 0 6 0 5 2 0 0 6 8 7

| Código do serviço | 300 | Valor pago | R$ 260.00 | Data pago | 14.09.2006 |
|---|---|---|---|---|---|

**DADOS DO REQUERENTE**

CPF / CNPJ / Nº INPI | | | | | | | | | | | | | |

Nome ou Razão Social | ERCHONIA MEDICAL, INC.

Endereço | 4751 E. INDIGO ST.

Bairro

Município | MESA, AZ 85205 | | | UF | | C. país | US

CEP | | Telefone | | FAX

E-Mail

**DADOS DA MARCA**

Apresentação | 1 | Natureza | 1

1 - Nominativa
2 - Mista
3 - Figurativa
4 - Tridimensional

1 - De Produto
2 - De Serviço
3 - Coletiva
4 - Certificação

Marca Nominativa ou Parte Nominativa da Marca Mista ou da Tridimensional | Etiqueta

L I P O L A S E R

NCL (8) | 1 0

CFE (4)

| Categoria | Divisão | Seção |
|---|---|---|
| | | |

| Categoria | Divisão | Seção |
|---|---|---|
| | | |

| Categoria | Divisão | Seção |
|---|---|---|
| | | |

| Categoria | Divisão | Seção |
|---|---|---|
| | | |

| Categoria | Divisão | Seção |
|---|---|---|
| | | |

**Exhibit D**

Especificação dos Produtos / Serviços

Lasers para uso cirúrgico, medicinal e terapia quiroprática

**PRIORIDADE UNIONISTA**

Data do Depósito [_____] Nº Depósito/Registro [_____] Código do País [____]

**DOCUMENTOS ANEXADOS**

☒ Guia de recolhimento    ☒ Procuração    ☐ Etiquetas    ☐ Prova de depósito no país de origem

☐ Características de produto/ serviço objeto de certificação e medidas de controle    ☐ Regulamento utilização para marca coletiva    ☐ Documentos relativos à reivindicação de prioridade    ☐ Breve descrição da marca tridimensional

☐ Outros (especificar)

**DECLARAÇÃO DE ATIVIDADE**

Empresa controladora conforme o artigo 128 § 1º da Lei Nº 9.279 ?    ☐ SIM    ☒ NÃO

As atividades exercidas pelo depositante abrangem os produtos / serviços conforme descrição acima no campo "Especificação dos Produtos / Serviços".

Registro na Junta ou Cartório
Sigla [____] Data Registro [_____] Nº [_____] Data D.O. [_____]

**DADOS DO PROCURADOR**

Matrícula API [ 192 ] UF [ RJ ] Nº da Inscrição na OAB [_____]

Nome [ DANNEMANN, SIEMSEN, BIGLER & IPANEMA MOREIRA ]

**DECLARO, SOB AS PENAS DA LEI, SEREM VERDADEIRAS AS INFORMAÇÕES PRESTADAS**

Local e Data    Rio de Janeiro, 14/09/2006    Assinatura e Carimbo

M173385 msl

GISELA FISCHER - API 302

**USO EXCLUSIVO DO INPI**