# Exhibit P

JUDGE COTE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK  CIV 8696

| | | |
|---|---|---|
| THERAPY PRODUCTS, INC. | § | |
| d/b/a ERCHONIA MEDICAL | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: |
| | § | |
| v. | § | |
| | § | |
| LIONEL BISSOON, M.D., | § | |
| d/b/a MESOTHERAPIE & ESTETIK, | § | |
| MERIDIAN AMERICA MEDICALS, INC. | § | |
| MERIDIAN MEDICAL INC, and | § | |
| MERIDIAN CO., LTD. | § | |
| | § | |
| Defendants. | § | |

OCT 0 9 2007

**COMPLAINT**

Plaintiff Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia") complains of

Defendants Lionel Bissoon, M.D. ("Bissoon") doing business as Mesotherapie & Estetik,

Meridian America Medicals, Inc., Meridian Medical, Inc. and Meridian Co., Ltd. as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to: 15 U.S.C. § 1121 (actions arising

under the Federal Trademark Act); 28 U.S.C. §1338(a) (acts of Congress relating to trademarks);

28 U.S.C. §1338(b) (claims relating to unfair competition where significant trademark claims are

involved; 28 U.S.C. §1331 (Federal Question), §1332 (Diversity), and Principles of Pendent

jurisdiction under §1367(a), the Lanham Trademark Act of 1945, 15 U.S.C. §1051, et seq. (the

"Lanham Act"). Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

2.    Plaintiff Therapy Products, Inc. is a corporation organized under the laws of the State of Texas with a principal place of business at 2021 Commerce Dr., McKinney, TX 75069.

3.    Defendant Lionel Bissoon, M.D. is an individual, residing in the State of New York and is a citizen of the State of New York. Defendant Bissoon is an osteopathic physician licensed by the State of New York with his principal place of business in the borough of Manhattan, New York, New York. He maintains an office at 10 West 74th Street, Suite 1E, New York, New York 10023. Bissoon does business as Mesotherapie & Estetik, among other business names, to promote his business and practice.

4.    Plaintiff is informed and believes and on that basis alleges that Defendant Meridian America Medicals Co., Ltd. is a corporation existing under the laws of the State of California having its principal place of business at 11075 Knott Avenue, Cypress, CA 90630. Defendant Meridian America Medicals Co., Ltd. is doing business in this district. Its president or vice president has an office at 11075 Knott Avenue, Cypress, CA 90630; as does its registered agent, Mr. Hee Y Park.

5.    Plaintiff is informed and believes and on that basis alleges that Defendant Meridian Medical Inc. is a corporation existing under the laws of Canada having its principal place of business at 2150 West Broadway, Vancouver, BC V6K 4L9. Defendant Meridian Medical Inc. is doing business in this district.

6.    Plaintiff is informed and believes and on that basis alleges that Defendant

COMPLAINT– PAGE 2

Meridian Co., Ltd is a corporation existing under the laws of the country of Korea and is doing business in this district. It has offices at 9Fl., Seoil Bldg. 222, Jamsilbon-dong, Songpa-gu, Seoul, Korea.

      7.     Defendants Meridian American Medicals, Inc., Meridian Medical Inc., and Meridian Co., Ltd. (hereinafter "Defendants Meridian") are alter egos of one another and operate as a single entity in disregard of corporate formalities. Each is liable for the transactions and actions of the others as if they are one.

## FACTUAL BACKGROUND

      8.     Erchonia manufactures and markets laser devices for medical use. Since its founding, Erchonia has developed a reputation as an industry leader and consistently has sought to market its capability to as many potential clients and markets as possible. As part of its efforts to create brand awareness and impact, Erchonia created and adapted as its mark, the trademark LIPOLASER, (the "Mark") for certain low level lasers that Erchonia has marketed in the United States, Canada, Korea, and throughout the world. Erchonia has used the mark LIPOLASER at least since 2002 in the U.S. and exclusively throughout the world for its certain low level lasers.

      9.     Erchonia invested substantial time and money in developing its branding, including LIPOLASER, and has promoted and consistently and successfully used this branding to market itself and to set itself apart in the marketplace. Erchonia has created specific recognition in the marketplace for its low level lasers by associating the mark LIPOLASER with Erchonia's lasers. Erchonia's mark LIPOLASER is distinctive and unique to Erchonia.

      10.    Long after Erchonia had invested the time and monies necessary to achieve a high

COMPLAINT– PAGE 3

level of distinction and effectiveness in the mark LIPOLASER, Defendants Meridian began using Erchonia's mark, and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.

11.    On December 21, 2006, Erchonia served a cease and desist letter upon Defendants Meridian demanding that Defendants Meridian immediately cease using Erchonia's trademark, specifically the term LIPOLASER.   Defendants Meridian indicated they would discontinue use of the mark LIPOLASER and for a period it appeared that they had discontinued use of the mark.

12.    Despite Erchonia's notice that they were violating Erchonia's trademark rights, Defendants Meridian willfully and secretly conspired to continue use of the term LIPOLASER and have recently expanded use of the term LIPOLASER in the U.S. and abroad.

13.    On June 19, 2007 Defendants Meridian and Bissoon announced an endorsement contract to promote Meridian products while using Erchonia's mark, LIPOLASER.  Plaintiff is informed and believes that Bissoon and Meridian employ a device under the name LIPOLASER for the treatment of patients.  Bissoon has been supplied machines by the Defendants Meridian for such use and has cooperated with Defendants Meridian in their unlawful use of the Mark in this district.  Defendant Bissoon is an agent for the Defendants Meridian in his use of the Mark and the treatment of patients with a machine bearing the Mark.

14.    Erchonia has pending applications for trademark registration on the Mark in the United States and other countries.  The U.S Trademark Examiner had approved the mark for publication prior to registration finding that the mark was distinctive and met the statutory requirements for trademark registration.  On or about July 17, 2007, Defendants Meridian Medical, Inc. and Meridian Co., Ltd. filed an opposition proceeding before the Trademark Trial and Appeal Board in Washington, D.C. seeking to have the Mark denied trademark registration.

In that opposition, Defendants contend the Mark is descriptive even though Meridian sought trademark registration to the same term in at least Korea.

15.    Defendants intentionally have misappropriated the significant time, effort, and resources expended by Erchonia to achieve recognition and acceptance of Erchonia's low level lasers by taking Erchonia's Mark and using the Mark to actively market and promote their own competing products.

16.    Defendants actively have marketed themselves throughout the United States and the world using materials that infringe upon Erchonia's Mark. They have targeted substantially the same consumers as Erchonia, and presented their message in such a way as to closely duplicate Erchonia's own marketing efforts. On information and belief, Defendants undertook these particular forms of marketing to capitalize on the success generated by Erchonia's efforts, without the burden of having to invest the time and resources that Erchonia committed, and knowing that their use of an identical mark and related materials is likely to result in confusion among consumers that would cause Defendants to obtain business that would otherwise have been directed toward Erchonia.

17.    Further, the low level lasers offered by Meridian and promoted by Bissoon through their use of the Mark and similar materials are inferior to the low level lasers offered by Erchonia. On information and belief, Erchonia's reputation for quality and service has been and will continue to be tarnished through association with Meridian's inferior products, unless Meridian and Bissoon are prohibited from continuing to use these misleading materials and Erchonia's Mark.

18.    Defendants have wrongfully used data and research developed by and for Plaintiff as if it were their own and have used these materials to falsely advertise and promote their

products to the consuming public. Defendants have done so in a manner calculated to deceive the consuming public.

## COUNT I

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE ADVERTISING UNDER §43(a) OF THE LANHAM ACT

19.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

20.    Defendants' conduct, as set forth herein, constitutes violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)) as a false designation of origin and/or a false description or representation of goods and false advertising. Defendants' commercial use of Erchonia's Mark in interstate commerce and their advertising, websites, brochures and other marketing materials that promote their low level lasers for medical uses constitute a false and misleading representation of their services, all to Erchonia's damage.

21.    Upon information and belief, Defendants will continue to cause serious and irreparable injury and damage to Erchonia, unless restrained by the Court.

22.    As a direct and proximate result of Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages, as well as irreparable injury for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief under 15 U.S.C. §1117, monetary damages alone will not fully compensate Erchonia for the harm caused by Defendants' conduct.

23.    Upon information and belief, Defendants' activities are willful.

//

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT, PASSING OFF AND UNFAIR COMPETITION

24.    Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

25.    Erchonia owns the mark LIPOLASER described herein.

26.    Defendants' deceptive use of confusingly similar trademarks in New York and elsewhere constitutes, *inter alia,* common law trademark infringement, a passing off of Defendants' goods as those of Erchonia, and unfair competition. Upon information and belief, the Defendants' illegal conduct is likely to cause confusion and mistake as to the source and origin of Defendants' goods, and is likely to further deceive and cause confusion as to the source, affiliation, or sponsorship of the Defendants' products, *vis-à-vis* Erchonia, if allowed to continue unchecked into the future.

27.    Upon information and belief, the Defendants are willfully engaging in their illegal activities for the purpose of diverting sales from Erchonia, the full scope of which is yet to be ascertained.

28.    As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial damages as well as irreparable injury, for which no adequate remedy at law exists. While Erchonia is entitled to monetary relief, monetary damages alone will not fully compensate Erchonia for the harm caused by the Defendants' conduct.

//

//

//

## COUNT III

## TRADEMARK DILUTION, BLURRING AND TARNISHMENT

29.     Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

30.     In violation of NEW YORK GENERAL BUSINESS LAW §360-1, the Defendants' conduct, upon information and belief, has and continues to injure and dilute the value of Erchonia's trademark to LIPOLASER.

31.     As a direct and proximate result of the Defendants' conduct, Erchonia has sustained and will continue to sustain substantial irreparable injury for which no adequate remedy at law exists.

## COUNT IV

## REQUEST FOR A DECLARATORY JUDGMENT

32.     Erchonia incorporates by reference the factual allegations of all previous paragraphs herein.

33.     Defendants have raised an issue of the distinctiveness of the mark LIPOLASER and claimed that it is descriptive and does not qualify for trademark protection. Plaintiff contends that the mark is distinctive and not merely descriptive and does qualify for trademark protection.

34.     There exists a justifiable controversy regarding the distinctiveness of the Mark LIPOLASER and Plaintiff seeks a declaratory judgment that the Mark is distinctive and protectible.

COMPLAINT-- PAGE 8

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury as allowed by law.

WHEREFORE, Plaintiff Erchonia respectfully requests that the Court grant the following relief:

A.   entry of a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from using Erchonia's trademark LIPOLASER, marketing materials and other intellectual property, from infringement of Erchonia's trademark rights, from dilution of Erchonia's trademark rights, from injuring Erchonia's business reputation, and from opposing Erchonia's trademark registrations in any countries;

B.   an order that Defendants be required to account to Erchonia for Defendants' profits resulting from its infringement and misleading designations, and to disgorge those profits to Erchonia;

C.   an order that Defendants be required to pay to Erchonia damages for the injuries sustained by Erchonia as a result of Defendants' passing off, infringement, blurring, tarnishment, unfair competition, misleading designations, and false advertising;

D.   an order that Defendants be required to pay Erchonia exemplary damages as a result of their conduct found to be willful, intentional and malicious;

E.   an order that Defendants be ordered to surrender for destruction all products, labels, advertisements and other promotional and other written materials that

COMPLAINT–PAGE 9

consist of the mark LIPOLASER or any other name or mark confusingly similar to Erchonia's Mark and other intellectual property;

F.    an order that Defendants be required to pay Erchonia's attorneys' fees, together with all costs of this suit;

G.    judgment that the Mark "LIPOLASER" be found to be distinctive and not merely descriptive; and

H.    that Erchonia be granted such additional relief to which Erchonia is justly entitled under the circumstances.

Dated:  October 9, 2007
Respectfully submitted,

SCHWEITZER CORNMAN GROSS &
BONDELL LLP

By: _____
Michael A Cornman (MC 7134)
Elliot W. Lipins (EL 6151)
292 Madison Avenue
New York, NY 10017
Telephone: (646) 424-0770
Facsimile: (646) 424-0880

Of Counsel
James D. Petruzzi (JP 4944)
MASON & PETRUZZI
4900 Woodway Drive Suite 745
Houston, Texas 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100

COMPLAINT– PAGE 10