**MASON & PETRUZZI**

4900 WOODWAY
SUITE 745
HOUSTON, TEXAS 77056

JUL 18 2008

TELEPHONE: (713) 840-9993
FACSIMILE: (713) 877-9100
JPETRUZZI@MASONPETRUZZI.COM

JAMES D. PETRUZZI

July 18, 2008

**MEMO ENDORSED**

**Via Facsimile (212) 805-7932**

Honorable Theodore H. Katz
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1660
New York, NY 10007

   Re: Therapy Product, Inc. d/b/a Erchonia Medical v. Lionel Bissoon, M.D. et al., 07-CIV-8696

Dear Judge Katz:

  You will recall that we conducted an unsuccessful mediation on July 1, 2008 in the above case and that certain issues were raised regarding the propriety of going forward without the defendant's principal Anna Brazier. We raise again, as the Court advised was our option, our concerns regarding the manner in which this mediation went forward particularly in view of the entry of a new defendant in the case and any impact on future mediation of the case this might have.

  At the previous mediation, there was significant discussion of the Korean defendant and its essential role in settling the case. Unbeknownst to me, the Korean Defendant, Meridian Co., Ltd. had been served with the complaint on or about June 20, 2008, according to defense counsel Kristen McCallion, and was thus a party to the case. Counsel for Defendants were aware of this fact well before the mediation, but chose not to disclose it, nor did they provide a representative of that party to the mediation. Counsel also knew before the mediation that contrary to earlier representations, they did not intend to challenge personal jurisdiction and answered the complaint without objection in that regard.

  It is now clear to me that the mediation was pushed forward by Defendants on July 1 so that the Korean defendant would not have to appear at the mediation despite the Court's order directing "the parties" to contact your honor to pursue settlement discussions.

PATENTS • TRADEMARKS • COPYRIGHTS • LITIGATION • LICENSING • RELATED MATTERS

July 18, 2008
Page 2

    Plaintiff does not believe that the mediation was conducted in good faith for several reasons, including the non-appearance of Ms. Brazier, the appearance of a non-officer marketing person as the company representative for Meridian Medical, the Canadian company, the total non-appearance of the California company Meridian America Medical, Inc, and the lack of any representative being present for the Korean defendant. Meridian America is not owned or controlled by the Canadian company nor was any evidence put forward establishing authority was vested in the Canadian company on its behalf.

    Our request to postpone the mediation was well founded and the expenses Plaintiff incurred in attending were unnecessary and in my view based on serious misrepresentations and a total lack of candor on Defense counsel's part. In view of this, Plaintiff reiterates its request that it be reimbursed for its travel costs and legal fees in attending the mediation.

Yours very truly,

James D. Petruzzi

*The Court is unable to conclude that the mediation was conducted in bad faith. The request for costs and fees is denied.*

**SO ORDERED**
7/30/08
THEODORE H. KATZ
**UNITED STATES MAGISTRATE JUDGE**