IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERAPY PRODUCTS, INC. d/b/a ERCHONIA MEDICAL, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIV.ACT.NO. 3-07CV0381-N |
| ROMAN CHUBATY, M.D., MERIDIAN CO., LTD. and AESTHETICMD, | § § § § § | |
| Defendants. | § § | |

### STIPULATIONS OF THERAPY PRODUCTS, INC., ROMAN CHUBATY, M.D. AND AESTHETICMD

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia"), Plaintiff in the above-entitled and numbered cause, Roman Chubaty, M.D. ("Chubaty") and AestheticMD, and file this their agreed stipulations:

A. Erchonia, Chubaty and AestheticMD agree and stipulate to the following:

1. There are no issues of material fact in dispute between Erchonia, Chubaty and AestheticMD which would require a hearing or trial prior to an issuance of an Agreed Permanent Injunction enjoining Chubaty and AestheticMD and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and all persons, firms, associations and corporations in active concert or participation with them from certain acts, as stipulated herein.

-1-

EXHIBIT A

2. Erchonia has prior and superior rights to its trademark LIPOLASER by virtue of its prior use of its distinctive trademark and by its prior application for registration of the trademark in question.

3. Continued use of the confusingly similar LIPOLASER trademark in the marketing and sale of medical services by AestheticMD and Chubaty has damaged and will continue to damage Erchonia.

4. Erchonia is entitled to a Permanent Injunction against Chubaty and AestheticMD because: (1) a denial of the Permanent Injunction will result in irreparable harm to Erchonia; (2) any potential harm to Chubaty and AestheticMD by the granting of the Permanent Injunction is outweighed by the harm that would result to Erchonia if the Permanent Injunction were not issued; (3) there is no adequate remedy at law to remedy the injuries to Erchonia; and (4) a Permanent Injunction will not disserve the public interest.

5. Continued use of the LIPOLASER trademark by Chubaty and AestheticMD would lead to actual confusion of Erchonia's customers and potential customers.

6. The court should issue a Permanent Injunction permanently enjoining Chubaty and AestheticMD, and their respective agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and any and all persons, firms, associations and corporations in active concert or participation with them from: using the LIPOLASER trademark or any other trademark confusingly similar to Erchonia's LIPOLASER trademark; infringing upon Erchonia's LIPOLASER trademark; affixing, applying, annexing, using or making in connection with the sale of any services or goods, any false designation of origin, false description or false representation, including words, marks, other symbols, and/or packaging tending to falsely describe or represent that services or products originating from Chubaty or

AestheticMD are manufactured, sponsored, authorized, licensed by or otherwise connected or affiliated with Erchonia; passing off the Chubaty's or AestheticMD's goods or services as being from or affiliated with Erchonia; and/or unfairly competing with Erchonia.

7. The Court should order Chubaty and AestheticMD to surrender for destruction all markings, labels, advertisements and other promotional and other written materials that consist of the trademark LIPOLASER or Erchonia's trade dress or any other name or mark confusingly similar to Erchonia's Mark or trade dress, within thirty (30) days of the date of granting of the Permanent Injunction.

8. Plaintiff Erchonia should take nothing by the way of its claims for monetary damages against Chubaty and AestheticMD.

9. Erchonia waives its request for reasonable attorneys' fees from Chubaty and AestheticMD.

10. The Court should also enter a Final Judgment as to Chubaty and AestheticMD, dismissing them from the case, after granting the Permanent Injunction against them in favor of Erchonia, as stipulated herein and as supported by Erchonia's First Amended Complaint.

EXHIBIT A

Respectfully submitted,

**DAVID, GOODMAN & MADOLE,**
A Professional Corporation

By: /s/ Brett L. Myers
Brett L. Myers
State Bar No. 00788101
David Grant Crooks
State Bar No. 24028168
Abby L. Ewing
State Bar No. 24053194
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972-991-0889
972-404-0516 – Fax

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

Snell & Wilmer L.L.P.

By: 
Sid Leach
State Bar No. 12086400
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6372
Facsimile: (602) 382-6070
Email: sleach@swlaw.com

ATTORNEYS FOR DEFENDANTS,
ROMAN CHUBATY, M.D. and
AESTHETICMD

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May ___, 2007 to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system.

| | |
|---|---|
| Kelly R. Vickers<br>Lauren S. Koletar<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201 | Defendant<br>Meridian Co., Ltd. |
| Sid Leach<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, Arizona 85004-2202 | Defendants<br>AestheticMD and<br>Roman Chubaty, M.D. |

                                                /s/ Brett L. Myers
                                                Brett L. Myers

EXHIBIT A