UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERAPY PRODUCTS, INC.<br>d/b/a ERCHONIA MEDICAL,<br><br>      Plaintiff,<br><br>  v.<br><br>LIONEL BISSOON, M.D.<br>d/b/a MESOTHERAPIE & ESTETIK,<br>MERIDIAN AMERICA MEDICALS, INC.<br>MERIDIAN MEDICAL INC., and<br>MERIDIAN CO., LTD.,<br><br>      Defendants. | 07 Civ. 8696 (DLC) |

**SECOND DECLARATION OF RAYMOND CASTELLO IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO FED. RULE CIV. P. 41(d)**

RAYMOND R. CASTELLO, declare the following:

1. I am a Principal of the law firm Fish & Richardson P.C. and counsel for Defendants in this lawsuit. I make this Second Declaration in support of Defendants' Motion pursuant to Federal Rule of Civil Procedure 41(d).

2. Annexed hereto as Exhibit A is a true and correct copy of the Declaration of Debra Engolia dated May 17, 2007, which was annexed as Exhibit B to Plaintiff's Appendix in Support of its Emergency Motion to Enlarge Time to Respond to Meridian Co.'s Motion to Dismiss, filed with the District Court of the Northern District of Texas on May 17, 2007. Letters were sent by Meridian Co. and Meridian Medical's counsel, Fasken Martineau DuMoulin LLP, to Plaintiff's

counsel the Etherton Law Group, on January 4, 2007, January 16, 2007, and January 22, 2007, prior to Ms. Egnolia's telephone call to Meridian Medical in March.

3. Annexed hereto as Exhibit B is a true and correct copy of a printout from the Meridian Medical website, www.meridianmedical.ca, which provides the information currently published on the Meridian Medical website. Also annexed hereto as Exhibit B are true and correct copies of printouts from the "Internet Archive Way Back Machine" http://www.archive.org/web/web.php, which provide a view of the same webpage as it appeared on the Meridian Medical website on July 15, 2006, January 26, 2007 and March 3, 3007. All of these prior versions and the current version of the printed webpage provide the following statement: "The company has grown substantially and has established subsidiaries in China, Los Angeles, and Vancouver, BC".

4. Annexed hereto as Exhibit C are true and correct copies of printouts of press releases published and/or distributed by Meridian Medical via its website http://www.meridianmedical.ca/site/news/news.php (as indicated by the printout which depicts the list of press releases accessed via the Meridian Medical website). Each press release was published on the date indicated.

5. On July 18, 2008, Plaintiff sent a letter to Magistrate Judge Katz because it did "not believe that the [July 1] mediation was conducted in good faith" and requested a reimbursement for travel costs and legal fees. On July 22, 2008 Defendants sent a letter in reply to Magistrate Judge Katz informing the Court that "Plaintiff's request for a reimbursement of expenses, in connection with a mediation that Plaintiff attended and participated in with the Court, is entirely improper." The parties' letters to Magistrate Judge Katz, and Judge Katz's Order denying to

award Plaintiff a reimbursement, and conclude that the mediation was conducted in bad faith and are annexed hereto as Exhibit D.

6. The Texas Action lasted approximately seven months. Upon my request, Lisa Ng, a secretary employed by Fish & Richardson, P.C. counted the number of pages in the pleadings and correspondence binder I have from the Texas Action. Lisa Ng informed me that there were a total of 547 pages in the binder, and 285 of these pages comprised Plaintiff's motion papers and appendices annexed thereto.

7. As indicated on the Fish & Richardson P.C. invoices that were annexed as Exhibit Q to my prior Declaration, associate Kelly Vickers, Esq. worked a total of 61.3 hours, associate Lauren Koletar, Esq. worked a total of 167.7 hours, and litigation paralegal Amalia Macias, worked a total of 6.7 hours, all in connection with the Texas Action. All three of them work out of Fish & Richardson's Dallas office. Out of the 324.7 hours billed to Meridian Co. in connection with the Texas Action, 235.7 of those hours, which amounts to over 72% of the total hours billed, were billed by these three Dallas-office employees.

8. Also, as indicated on the Fish & Richardson P.C. invoices that were annexed as Exhibit Q to my prior Declaration, I worked a total of 85.4 hours in connection with the Texas Action. I work out of the firm's New York office.

9. Meridian Co.'s attorneys' fees incurred in connection with the Texas Action, were incurred as a direct result of the following: (1) legal research regarding jurisdiction over Meridian Co. in the Northern District of Texas and ineffective service by Plaintiff upon Meridian Co.; (2) reviewing of the numerous filings, pleadings, amended pleadings, letters, motions, and memorandum of law, prepared on behalf of Plaintiff, namely, the Texas Complaint, the First Amended Texas Complaint, Plaintiff's emergency discovery motion, Plaintiff's Motion for

Leave to Amend, proposed settlement agreement, motion to withdraw, motion to dismiss, and various stipulations; (3) drafting, filing, and/or serving Meridian Co.'s motion to dismiss and documents in connection therewith, opposition papers to Plaintiff's emergency discovery motion, attorney's motion to appear pro hac vice in the Northern District of Texas, proposed settlement agreement, and Joint Case Status Report; (4) reviewing Orders of the District Court in the Northern District of Texas; (5) correspondence with representatives of Meridian Co. regarding general status updates throughout the Texas Action, possible indemnification of Dr. Chubaty, Meridian Co.'s opposition to Plaintiff's trademark application, stipulations regarding time, release of Chubaty, and proposed settlement terms; (6) drafting letters, emails, and corresponding with Plaintiff's counsel regarding stipulated agreements, service of process, jurisdictional issues, motion practice, expedited discovery and discovery deadlines, court-ordered depositions and scheduling therefor, proposed settlement, Rule 26 Conference, and Joint Case Status Report; (7) correspondence with the District Court in the Northern District of Texas regarding jurisdictional issues, expedited discovery deadlines, motion deadlines; and (8) deposition preparation and questioning, review of documents in connection therewith, review of deposition transcript.

    10. Also indicated on the Fish & Richardson P.C. invoices that were annexed as Exhibit Q to my prior Declaration, are the costs Meridian Co. incurred as a result of the Texas Action. Such costs are labeled as "Disb.", "Disbursements" and/or "Total Disbursements For This Matter" on the first and last page of every monthly invoice. Disbursements incurred by Meridian Co. as a result of the Texas Action include computer online searching, delivery, facsimile, photocopying and postage charges, court filing fees, and court reporter fees, which cannot be used in the defense of the current action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of August, 2008 in New York, New York.

By: _____
        Raymond R. Castello

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following documents:

1. **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF COSTS AND STAY OF PROCEEDINGS PURSUANT TO RULE 41(d)**

2. **SECOND DECLARATION OF RAYMOND CASTELLO IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO FED. RULE CIV. P. 41(d)**

were served on counsel for Plaintiff by electronic means via the electronic case filing ("ECF") system per Section 9 of the Electronic Case Filing Rules & Instructions (Aug. 1, 2008) upon:

Michael A. Cornman, Esq.
Elliot W. Lipins, Esq.
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue
New York, New York  10017

michael.cornman@scgb-law.com
ewl@scgb-law.com


James D. Petruzzi, Esq.
Robert Mason, Esq.
Mason & Petruzzi
4900 Woodway, Suite 745
Houston, TX  77056

JPetruzzi@MasonPetruzzi.com
RMason@MasonPetruzzi.com


on this 8th day of August, 2008.

