# EXHIBIT D

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Citigroup Center
153 East 53rd Street,
52nd Floor
New York, New York
10022-4611

Telephone
212 765-5070

Facsimile
212 258-2291

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**_VIA HAND DELIVERY_**

July 22, 2008

Honorable Theodore H. Katz
U.S. Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

Re:   Therapy Products, Inc. d/b/a Erchonia Medical v.
      Meridian America Medicals, Inc. et al.
      Civil Action No. 07 Civ. 8696 (DLC)

Dear Judge Katz:

We represent Defendants in the above identified action. This letter is in response to Mr. Petruzzi's letter to the Court dated July 18, 2008.

First and foremost, we find Mr. Petruzzi's presentation of his assumptions and conclusory allegations to the Court to be inappropriate, and we believe his letter is a "last-ditch" effort by Plaintiff to again obtain an unjustified award of fees.

At the time of the mediation on July 1, 2008, we, along with our clients, were uncertain as to whether Meridian Co., Ltd. ("Meridian Co.) had been properly served under the Hague Convention. What we did know at that time was only that Meridian Co. had received a copy of the complaint in this action by mail. At the time of the mediation, we were waiting on confirmation from the client as to whether it intended to move to dismiss the complaint as against Meridian Co. for lack of proper service and/or lack of personal jurisdiction. We do not understand why Mr. Petruzzi states in his letter that "[c]ounsel also knew before the mediation that contrary to earlier representations, they did not intend to challenge personal jurisdiction..." as this statement is not at all true. It was days after the mediation that the decision was made by Meridian Co. to simply accept service of the complaint without opposition on any ground and file an Answer.

How it is "clear" to Mr. Petruzzi "that the mediation was pushed forward by Defendant on July 1 so that the Korean defendant would not have to appear at the mediation" is inexplicable to say the least. Counsel for both parties conducted a conference call with the Court the day prior to the mediation, during which the Court made the well-informed decision to hold the mediation on July 1, 2008 as scheduled. At no time did Defendants "push forward" the mediation; rather, they were simply

FISH & RICHARDSON P.C.

Honorable Theodore H. Katz
July 22, 2008
Page 2

trying to adhere to the schedule of the Court. To the extent that Defendants opposed postponement of the July 1, 2008 mediation, this was in response to Plaintiff's insistence that the mediation be postponed and Plaintiff be reimbursed for its costs as a result of Ms. Brazier's illness.

That Mr. Petruzzi now asserts that Defendants conducted the mediation in bad faith is offensive. Prior to the mediation, we expected that Mr. Petruzzi was aware that an attempted service of the complaint had been made upon Meridian Co., as it was, after all, made at Plaintiff's behest. Also, as noted above, it was uncertain whether Meridian Co. had been properly served and was subject to jurisdiction in the Southern District of New York. Further, it appears clear that Meridian Co. was not a "party" subject to the Court's April 1, 2008 Pretrial Scheduling Order, as Meridian Co. was not then a party to this litigation, and it was entirely unclear whether Meridian Co. was a party to this litigation on July 1, 2008. Moreover, as the Court is aware, Ms. LeSaw's participation at the mediation was due to Ms. Brazier's sudden illness brought on by an autoimmune disorder, and had no adverse impact on the mediation itself. Indeed, both Ms. LeSaw and Plaintiff participated fully in the mediation that lasted approximately two hours. With respect to Meridian America Medical Inc. ("Meridian America"), as noted in our letter to the Court dated June 30, 2008, we had advised Plaintiff's counsel (and received no notice that it was an issue until the day prior to the mediation via Plaintiff's letter to the Court), that the attendance of a representative from Meridian America was unnecessary at the mediation as Meridian Medical had authority to act on Meridian America's behalf.

For the reasons noted herein, we respectfully inform the Court that Plaintiff's request for a reimbursement of expenses, in connection with a mediation that Plaintiff attended and participated in with the Court, is entirely improper.

Respectfully submitted,

Kristen McCallion (KM 5593)
Raymond Castello (RC 2106)

*Counsel for Defendants*

cc:   James D. Petruzzi, Esq. (by e-mail)

**MASON & PETRUZZI**

4900 WOODWAY
SUITE 745
HOUSTON, TEXAS 77056

TELEPHONE: (713) 840-9993
FACSIMILE: (713) 877-9100
JPETRUZZI@MASONPETRUZZI.COM

JAMES D. PETRUZZI

July 18, 2008

**MEMO ENDORSED**

Via Facsimile (212) 805-7932

Honorable Theodore H. Katz
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1660
New York, NY 10007

        Re: Therapy Product, Inc. d/b/a Erchonia Medical v. Lionel Bissoon, M.D. et al., 07-CIV-8696

Dear Judge Katz:

    You will recall that we conducted an unsuccessful mediation on July 1, 2008 in the above case and that certain issues were raised regarding the propriety of going forward without the defendant's principal Anna Brazier. We raise again, as the Court advised was our option, our concerns regarding the manner in which this mediation went forward particularly in view of the entry of a new defendant in the case and any impact on future mediation of the case this might have.

    At the previous mediation, there was significant discussion of the Korean defendant and its essential role in settling the case. Unbeknownst to me, the Korean Defendant, Meridian Co., Ltd. had been served with the complaint on or about June 20, 2008, according to defense counsel Kristen McCallion, and was thus a party to the case. Counsel for Defendants were aware of this fact well before the mediation, but chose not to disclose it, nor did they provide a representative of that party to the mediation. Counsel also knew before the mediation that contrary to earlier representations, they did not intend to challenge personal jurisdiction and answered the complaint without objection in that regard.

    It is now clear to me that the mediation was pushed forward by Defendants on July 1 so that the Korean defendant would not have to appear at the mediation despite the Court's order directing "the parties" to contact your honor to pursue settlement discussions.

PATENTS • TRADEMARKS • COPYRIGHTS • LITIGATION • LICENSING • RELATED MATTERS

Case 1:07-cv-08696-DLC   Document 30-5   Filed 08/08/2008   Page 5 of 5
Jul 18 2008 11:38AM   Mason & Petruzzi   713-877-9100   p.3
Case 1:07-cv-08696-DLC   Document 26   Filed 07/30/2008   Page 2 of 2

July 18, 2008
Page 2

      Plaintiff does not believe that the mediation was conducted in good faith for several reasons, including the non-appearance of Ms. Brazier, the appearance of a non-officer marketing person as the company representative for Meridian Medical, the Canadian company, the total non-appearance of the California company Meridian America Medical, Inc, and the lack of any representative being present for the Korean defendant. Meridian America is not owned or controlled by the Canadian company nor was any evidence put forward establishing authority was vested in the Canadian company on its behalf.

      Our request to postpone the mediation was well founded and the expenses Plaintiff incurred in attending were unnecessary and in my view based on serious misrepresentations and a total lack of candor on Defense counsel's part. In view of this, Plaintiff reiterates its request that it be reimbursed for its travel costs and legal fees in attending the mediation.

                    Yours very truly,

                    James D. Petruzzi

*The Court is unable to conclude that the mediation was conducted in bad faith. The request for costs and fees is denied.*

**SO ORDERED**

7/30/08

THEODORE H. KATZ
**UNITED STATES MAGISTRATE JUDGE**