```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
THERAPY PRODUCTS, INC. d/b/a ERCHONIA   :
MEDICAL,                                :
                         Plaintiff,     :     07 Civ. 8696 (DLC)
                                        :
              -v-                       :     OPINION & ORDER
                                        :
LIONEL BISSOON, M.D., d/b/a             :
MESOTHERAPIE & ESTETIK, MERIDIAN        :
AMERICA MEDICALS, INC., MERIDIAN        :
MEDICAL INC., and MERIDIAN CO., LTD.,   :
                                        :
                         Defendants.    :
----------------------------------------X
```

Appearances:

For Plaintiff:
James D. Petruzzi
Mason & Petruzzi
4900 Woodway, Suite 745
Houston, TX 77056

Michael A. Cornman
Elliot W. Lipins
Schweitzer Cornman Gross & Bondell LLP
292 Madison Ave, 19th Floor
New York, NY 10017

For Defendants:
Raymond Castello
Kristen McCallion
Fish & Richardson P.C.
153 E. 53rd St., 52nd Floor
New York, NY 10022

DENISE COTE, District Judge:

   After prevailing on summary judgment in this trademark infringement and false advertising case, defendants Lionel Bissoon, M.D., d/b/a Mesotherapie & Estetik, Meridian Co., Ltd.,

Meridian Medical Inc. and Meridian America Medicals, Inc. (collectively, "Meridian") now move for attorney's fees. For the reasons stated below, Meridian's motion is granted in part.

BACKGROUND

Much of the relevant background is provided in the Opinion of June 1, 2009, Therapy Products, Inc. v. Bissoon, 623 F. Supp. 2d 485 (S.D.N.Y. 2009) ("June Opinion"), familiarity with which is assumed. Only the facts necessary to a resolution of the pending motion are described here.

On October 9, 2007, plaintiff Therapy Products, Inc. d/b/a Erchonia Medical ("Erchonia") filed its complaint stating trademark infringement and false advertising claims. Erchonia alleged, inter alia, that:

> Erchonia has used the mark LIPOLASER at least since 2002 . . . . Erchonia invested substantial time and money in developing its branding, including LIPOLASER, and has promoted and consistently and successfully used this branding to market itself and to set itself apart in the marketplace. . . . Long after Erchonia had invested the time and monies necessary to achieve a high level of distinction and effectiveness in the mark LIPOLASER, Defendants Meridian began using Erchonia's mark, and specifically the term LIPOLASER in their marketing materials, brochures, websites, and public presentations.[1]

---

[1] Erchonia made similar allegations in its complaint filed against Meridian in Texas earlier in 2007. In that pleading, which it dismissed in favor of pursuing this action, it stated "Erchonia has used the mark LIPOLASER at least since 2001."

At the initial pre-trial conference, the parties and the Court discussed the plaintiff's need to show that it used the term "lipolaser" as a trademark in commerce.  Plaintiff's counsel assured the Court that Erchonia had so used the term in relation to its product since 2001.

In his deposition, Erchonia President Steven Shanks ("Shanks") admitted that the term "lipolaser" was not used "on" every device since 2001, and that Erchonia used the term "on [and] off" and "randomly."  Therapy Products, 623 F. Supp. 2d at 491.  Shanks also admitted that Erchonia did not affix the term to the outside of all lipolasers in 2004 and 2005, and that Erchonia put the term on the lipolaser in 2006 after "people started using our term."  Id.

Following the completion of discovery, on January 30, 2009, Meridian moved for summary judgment and Erchonia cross-moved for partial summary judgment.  In its memorandum of law in support of its motion for partial summary judgment, Erchonia asserted that it "has been using the mark LIPOLASER . . . continuously since 2001."

The June Opinion granted summary judgment for Meridian, holding that the mark "lipolaser" was descriptive as a matter of law, and that the mark had not acquired the secondary meaning necessary for a descriptive mark to be protectable.  The June Opinion found that Erchonia introduced no photographs of its

3

lipolaser, promotional materials, advertisements, sales records, or any other type of evidence that showed consistent use of the term as a trademark since 2001 or 2002. To the contrary, the evidence showed only sporadic and infrequent use of the term "lipolaser" in association with the product at issue. Moreover, that product was frequently marketed with other prominently displayed marks. Erchonia essentially relied on Shanks's assertions in his declaration that Erchonia "has continually used the mark LIPOLASER on its products since as early as 2001." The June Opinion found such assertions to be contradicted by Shanks's own deposition testimony as well as by the documentary evidence.

On June 17, 2009, Meridian moved for attorney's fees and costs associated with defending both the instant action and a prior action that was instituted in Texas and voluntarily dismissed by the plaintiff in favor of pursuing this action.[2] This motion was fully submitted on July 9.

DISCUSSION

Pursuant to Section 35 of the Lanham Act, a court may award "reasonable attorney fees" in "exceptional cases." 15 U.S.C. §

---

[2] On July 14, 2008, Meridian moved this Court for attorney's fees associated with the prior Texas action. An Order dated August 15, 2008 denied that motion. To the extent that Meridian's June 17 motion renews Meridian's application for attorney's fees for the Texas action, that request is again denied.

1117(a).  The Second Circuit has held that a court should award such fees "only on evidence of fraud or bad faith."  Gordon & Breach Science Publishers S.A. v. American Inst. of Physics, 166 F.3d 438, 439 (2d Cir. 1999) (per curiam) (citation omitted).  A finding of bad faith is warranted "when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."  Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144, 149 (2d Cir. 2001) (defining bad faith in the context of a court's inherent power to award attorney's fees).

Bad faith exists where a lawsuit is "initiated for reasons other than a sincere belief in the merits of the underlying claims," and to "serve ulterior business motives."  Universal City Studios, Inc. v. Nintendo Co., 615 F. Supp. 838, 864 (S.D.N.Y. 1985), aff'd, 797 F.2d 70 (2d Cir. 1986).  Courts have inferred bad faith where a plaintiff's claims are meritless.  See New Sensor Corp. v. CE Distribution LLC, 367 F.Supp. 2d 283, 288 (E.D.N.Y. 2005) (awarding fees and noting that plaintiff "knew or should have known that its claims were not well grounded in fact" and that "one can only speculate about the motives which prompted its suit"); IMAF S.p.A. v. J.C. Penney Co., Inc., 26 U.S.P.Q.2d 1667, 1677 (S.D.N.Y. 1992) (awarding fees in light of "absolute failure to make a sincere attempt validly to establish an essential element" of a Lanham Act

claim); Diamond Supply Co. v. Prudential Paper Prods., 589 F.Supp. 470, 476 (S.D.N.Y. 1984) (observing that plaintiff's evidence fell "woefully short of proving an intent to infringe); Viola Sportswear, Inc. v. Mimun, 574 F.Supp. 619, 621 (E.D.N.Y. 1983) (noting that case was "without merit").

Erchonia's assertion in its complaint that it "consistently" used "lipolaser" as a trademark since 2002 was meritless and not well grounded in fact.  As discussed in the June Opinion, despite Shanks's blanket assertion to the contrary, Erchonia's evidence showed only sporadic and infrequent use of the term, while the same documentary evidence revealed consistent use of other prominent marks.  Therapy Products, 623 F. Supp. 2d at 494.  Shanks's statements at his deposition about the "lipolaser" mark being used "on [and] off" and "randomly" reveal that the president of Erchonia was well aware that the term "lipolaser" had not been used consistently as a trademark since 2002.  Nonetheless, after the close of discovery and despite Shanks's devastating admissions in his deposition, Erchonia persisted in its claim in its summary judgment papers that it had used the term as a trademark "continuously" not just since 2002, as asserted in the complaint, but since 2001.[3]

---

[3] Since Meridian has shown that Erchonia brought this trademark action knowing that it was premised on a falsehood and without

6

Notably, Erchonia's opposition to Meridian's motion for attorney's fees does not confront the absence of evidence that it used the term "lipolaser" as a trademark since 2001 or 2002. Instead, Erchonia principally argues that it felt its use of "lipolaser" was protectable because it had a good faith belief that the mark was suggestive rather than descriptive.  This argument utterly fails to respond to the motion as framed by Meridian.  If Erchonia had not asserted its longstanding and continuous use of the mark "lipolaser" as a use that preceded Meridian's entry into the market, the issues in this lawsuit (if Erchonia had even chosen to file one) would have been framed entirely differently, and Meridian would have been saved the cost and burden of disproving that assertion and the theory of infringement pursued in this litigation.

In any event, Erchonia's defense to this motion fails for another reason, as well.  Erchonia did not have a good faith basis to believe that its use of the mark "lipolaser" was suggestive.  Erchonia principally bases its purported good faith belief on the fact that the United States Patent and Trademark Office's ("PTO") gave initial approval to Erchonia's trademark registration application.  In its application, however, Erchonia

---

merit, it is unnecessary to explore as well Meridian's evidence that this lawsuit was brought as a component of Erchonia's campaign to disparage, harass, and undermine its principal competitor.

described its lipolaser as a laser for "chiropractic therapy," as well as for surgical and medical therapy. It was on the basis of this application that the PTO made an initial determination that Erchonia's use of "lipolaser" was suggestive. There is no evidence, however, that the lipolaser is used in chiropractic therapy; rather, the lipolaser is used in liposuction and lipoplasty procedures. If the instrument were used for chiropractic therapy, of course, the term "lipolaser" may well be suggestive in that context. Since the PTO's initial approval of Erchonia's use of "lipolaser" as suggestive was premised on a description of uses that included chiropractic therapy, Erchonia's reliance on the PTO determination does not support a finding of good faith belief that any use of the "lipolaser" mark in connection with liposuction and lipoplasty was suggestive.[4]

Meridian has moved for an award of attorney's fees as well on Erchonia's false advertising claim. While that claim was also seriously flawed, it played a minor role in this

---

[4] Even if Erchonia had had a good faith belief that its use of the "lipolaser" mark was suggestive, it did not introduce evidence that would have established use of that mark in commerce, which is necessary for a mark to be protectable. See Rescuecom Corp. v. Google Inc., 562 F.3d 123, 133 (2d Cir. 2009) (discussing the meaning of "use in commerce" in Sections 32 and 43 of the Lanham Act). Nor did it offer evidence to suggest that it could prevail at trial, given the weakness of the mark and its sporadic use, on any assertion of a likelihood of confusion.

litigation. Indeed, Erchonia's motion for attorney's fees deals only briefly with the false advertising claim. Meridian has not shown that it should be granted attorney's fees on that theory as well under the "exceptional case" standard.

CONCLUSION

Meridian's June 17, 2009 motion for attorney's fees and costs is granted for the fees and costs for all discovery and summary judgment motion practice associated with Erchonia's trademark infringement claims.

SO ORDERED:

Dated:   New York, New York
         August 26, 2009

                                      _____
                                          DENISE COTE
                                      United States District Judge