UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
ERCHONIA CORPORATION, f/k/a Therapy     :
Products, Inc.,                         :
                        Plaintiff,      :         07 Civ. 8696
                                        :            (DLC)
            -v-                         :
                                        :         MEMORANDUM OPINION
LIONEL BISSOON, M.D., d/b/a             :           AND ORDER
MESOTHERAPIE & ESTETIK, MERIDIAN        :
AMERICA MEDICALS, INC., MERIDIAN        :
MEDICAL INC., and MERIDIAN CO., LTD.,   :
                        Defendants.     :
                                        :
--------------------------------------- X

Appearances:

For the plaintiff:
James D. Petruzzi
Mason & Petruzzi
4900 Woodway Drive Suite 745
Houston, TX 77056
    -and-
Michael A. Cornman
Elliot W. Lipins
Ladas & Perry
26 West 61st Street
New York, NY 10023

For the defendants:
Anthony L. Fletcher
Kristen McCallion
Fish & Richardson P.C.
601 Lexington Ave., 52nd Floor
New York, NY 10022

DENISE COTE, District Judge:

        In a Report and Recommendation ("Report") dated March 31,

2010, the Honorable Theodore H. Katz has recommended awarding

defendants Lionel Bissoon, M.D., Meridian America Medicals,

Inc., Meridian Medical, Inc., and Meridian Co., Ltd. (together, "Meridian") attorneys' fees in the amount of $505,656.33 and costs in the amount of $35,881.62. Plaintiff Erchonia Corporation ("Erchonia") filed objections to the Report on April 19, 2010, and Meridian filed a response on April 29. For the following reasons, Judge Katz's thorough and well-reasoned Report is adopted in full.

BACKGROUND

Erchonia filed suit against Meridian on October 9, 2007, alleging (1) false designation of origin, false description and false advertising under § 43(a) of the Lanham Act; (2) common law trademark infringement, passing off, and unfair competition; and (3) trademark dilution, blurring and tarnishment under New York law. On June 1, 2009, the Court granted summary judgment to Meridian on all claims. Therapy Products, Inc. v. Bissoon, 623 F. Supp. 2d 485, 497 (S.D.N.Y. 2009). By Opinion and Order dated August 26, 2009, the Court granted in part Meridian's motion for attorneys' fees: fees and costs were granted for "all discovery and summary judgment practice associated with Erchonia's trademark infringement claims" and denied for the false advertising claim. Therapy Products, Inc. v. Bissoon, No. 07 Civ. 8696 (DLC), 2009 WL 2709279, at *3 (S.D.N.Y. Aug. 26, 2009) ("August Opinion"). The case was referred to the Magistrate Judge for an inquest on Meridian's fees and costs.

The underlying facts are set forth in detail in these prior
Opinions and in the Report.

DISCUSSION

The court "may accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are
made, "[t]he district judge must determine de novo any part of
the magistrate judge's disposition that has been properly
objected to." Fed. R. Civ. P. 72(b)(3); United States v. Male
Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To accept those
portions of the report to which no timely objection has been
made, "a district court need only satisfy itself that there is
no clear error on the face of the record." King v. Greiner, No.
02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8,
2009) (citation omitted).

The Report examined the fees charged by Meridian's counsel
and determined that they were reasonable. The fees are
commensurate with the fees charged by New York attorneys with
comparable experience and have been approved in other
intellectual property cases. This finding is well supported in
the Report and is not challenged by Erchonia.

The Report next examined the hours expended by Meridian's
counsel on this litigation and found that it had made a
presumptively reasonable request for compensation. In its

application for an award of attorneys' fees, Meridian restricted itself to the period from January 2008 through March 2009 (the "Period"), a time during which almost all of the work was devoted to Erchonia's trademark claims.  Meridian asserts that it spent approximately 1640 hours in defending this lawsuit during the Period, excluding time that Fish & Richardson determined was not spent on the trademark infringement claims.[1] During the Period, Meridian drafted and responded to discovery requests, conducted its factual investigation, located witnesses, participated in ten depositions, attended conferences, and briefed the summary judgment motion.  As noted in the Report, the hours expended during the Period were increased because of the extra burdens imposed by Erchonia on Meridian.  For example, Meridian was required to travel to Texas to inspect Erchonia documents and had to retake a deposition of an ill-prepared Erchonia witness.  The Report's conclusion that the hours expended during the Period were presumptively reasonable is well-supported and adopted.

Erchonia makes a single objection to this finding of reasonableness.  It points out that Meridian did not show that it actually paid the bills submitted by its counsel.  The Second Circuit Court of Appeals has opined that "the actual billing arrangement is a significant, though not necessarily

---

[1] The total number of hours was approximately 1933.

controlling, factor" in determining a reasonable fee.  Crescent
Publ'g Group, Inc. v. Playboy Enters., Inc., 246 F.3d 142,
151 (2d Cir. 2001).  The court has not, however, declared "a per
se rule that the actual billing arrangement places a ceiling on
the amount the prevailing party can recover . . . especially in
light of the district courts' broad discretion in awarding
fees."  Id.

In support of its application for a fee award, Meridian
submitted the bills it received from its counsel, bills that
were issued monthly and contemporaneously with the work as it
was performed.  None of the bills reflects that any amount
billed in a prior month remained due and owing.  Given that both
the hourly rate and the amount of time expended on legal work
during the Period are reasonable, the absence of a separate
representation from Meridian that it actually paid its billed
attorneys' fees in full is insufficient to undermine a finding
that the entire billed amount is a reasonable basis from which
to build an award of fees in this case.

In the third and final step of its analysis of the request
for an award of attorneys' fees and costs, the Report determined
that Meridian was entitled to recover 69% of the fees and costs
incurred for work performed during the Period.  The total amount
of fees and costs incurred during the Period was roughly
$790,000.  Meridian adjusted this figure by removing roughly 19%

of it as unrelated to the trademark claims, and 15% of the
remaining amount to ensure that the requested amount was indeed
reasonable and to eliminate the need for a line by line
examination of the billing records.  Meridian therefore sought
an award of roughly $506,000 in attorneys' fees and $37,000 in
costs, for a total of $542,308.08.  The Report adopted this
request in full, finding Meridian's approach to be "well-
reasoned, fair, and fully supported."  The Report concluded that
"[e]liminating 31% of the work performed, for purposes of the
fee application, more than adequately accounts for the work
performed on the non-trademark issues."  The Report's conclusion
is adopted in full.

     Erchonia makes three interrelated objections to this
portion to the Report.  It argues that it is unreasonable to
conclude that "almost all work" performed during the Period was
related to the trademark claims when an examination of the
depositions, documents and briefs from the Period would produce
a more "objective" measure of the importance of the false
advertising issues to the work performed during the Period.
Erchonia characterizes the 31% reduction in the fee request as
"modest" and "arbitrary."  Second, Erchonia argues that the
advertising evidence produced in discovery reflects more time
expended on the false advertising claims than can be attributed
to a "modest 15%" reduction.  Finally, in an argument that in

fact supports the Report, Erchonia concedes that Meridian did not focus on the false advertising claim "until late in the case," even though Erchonia was actively pursuing it.

These three objections can be swiftly rejected.  Reducing the fee request by 31% is not a modest reduction and does not represent a judgment that "almost all" of the work performed during the Period related to the trademark claims.  As detailed in the Report, however, and as is confirmed by this Court's supervision of the litigation and finding in the August Opinion, the false advertising claim played only a minor role in this litigation.  It accounted for far less than 31% of the effort expended by counsel during the Period.  Indeed, if it were necessary to estimate the amount of effort that was expended by Meridian during the Period on the false advertising claim, that estimate would be in the neighborhood of 10%, and certainly not more than 15%.  This is in fact confirmed by Erchonia's concession that Meridian did not even focus on the false advertising claim until near the end of the case.

Finally, the two across-the-board reductions are arbitrary, but that does not mean that they result in a request that is unreasonable.  Indeed, Erchonia had an opportunity to, but did not, do a line-by-line analysis and show why a reduction of 31% is insufficient to eliminate any recovery for work on the false advertising claim.  While Erchonia offered a quasi-statistical

analysis based on the number of pages devoted to certain
subjects in deposition transcripts, briefs, and documents
produced in discovery, as explained in the Report, that page
count is not a reliable basis for calculating a fee.  A court
has discretion to impose an across-the-board reduction in fees.
See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 172-73 (2d Cir.
1998).  Two blanket reductions -- that result in an overall
payment of 69% of the total fees incurred -- represent an
extremely generous reduction for work performed on the false
advertising claim and a very conservative approximation of the
portion of the work performed during the Period that is
attributable to Erchonia's trademark infringement claims.

CONCLUSION

Erchonia's objections to the Report are denied following a
de novo review of Meridian's request for attorneys' fees.
Attorneys' fees are awarded in the amount of $505,656.33 and
costs are awarded in the amount of $35,881.62.  The Clerk of
Court shall close the case.

Dated:    New York, New York
          June 15, 2010

                                    _____
                                    DENISE COTE
                                    United States District Judge

8