UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ERCHONIA CORPORATION, f/k/a THERAPY    :
PRODUCTS, INC.                         :      07 Civ. 8696 (DLC)
                    Plaintiff,         :
                                       :          OPINION
        -v-                            :
                                       :
LIONEL BISSOON, M.D., d/b/a            :
MESOTHERAPIE & ESTETIK, MERIDIAN       :
AMERICA MEDICALS, INC., MERIDIAN       :
MEDICAL INC., and MERIDIAN CO., LTD.,  :
                                       :
                    Defendants.        :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Rory J. Radding
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022

For defendants:
Kristen A. McCallion
Fish & Richardson P.C.
601 Lexington Ave
52nd floor
New York, NY 10022

Raymond Richard Castello
Fish & Richardson P.C.
153 East 53rd Street
New York, NY 10022

DENISE COTE, District Judge:

        Plaintiff Erchonia Corporation, f/k/a Therapy Products,

Inc. ("Erchonia") and defendants Lionel Bissoon, M.D., d/b/a

Mesotherapie & Estetik, Meridian Co., Ltd., Meridian Medical

Inc. and Meridian America Medicals, Inc. (collectively, "Meridian") manufacture and market laser devices for medical use. Erchonia and Meridian have used the term "lipolaser" in connection with their respective low-level lasers designed for liposuction procedures. Erchonia brought this action on October 9, 2007 against Meridian for trademark infringement and false advertising. Meridian's motion for summary judgment against all of Erchonia's claims was granted on June 1, 2009, and Erchonia appealed.

In a summary order dated February 22, 2011, the Second Circuit affirmed this Court's decision on summary judgment as to Erchonia's trademark infringement claim and that portion of its false advertising claim relating to the use of scientific photos taken by Dr. Neira (the "Neira Photographs"). Erchonia claimed that the Neira Photographs that appeared in Meridian's marketing materials were a wrongful use of data and research by and for Erchonia.[1]

The Court of Appeals remanded a portion of the false advertising claim pursuant to the procedure articulated in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) (the

---

[1]    Dr. Neira is a cosmetic surgeon who published his research in a medical journal and acknowledged a donation by Erchonia's predecessor to his work. Meridian purchased photographs used in the journal article from the copyright owner. Therapy Prods., Inc. v. Bissoon, 623 F. Supp. 2d 485, 492 (S.D.N.Y. June 1, 2009) ("Summary Judgment Opinion").

"Summary Order").[2]   In remanding, the Second Circuit is seeking clarification for the basis of this Court's decision to grant summary judgment against the "Alternative Bases" for Erchonia's false advertising claim.   The Alternative Bases for Erchonia's false advertising claim were Meridian's advertising regarding (1) how its laser works, (2) the effectiveness of its laser, (3) FDA approval of its laser and (4) who had endorsed its laser.

The Summary Judgment Opinion had addressed the Alternative Bases in a footnote.   The footnote stated

> Erchonia argues that this false advertising claim
> should also include statements Meridian made about how
> its own lipolaser works, how effective it is, whether
> it has FDA approval, and who has endorsed it.   Because
> Erchonia gave Meridian no notice of these claims until
> Shanks's October 3, 2008 deposition, Locander's expert
> report dated October 27, and the responses to
> interrogatories served on November 17, and fact
> discovery closed on October 10, 2008, these new claims
> are rejected as untimely and shall not be considered.

Summary Judgment Opinion at 496 n.11.

The mandate issued on March 16, 2011.   On March 21, this Court endorsed a plan jointly submitted by the parties providing for letter briefing on the remanded issue.   That briefing was fully submitted on May 5.

---

[2]    Under 28 U.S.C. § 2106, the Court of Appeals is authorized to order this Court to supplement the record and specify certain conditions that will return a case to its jurisdiction.   United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).

BACKGROUND

Familiarity with the Summary Judgment Opinion is presumed. The following additional information responds to the Circuit's request for clarification.  In brief, during the discovery period, Erchonia principally pursued its trademark claim. Erchonia did give Meridian timely notice that it had a false advertising claim, but that notice was of a claim associated with the Neira Photographs.  It was only in the one week before the end of the fact discovery period that Erchonia, through a second deposition of the witness it produced pursuant to Federal Rule of Civil Procedure 30(b)(6), provided notice of Meridian of the Alternate Bases for its false advertising claim.

I.   Complaint and Initial Conference

Erchonia's October 9, 2007 complaint (the "Complaint") alleged in paragraph 18 that the Meridian plaintiffs had "wrongfully used data and research developed by and for [Erchonia] as if it were their own and have used these materials to falsely advertise and promote their products to the consuming public."  In paragraph 20, Erchonia alleged that Meridian's "commercial use of Erchonia's Mark in . . . their advertising, websites, brochures and other marketing materials that promote their [lasers] constitute a false and misleading representation

4

of their services."[3]  The Complaint did not refer to any
particular advertisements or indicate what in those
advertisements was allegedly false or misleading.

On March 28, 2008, an initial pretrial conference was held
pursuant to Federal Rule of Civil Procedure 16.  In the joint
case management conference statement (the "Joint Case Management
Statement") submitted by the parties in anticipation of that
conference, Erchonia laid out the "factual and legal bases for
[its] claims" for its trademark infringement and dilution
claims.  No mention was made of the factual bases for the false
advertising claim, even when generously read.  Joint Appendix
Volume V, A-242-44 ("JA-V-242-44").[4]  Accordingly, Meridian's
statement of defenses in the Joint Case Management Statement
does not address a false advertising claim.  JA-V-244-46.

At the conference itself, the discussion focused on
Erchonia's trademark claim and Erchonia made no mention of the
false advertising claim, much less of the Alternative Bases for
that claim.  Erchonia expected to take four depositions;
Meridian planned to take at most five.  Based on the description
of the issues at stake in the litigation contained in the Joint

---

[3]    In paragraph 8 of the Complaint, "Mark" is defined as "the
trademark LIPOLASER."

[4]    For ease of reference, this Opinion will refer to the Joint
Appendix submitted by the parties to the Second Circuit on
appeal.

Case Management Statement and presented orally at the
conference, the parties and Court agreed upon a schedule for
discovery.  An order memorializing the schedule discussed at the
conference was issued on April 1, setting the end of fact
discovery for June 30, the end of expert discovery for September
26, and the filing of either a summary judgment motion or the
joint pretrial order on October 24.

     The parties have not identified any material produced by
Erchonia in its initial disclosures pursuant to Rule 26, Fed. R.
Civ. P., that gave notice to Meridian of the Alternative Bases
for its false advertising claim.  Rule 26(a)(1) required
Erchonia to produce, inter alia, any documents that Erchonia had
in its possession that it "may use to support its claims."  Fed.
R. Civ. P. 26(a)(1)(A)(ii).

II.  First 30(b)(6) Deposition

     On May 22, 2008, Meridian noticed a deposition pursuant to
Federal Rule of Civil Procedure 30(b)(6) of a witness that could
speak on behalf of Erchonia on certain designated topics.  JA-V-
435-40.  The first topic noticed for that deposition was "[t]he
allegations in Erchnoia's Complaint in the Action, and evidence
supporting these allegations."  JA-V-438.  Erchonia produced
Steven Shanks ("Shanks"), Erchonia's president, on June 3, 2008,
for this 30(b)(6) deposition.  When asked about the "basis" for
paragraph 20 in the Complaint that Meridian's "commercial use of

6

Erchonia's Mark in . . . their advertising, websites, brochures
and other marketing materials that promote their [lasers]
constitute a false and misleading representation of their
services," Shanks answered, "the press releases they put out,
the advertising that they put out on their results, websites,
brochures.  Obviously again they're using our research, our
doctors.  Their theory of explanation coming from research that
was done with us."  JA-I-195 (85:4-23).  When asked, what of
those materials "constitute a false and misleading
misrepresentation," Shanks responded "[their] press releases."
He later added without elaboration that Meridian was
"advertising results that they're getting with clinical trials
[that was] not what they're getting."  JA-I-196 (86:4-87:3).

     With fact discovery scheduled to end on June 30, Erchonia
conducted all of its fact depositions between June 4 and 13.
The parties have not identified any portions of those
depositions, any requests for documents or any other discovery
other than that mentioned below, that might have revealed to
Meridian that Erchonia was exploring the Alternative Bases for
its false advertising claim.  As significantly, Erchonia has not
identified any discovery that it took of Meridian that would
have assisted Erchonia in proving a false advertising claim
based on the Alternative Bases.

     On July 17, 2008, by joint request of the parties and due

to a delay in service on defendant Meridian Co., Ltd., a foreign
corporation, an amended scheduling order was issued extending
some of the pretrial deadlines.  Fact discovery was extended to
October 10, 2008, expert discovery to December 12, 2008, and any
summary judgment motion or joint pretrial order was required to
be filed by January 16, 2009.

III. September 9 Conference Regarding Contention Interrogatories

On September 9, 2008, a telephone conference was held with
the parties to resolve various discovery disputes.  Among these
disputes was Erchonia's service of interrogatories on Meridian,
and Meridian's objection that these violated S.D.N.Y. Local Rule
33.3 ("Rule 33.3").  During the conference, the Court reviewed
the interrogatories and determined that some were proper under
Rule 33.3(b) because they sought information that was more
practically retrieved through interrogatories, rather than
through document production or a deposition.  Other
interrogatories, the Court found, would only be proper under
Rule 33.3(c), which provides that "[a]t the conclusion of other
discovery, and at least 30 days prior to the discovery cut-off
date, interrogatories seeking the claims and contentions of the
opposing party may be served unless the Court has ordered
otherwise."  Following Rule 33.3, the Court ordered that such
contention interrogatories could be served by Erchonia only once
it had finished taking discovery from Meridian, and stated

generally that contention interrogatories could be served only after fact discovery had been completed.  The Court also indicated that it was inclined to enforce the October 10, 2008 date to conclude fact discovery unless the parties agreed to an extension of that date.

IV.  Second 30(b)(6) Deposition

On September 19, 2008, Meridian again noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of a witness that could speak on behalf of Erchonia on certain designated topics.  JA-IV-470-73.  Among the topics in this notice was "[i]dentification of each false and misleading representation by Defendants, on or in advertising, websites, press releases, brochures and other marketing materials, alleged and relied upon by Erchonia, and the damage resulting therefrom."  JA-IV-472.  Fact discovery was due to conclude on October 10 and the second 30(b)(6) deposition of an Erchonia witness occurred one week prior to that cut-off date.

At Shanks's second deposition on October 3, Shanks testified that he could speak more about Erchonia's bases for the false advertising claim "because [he] studied the subject more" since his first deposition in June.  JA-V-752 (40:16).  He testified that the bases of the claim were "[f]alse statements as far as FDA; false statements as far as results; false statements as far as research; false statements as far as using

9

our research to correlate it to their product like their product
would work; buying Dr. Neira's research and claiming a right to
the copyright because they bought the article." JA-V-753
(43:10-17).  In the course of discussing advertisements that he
believed included false and misleading statements, Shanks
testified that no one had testified about them before and that
he had brought them to refer to at the deposition.  JA-III-282
(88:13-20); JA-V-753 (43:15-17).

V.   Contention Interrogatories and Expert Discovery

On October 10, one week after Shanks testified for a second
time for Erchonia as a 30(b)(6) witness, Meridian served
contention interrogatories on Erchonia.  The phase for expert
discovery began the next day, and Erchonia produced the report
of its expert Dr. William B. Locander ("Locander") on October
27.  Locander's expert report included a section on "false
advertising/promotion." JA-II-76-78.

Three weeks later, on November 17, Erchonia served its
response to the October 10 contention interrogatories.  JA-III-
467-90.  Included in Erchonia's contentions were the bases for
its false advertising claims as described in the October 3
deposition of Shanks and the Locander expert report.  JA-III-
478, 484-86.  Locander was deposed on December 17.

VI.  Summary Judgment Practice

On January 30, 2009, both Erchonia and Meridian filed

10

motions for summary judgment.  Erchonia's motion was fully
submitted on February 26, and Meridian's motion on March 3.  In
its motion for summary judgment, Meridian took issue with the
multiple bases for liability under a false advertising claim
that Locander's report had asserted, and argued that it did not
have proper notice of these bases.  Meridian argued, <u>inter alia</u>,
that the Alternative Bases had no basis in the Complaint and
that it was only on notice that its use of the Neira Photographs
provided a basis for Erchonia's false advertising claim.

In opposition, Erchonia stated that its Complaint put
Meridian on notice of its false advertising claim and that
Shanks's October 3 deposition, Locander's expert report, and
Erchonia's November 17 contention interrogatory responses "laid
out in detail every allegation of false advertising or
misleading conduct upon which its claim is based."  Erchonia did
not argue that any discovery produced any earlier than the
October 3 deposition gave Meridian notice of the Alternative
Bases, nor that the Court's order enforcing Rule 33.3 extended
fact discovery past October 10.  In its own summary judgment
motion, Erchonia did not seek summary judgment on its false
advertising claim -- or mention it at all.

The Summary Judgment Opinion was issued on June 1.
Erchonia filed its notice of appeal on July 1.  In its summary
order the Court of Appeals noted that:

Although Appellant's complaint pleaded generally that
Appellees had "wrongfully used data and research
developed by and for Plaintiff as if it were their own
and have used these materials to falsely advertise
their products," the district court limited Erchonia's
false advertising claim only to Meridian's use of
certain scientific photos produced in connection with
trials of E[r]chonia's laser.  In support of its
decision, the district court opined in a single
footnote that Meridian had insufficient notice of the
alternate bases of liability since Erchonia did not
provide notice of these bases until one week before
discovery closed.  However, the district court also
noted that certain documents common to discovery,
including responses to interrogatories, were served
approximately five weeks after the purported end date
of discovery.  Because it is unclear, <u>inter alia</u>, when
discovery actually ended, the record before us
provides an insufficient basis on which to determine
whether the district court properly dismissed the
relevant portions of Erchonia's false advertising
claim, and we remand to the district court for
clarification on this point.


DISCUSSION

I.   The Complaint Did Not Provide Fair Notice of the
     Alternative Bases.

     A claim must be set forth in the pleadings in order to give

a defendant fair notice of the nature of the plaintiff's claim.

<u>See</u> Fed. R. Civ. P. 8(a); <u>Conley v. Gibson</u>, 355 U.S. 41, 47

(1957).  Under the more exacting standard promulgated by

<u>Twombly</u>, the Supreme Court found that a complaint must "satisfy

the requirement of providing not only fair notice of the nature

of the claim, but also grounds on which the claim rests."  <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 n.3 (2007).

Indeed, "the central purpose of a complaint is to provide the
[opposing party] with notice of the claims asserted against it."
Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir.
2006).  "[O]nce a claim has been stated adequately, it may be
supported by showing any set of facts consistent with the
allegations in the complaint."  Twombly, 550 U.S. at 562
(emphasis added).  Therefore, a plaintiff's argument in opposing
summary judgment that it is entitled to relief under a claim
based on alternate factual grounds not raised in its complaint
is untimely.  Id.

     The Complaint put Meridian on notice that Erchonia was
alleging that Meridian's use of the word "lipolaser" (paragraph
20) and Meridian's use of Erchonia's "data and research"
(paragraph 18) were the bases of Erchonia's false advertising
claim.  No more particular facts were alleged, and nothing in
the Complaint could be construed to suggest that instead of, or
in addition to, use of the word "lipolaser" and Erchnoia's
research that Erchonia intended to allege the Alternative Bases,
that is, that Meridian's false advertising included statements
about how Meridian's laser worked, the effectiveness of
Meridian's laser, Meridian's receipt of FDA approval, or
Meridian's endorsements.

II.  Pretrial Proceedings and Discovery Did Not Provide Notice.
     Erchonia did not provide Meridian with notice of the

13

Alternative Bases for its false advertising claim until the last
minute of the fact discovery period.  Erchonia did not describe
any bases for its false advertising claim at the initial
pretrial conference or in its section of the Joint Case
Management Statement.  Neither party has identified anything in
Erchonia's initial disclosures that would have put Meridian on
notice of the Alternative Bases, even though Erchonia was
required to provide "a copy . . . of all documents,
electronically stored information, and tangible things that the
disclosing party has in its possession, custody, or control and
may use to support its claims."  Fed. R. Civ. P.
26(a)(1)(A)(ii).

Erchonia's 30(b)(6) witness, Shanks, was required to
testify about "[t]he allegations in Erchonia's Complaint in the
Action, and evidence supporting those allegations."  Shanks's
deposition was Meridian's opportunity to discover which facts
Erchonia intended to pursue to support its claims, and through
this discovery, tailor its later discovery requests and post-
discovery motion practice.  Shanks's deposition gave Meridian no
notice of the Alternative Bases of its false advertising claim.
After providing a vague answer and being pressed for more
details at his June 3 deposition about the factual basis of this
claim, Shanks was only able to cite to Meridian's alleged use of
Erchnoia's research and doctors, echoing the limited statements

14

already in the Complaint.  Broadly construed, Shanks's vague
statements gave Meridian notice only that its use of the Neira
Photographs, a form of Erchonia's "data and research," would be
the factual basis for Erchonia's false advertising claim.[5]

Erchonia attempts to excuse Shanks's omission of any
reference to the Alternative Bases in his first deposition by
referring to the wording of the two notices of deposition.
Erchonia claims that only the September 19 notice for a second
30(b)(6) deposition, which included as a topic "[i]dentification
of each false and misleading representation by Defendants, on or
in advertising, websites, press releases, brochures and other
marketing materials, alleged and relied upon by Erchonia, and
the damage resulting therefrom," sought information on the bases
for the false advertising claim.  At the second deposition,
Erchonia's counsel, in an extended narrative objection, claimed
that "[t]he [June 3 deposition] was as an individual, as I
recall -- or it was not on this topic.  That's why you noticed

_____

[5]     Erchonia implies in a footnote that notice might have been
given earlier if it had been allowed to serve the
interrogatories it sought to serve in mid-July 2008 without
objection from Meridian or this Court's intervention.  As
described above, the interrogatories that the Court required to
be served later were contention interrogatories, which Rule
33.3(c) clearly provides should be served "[a]t the conclusion
of other discovery."  In mid-July, fact discovery was still
ongoing.  Furthermore, Erchonia has not made any showing of how
Erchonia's contention interrogatories of Meridian would have
provided Meridian any notice of the Alternative Bases of
Erchonia's false advertising claim.

this topic because you failed to ask him earlier.  That's what
he's prepared for at this deposition. . . .  But this is your
opportunity to ask the company for information regarding" the
factual bases for the false advertising claim.  JA-V-752 (40:19-
23).  Erchonia's counsel's statement at the second Shanks
deposition, which is repeated in its briefing on this remand,
does not accurately describe the first deposition.

In his first deposition, Shanks also testified as a Rule
30(b)(6) witness, and the May 22 notice of that deposition
clearly asked for a witness prepared to speak on the evidence
supporting all the allegations in Erchonia's Complaint without
limitation.  As this Court found in granting Meridian's
application for attorneys' fees, and based on the report and
recommendation of Magistrate Judge Katz, the second deposition
of Shanks was necessary because Shanks was ill-prepared for his
initial deposition.  Erchonia Corp. v. Bissoon, No. 07 Civ. 8696
(DLC), 2010 WL 2541235, at *1 (S.D.N.Y. June 15, 2010); Therapy
Prods. V. Bissoon, No. 07 Civ. 8696 (DLC)(THK), 2010 WL 2404317,
at *6 (S.D.N.Y. Mar. 31, 2010).  Therefore, Erchonia bears full
responsibility for failing to provide notice of the Alternative
Bases to Meridian through the first deposition of Shanks.
III. Notice of Alternative Bases Was Untimely Provided.

There is no dispute that, as described in the Summary
Judgment Opinion, Shanks's second deposition put Meridian on

16

notice of the Alternative Bases for the false advertising claim. Nor is there any dispute that the Locander report served on October 27, 2008 and the contention interrogatory responses served on November 17, 2008 also provided Meridian notice of the Alternative Bases.  The issue to be addressed in this Opinion is what effect this belated notice should have on these claims. That is, how did this late notice affect the rest of discovery? And what prejudice did Meridian suffer by it?  The short answer is that Meridian was provided notice of the Alternative Bases at the very end of fact discovery, when it was unable to properly respond and defend against them.[6]

One of the reasons that the Federal Rules impose the duty on a party to provide fair notice of its claims is that an adversary, and indeed the court, rely on such notice in crafting a discovery plan and in budgeting resources.  If the Alternative Bases for the false advertising claim had actually been a genuine part of Erchonia's claims, they would have transformed the fact discovery conducted by both Erchonia and Meridian. Erchonia would have wanted Meridian documents and testimony related to each of the four Alternative Bases and Meridian would have had to decide how to allocate its litigation budget to meet

---

[6]     Erchonia's repeated characterization of this Court's finding that Meridian did not have notice of the Alternative Bases as "sua sponte" notwithstanding, this issue was raised by Meridian in its summary judgment brief and responded to by Erchonia in its opposition to summary judgment.

those demands.  In all likelihood it would have transformed
expert discovery as well.  For example, Meridian and Erchonia
would in all likelihood have had to consider retaining experts
on the design and effectiveness of the Meridian lipolaser.

Thus, if this Court were to find that Shanks's second
30(b)(6) deposition in the final week of the fact discovery
period gave timely notice of the Alternative Bases of the false
advertising claim, then in fairness to both Erchonia and
Meridian the fact discovery period would have had to be extended
for a significant period of time to allow the parties to revise
their discovery plans and conduct full discovery of these
claims.  Such expense and delay runs afoul of Rule 1 of the
Federal Rules of Civil Procedure and should not be readily
entertained.  Herbert v. Lando, 441 U.S. 153, 177 (1979). ("the
discovery provisions, like all of the Federal Rules of Civil
Procedure, are subject to the injunction of Rule 1 that they be
construed to secure the just, speedy, and inexpensive
determination of every action").

Erchonia suggests, however, that fact discovery did not
conclude on October 10, but had been extended for at least five
weeks because of the contention interrogatories that Meridian
served on Erchonia.  Five weeks, of course, would have been
insufficient to conduct discovery on the Alternative Bases.
But, this argument misunderstands the role of contention

interrogatories in the Southern District of New York.

Pursuant to the Federal Rules of Civil Procedure, the Southern District of New York has established Local Rules that limit the use of interrogatories.  See Fed. R. Civ. P. 33(a)(2) ("the court may order that the interrogatory need not be answered until designated discovery is complete").  The Local Rules reflect a preference for other forms of discovery, such as depositions and document requests.  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.")  Among the reasons for this preference is "the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes."  Id.  Therefore, the Local Rules provide that

> at the commencement of discovery, interrogatories will
> be restricted to those seeking names of witnesses with
> knowledge of information relevant to the subject
> matter of the action, the computation of each category
> of damage alleged, and the existence, custodian,
> location and general description of relevant
> documents, including pertinent insurance agreements,
> and other physical evidence, or information of a
> similar nature.

Rule 33.3(a).  Furthermore, the only other interrogatories to be served "during discovery," other than those described in Rule

33.3(a), are those that are either "a more practical method of
obtaining the information sought than a request for production
or a deposition" or "ordered by the Court."  Rule 33.3(b).
Finally, the Local Rules provide for a special kind of
interrogatory, the contention interrogatory:

> At the conclusion of other discovery, and at least 30
> days prior to the discovery cut-off date,
> interrogatories seeking the claims and contentions of
> the opposing party may be served unless the Court has
> ordered otherwise.

Rule 33.3(c).  These provisions of Rule 33.3, read together,
establish a policy that most discovery should be conducted
through depositions and document requests, with interrogatories
providing specific disclosures that are helpful at the beginning
and end of discovery.

     In this District, contention interrogatories, unlike other
types of discovery, are not designed to reveal new information
to the opposing side.  Rather, they are "designed to assist
parties in narrowing and clarifying the disputed issues" in
advance of summary judgment practice or trial.  Kyoei Fire &
Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126,
157 (S.D.N.Y. 2007) (citation omitted); see also 7 James Wm.
Moore, et al., Moore's Federal Practice § 33.02(2)(b) (3d ed.
2007) ("The better view is that contention interrogatories are
appropriate, but only after both sides have had an opportunity
to conduct discovery."); Fed. R. Civ. P. 33 advisory committee's

note, 1970 amendment, subdivision (b) ("requests for opinions or contentions . . . can be most useful in narrowing and sharpening the issues").  Rule 33.3(c) reflects this view, as it calls for contention interrogatories to be served only at the end of other fact discovery.  The particular timing Rule 33.3(c) recommends -- that contention interrogatories be served at least thirty days before the end of discovery but after other discovery has been completed -- anticipates that in the normal course, responses to contention interrogatories will be due at the very end of the fact discovery period.  See Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.").  Therefore, the Local Rules do not anticipate that parties will use contention interrogatories to develop new information or provide notice of claims that could be followed by new rounds of other discovery.

Due to the special function of contention interrogatories in the Southern District of New York, Meridian's receipt of contention interrogatory responses is not a de facto extension of fact discovery for the purposes of finding that Meridian had adequate and timely notice of the Alternative Bases.  In addition, other than the service of contention interrogatory responses, no fact discovery took place after the discovery cut-off date.  Therefore, the Court's September 9 order that each

party should wait to serve their contention interrogatories
until after they had completed requesting other discovery from
their opponent did not extend the cut-off date for fact
discovery.

Erchonia's argument that Meridian objected to "exchang[ing]
contention interrogatories at least 30 days prior to the close
of discovery" and that the Court "directed both parties to serve
contention interrogatories at the very end of fact discovery,"
misstates both Meridian's objection and the Court's ruling and
downplays Erchonia's lack of diligence in discovery which
created the procedural confusion.  The September 9 telephone
conference addressing the timing of interrogatories was
necessary because Erchonia had served interrogatories in mid-
July seeking information not encompassed by Rule 33.3(a).  Among
other things, Meridian objected to interrogatories being served
in violation of Rule 33(c) -- Erchonia was not finished taking
fact discovery when it served its contention interrogatories,
and it had sought to serve them in mid-July, more than two
months prior to the end of fact discovery.  Furthermore,
Meridian had not expressed any intention to serve its own
interrogatories in the middle of discovery, so Erchonia's
statement that Meridian objected to "exchanging" interrogatories
at that time is misleading.

During the telephone conference, this Court ordered that

22

both parties should follow Rule 33(c) in serving contention interrogatories, and wait to serve them until they had finished taking other discovery from their opponent.  The fact that this order would require that Meridian serve contention interrogatories close to the cut-off date for fact discovery was due to Erchonia's lack of preparation of its main witness, Shanks, which required there to be a second 30(b)(6) deposition late in the fact discovery period.  Erchonia cannot take advantage of its own lack of diligence in complying with discovery in the first several months of discovery in order to argue now that there was a de facto extension of fact discovery that should permit its belatedly-asserted claims to go forward.


CONCLUSION

      For the reasons described above, Meridian was not given timely and adequate notice of the Alternative Bases -- that is, notice through the Complaint or fact discovery that would have allowed Meridian to tailor its discovery strategy and defend against the Alternative Bases in summary judgment motion practice or trial.  Pursuant to the Second Circuit's February

22, 2011 Summary Order, a party must inform the Second Circuit

Clerk of Court within fourteen days of this Opinion if it wishes

to continue this appeal.

Dated:      New York, New York
            August 26, 2011

                                _____
                                       DENISE COTE
                                United States District Judge